# EXHIBIT B



**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

Dear Counsel:

      If you would like to have this case considered for possible early settlement by the Early Intervention Unit of the Tort Division, the following items (as applicable) should be forwarded to the attention of Millicent Nicholas-Richards via email to mnichola@law.nyc.gov.

### IN ALL CASES COPIES OF THE FOLLOWING ITEMS MUST BE PROVIDED:

1. Notice of Claim and Filed Summons & Complaint.
2. Aided Card, if prepared.
3. UF18 - City Involved Accident Report, if prepared.
4. All medical and hospital records, including ambulance call report, first treatment, full emergency room record, operative and radiology reports, treating physician(s) reports, physical therapy records, etc.
5. Photographs (duplicates, color or laser copies preferred) of the location and of injuries, if scarring is claimed.
6. Proof of any special damages claimed.
7. Any other item(s) that you believe pertinent to an early resolution of your case.
8. Social Security number and any other Medicare information – see attached notice

### ALLEGED TRIP AND FALL ON A SIDEWALK OR ROADWAY

1. Most recently dated Big Apple map.
2. Any other documents that the plaintiff will rely upon to prove prior written notice.

### MOTOR VEHICLE ACCIDENT CASES

1. Police Accident Report.
2. Agency incident/accident report, if prepared.
3. Repair bills and/or estimates.
4. If the accident involves traffic light or stop sign, any documentation that the plaintiff will rely upon to prove notice.

### ALLEGED PREMISES LIABILITY

1. Copies of any documents that plaintiff will rely on to establish ownership of the premises.
2. Prior complaints.
3. Accident/incident reports.

### DEPARTMENT OF EDUCATION CASES

1. Accident and/or incident report and attachments, if any.

2. Custodian reports.
3. Teacher(s) statements/reports.
4. Witness statements.

## **ALLEGED POLICE MISCONDUCT**

1. Any police reports in your possession.
2. Arrest Report, Complaint report, follow-up reports and photographs.
3. Certified copy of the disposition of any criminal proceedings.
4. If entitlement to reimbursement of legal fees is claimed, copies of any bills incurred.

## **ALLEGED PROPERTY DAMAGE**

1. Photographs (duplicates, color or laser copies preferred) depicting the items alleged to have been damaged, prior and subsequent to the damage.
2. Original purchase receipts, cancelled checks, and/or charge slips for the items alleged to have been damaged.
3. Appraisals, warranties, etc.
4. Copies of any insurance agreements pertaining to property damages and/or loss.

Please be advised that all of the above materials must be sent in order to have your case considered for possible early settlement - **incomplete cases cannot be considered.** Within 30 days after receipt of the above materials via email, you will be contacted to discuss the case further. ***Counsel appearing at the conference must have settlement authority and be prepared to establish liability and damages.***  If you have any questions, you may contact Nancy A. Goldbach directly by email to ngoldbac@law.nyc.gov.

Very truly yours,

Nancy A. Goldbach



The City of New York
LAW DEPARTMENT
Office of the Corporation Counsel
Tort Division
Medicare Compliance and Recovery Unit
100 Church Street, 4th Floor
New York, NY 10007-2668

medicare@law.nyc.gov

**GEORGIA M. PESTANA**
*Corporation Counsel*

December 7, 2021

COHEN & GREEN P.L.L.C
1639 Centre St., Suite 216
Ridgewood, New York 11385

Re:     SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU
and DANIEL MAIURI v. THE CITY OF NEW YORK; NEW YORK
CITY MAYOR BILL DE BLASIO; NEW YORK POLICE
DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA;
NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD
ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL BUREAU
SERGEANT KENNETH RICE; NYPD OFFICER KHALID
KHACHFE; NYPD OFFICER FIRST NAME UNKNOWN ("FNU")
DORCH; NYPD OFFICER RAUL FLORES; NYPD DETECTIVE
NELSON NIN; and NYPD MEMBERS JOHN AND JANE DOES # 1-
94     Law Dept. File No: 2021-001811

Dear Counselor:

We write to request that you provide us with certain personal identifying information
about each plaintiff you represent in this lawsuit in order for us to determine whether they are a
Medicare recipient(s). Specifically, we need each plaintiff's date of birth, gender, and Social
Security number or Health Insurance Claim Number (HICN), also known as the Medicare
number. This information will be used by the Law Department to obtain plaintiff's Medicare
status via a database established by the Centers for Medicare & Medicaid Services ("CMS") for
this purpose.1

---

1 CMS has developed a "query process" under which a responsible reporting entity (RRE) (such as the City in this
case) can determine a claimant's Medicare status electronically, as long as the RRE has access to the claimant's

Information about a plaintiff's Medicare status is required by the City in order to comply with federal Medicare laws.  Self-insured liability entities (such as the City of New York) are considered "primary plans" under the Medicare laws and are, therefore, required to report to CMS all monetary recoveries obtained by Medicare-eligible plaintiffs in personal injury lawsuits. See Medicare Secondary Payer Act (MSPA) 42 U.S.C. 1395y(b)(8)(A)(i); Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 (D. Neb. Apr. 22, 2010 ) ("the Extension Act adds new mandatory reporting obligations to the Medicare Secondary Payer Act ("MSPA") requiring . . . self-insurers to provide detailed information regarding all liability settlements or open claims with ongoing responsibility for medical treatment with Medicare beneficiaries to the Centers for Medicare and Medicaid Services ("CMS")"). Torres v Visto Realty Corp., 2015 N.Y. App. Div. LEXIS 3216, 1-2 (1st Dep't 2015) ("plaintiff did not satisfy his obligations  under CPLR 5003-a, since he failed to provide defendant with the information relating to his Medicare status that defendant requires to comply with its reporting obligations under 42 USC § 1395y") (citations omitted); Bey v. City of New York, 2013 U.S. Dist. LEXIS 15597, at *5-6 (E.D.N.Y. Feb. 5, 2013) (same.).  Thus, the City needs to ascertain plaintiff's Medicare status for the purposes of satisfying its reporting obligations.

Additionally, the City also requires the personal identifying information to resolve any outstanding Medicare claims before issuing payment on settlements.   See MSPA, 42 U.S.C. 1395y(b)(2)(B)(ii) ("a primary plan's responsibility for such payment may be demonstrated by a judgment [or settlement] . . .  for items or services included in a claim against the primary plan . . . ."); see also Torres v. Hirsch Park, LLC, 91 AD.3d 942 (2nd Dep't 2012) ("the authorizations that the Supreme Court directed the plaintiff to provide are necessary for the defendant to comply with its statutory duty to report the identity of a claimant who is entitled to Medicare benefits (see 42 USC 1395y[b][8]) and to determine the existence of potential subrogation claims [under federal law]") (citations omitted); Liss v. Brigham Park Coop Apts., 264 A.D.2d 717 (2d Dep't 1999) (because the Federal government has a right of action directly against the defendant for recovery of its lien, it was "incumbent upon plaintiff to resolve the lien and give the defendant a release.")

Indeed, the responsibility of assuring reimbursement of Medicare claims extends to all entities involved in the underlying liability action, including the plaintiff's counsel. CFR § 411.24(g); United States v. Harris, 2009 U.S. Dist. LEXIS 23956 (N.D. W. Va. Mar. 26, 2009) (holding that plaintiff's attorney is liable to Medicare for unpaid liens because he disbursed settlement funds in a liability case to his client without first reimbursing Medicare for its claims).  Thus, it is to all parties' benefit to ascertain a plaintiff's Medicare status as early as possible so as to resolve any existing Medicare claims and facilitate payment of settlements.

In view of the foregoing, we ask that you promptly submit to us the requested information.  If you know for a fact that your client presently receives Medicare, you should immediately (1) notify Medicare of the pending lawsuit;[2] (2) provide the Law Department with

---

name, date of birth, gender and social security number. Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 at *13 (D. Neb. Apr. 22, 2010).

[2]  If you have never notified Medicare about this injury claim before, the first step is to report the injury to the Benefits Coordination & Recovery Contractor (BCRC) at P.O. Box 138897, Oklahoma City, OK 73113-8897, or by telephone at 1-855-798-2627.  A case identifier will be established, and you will then receive a correspondence from the BCRC concerning any conditional payments made by Medicare on your client's behalf for the injuries underlying this case.  BCRC is the agency that will issue final demand letters on amounts due Medicare.  More

plaintiff's Medicare identification number and/or social security number; (3) obtain conditional and final payment information from Medicare and (4) provide copies of any correspondences to the City.  If future medical care for plaintiff is anticipated, you may also need to consider a Medicare set-aside instrument for payment of future medical costs;[3]

If plaintiff was insured under a Medicare Advantage Plan ("MAP") under Part C of the Medicare Act at any time after the incident at issue here, plaintiff should notify the City about the MAP coverage, and also inform the MAP(s) of this lawsuit.  Recent New York decisions have held that a MAP provider can pursue recovery of its reimbursement and/or subrogation claims in the same manner as traditional Medicare.  See Potts v. Rawlings Co., LLC, 897 F. Supp. 2d 185 (S.D.N.Y. 2012); Trezza v Trezza, 104 A.D.3d 37, 48 (2d Dep't 2012) ("Based on the express preemption provision set forth in 42 USC § 1395w-26(b)(3), as well as the regulations set forth in 42 CFR 422.108(f), we hold that General Obligations Law § 5-335, insofar as applied to Medicare Advantage organizations under Part C, is preempted by federal law since it would impermissibly constrain contractual reimbursement rights authorized under the "Organization as secondary payer" provisions of the Medicare Act.").  Moreover, several federal courts have ruled that a MAP provider can also bring a federal action to collect on its liens under 42 U.S.C. § 1395y(b)(3)(A)  - and can seek double damages thereunder.  See In re Avandia Mktg., 685 F.3d 353, 360 (3d Cir. Pa. 2012); Collins v. Wellcare Healthcare Plans, Inc., 2014 U.S. Dist. LEXIS 174420 (E.D. La. Dec. 16, 2014).  The City, therefore, will require resolution of any Medicare-related claims as a condition to any settlement in this matter, regardless whether the claims are asserted by the government under a traditional Medicare plan or by a MAP under a Medicare Part C.

Thank you for your attention to the foregoing.  Should you have any questions, feel free to contact the City's Medicare Compliance Unit at medicare@law.nyc.gov.

**PLEASE BE ADVISED THAT WE CANNOT FINALIZE ANY SETTLEMENT WITH A CURRENT MEDICARE RECIPIENT WITHOUT FIRST RESOLVING MEDICARE'S CLAIM.**

Very truly yours,

Medicare Compliance Officer

Encl.

---

detailed information concerning the foregoing procedures can be found at   http://go.cms.gov/cobro  by clicking on the links to the left of the screen entitled 'Non-Group Health Plan Recovery' and 'Reimbursing Medicare'. There is also a portal on this website, the Medicare Secondary Payer Recovery Portal (MSPRP) that allows registered users to access and update certain case-specific information online, including an electronic conditional payment letter. Please visit the website for information as how to register for this service.

[3] You should be aware that if CMS determines that Medicare's future interests were not adequately protected, CMS may require that plaintiff expend up to the entire amount of the settlement on Medicare-covered expenses related to the injury claimed in this lawsuit before Medicare will provide coverage for the further treatment of such injury. See Cribb v. Sulzer Metco (US) Inc., 2012 U.S. Dist. LEXIS 134900 (E.D.N.C. Sept. 5, 2012); Sipler v. Trans Am Trucking, Inc., 881 F. Supp. 2d 635, 638 (D.N.J. 2012).  Accordingly, we suggest that plaintiff evaluate her future medical needs with her physicians and consider creating a Medicare set-aside instrument at the appropriate time.



**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

December 7, 2021

COHEN & GREEN P.L.L.C
1639 Centre St., Suite 216
Ridgewood, New York 11385

           Re:  <u>SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU and DANIEL MAIURI</u>
               <u>v. City of New York</u>
               County:  Bronx  Ct. Index No.:  811943/2021e
               Our File No.:  2021-001811

Dear Counselors:

       This office is unable to evaluate and review your client's claims against THE CITY OF NEW YORK, NEW YORK CITY MAYOR BILL DE BLASIO,  NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA,   ("CITY") without duly executed authorizations permitting the CITY to review records pertaining to your client's arrest, incarceration, and or criminal proceedings.  A review of the file in the above named action reveals that you have yet to provide said authorizations.  In order to facilitate the discovery process, please provide this office with the following:

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy the records, transcripts and certificates of disposition of any criminal proceedings concerning the claims alleged in the complaint;

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy all records, created by, or in the possession of, the New York City Police Department, relating to the claims alleged in the complaint; and

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy all records, created by, or in the possession of, the District Attorney's Office, relating to the claims alleged in the complaint.

       Enclosed is a blank authorization for your convenience.  Please copy and have your client complete a separate original authorization for the New York City Police Department, District Attorney's Office, and the unsealing of related criminal court records and return them to the New York City Law Department, 100 Church Street, New York, NY 10007 at your earliest convenience.  NOTE: - For cases with more than one plaintiff please copy the blank authorization supplied herewith and return a separate set of completed authorizations *for each plaintiff* alleging other than only loss of consortium claims. Thank you for your anticipated cooperation.

                                   Very truly yours,

                                     GEORGIA M. PESTANA
                                     Corporation Counsel

## CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50

Whereas, I, _____, residing at

_____, date of birth: _____, and

Social Security # _____, NYSID # _____, having caused a notice of claim to be filed or commencing an action/lawsuit against THE CITY OF NEW YORK, NEW YORK CITY MAYOR BILL DE BLASIO,  NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA, , demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim/action/lawsuit, to keep sealed the records of my arrest on or about June 4, 2020 and prosecution, including all records maintained by law enforcement agencies, criminal courts, and/or district attorney's office.  If my case proceeded in the criminal courts, the docket # was

_____.


Whereas, it is necessary for the above named defendant(s) to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claims, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.  I specifically authorize the New York City Police Department; Bronx County District Attorney's Office; New York State Supreme Court, Bronx County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest/prosecution and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.


_____
                                   Plaintiff/Claimant



Sworn to before me this _____ day of _____, 20____



_____
           NOTARY PUBLIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------   x

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU
AND DANIEL MAIURI,

                                           Plaintiff(s),

                          -against-

THE CITY OF NEW YORK; NEW YORK CITY
MAYOR BILL DE BLASIO; NEW YORK POLICE
DEPARTMENT ("NYPD") COMMISSIONER DERMOT
SHEA; NYPD CHIEF OF DEPARTMENT TERENCE
MONAHAN; NYPD ASSISTANT CHIEF KENNETH
LEHR; NYPD LEGAL BUREAU SERGEANT
KENNETH RICE; NYPD OFFICER KHALID
KHACHFE; NYPD OFFICER FIRST NAME
UNKNOWN ("FNU") DORCH; NYPD OFFICER RAUL
FLORES; NYPD DETECTIVE NELSON NIN; AND
NYPD MEMBERS JOHN AND JANE DOES # 1-94,

                                    Defendant(s).

----------------------------------------------------------------   x

**ANSWER**

Index #:  811943/2021e

Law Dept. #:  2021-001811

        Defendants THE CITY OF NEW YORK, NEW YORK CITY MAYOR BILL DE

BLASIO, NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT

SHEA, by GEORGIA M. PESTANA, Corporation Counsel, answering the complaint, allege

upon information and belief:

        1.      Deny each allegation set forth in paragraph(s) 2, 3, 6-8, 10-21, 34, 35, 38,

39, 45-47, 68, 75, 76, 86, 87, 90-95, 97, 102, 103, 105-113, 115, 117-123, 126, 127, 129, 137-

147, 151, 154, 165, 170, 173, 175, 176, 178, 183-189, 196, 199, 200, 202-207, 209, 213-216,

218, 222-229, 231-237, 239, 243-245, 247-250, 254, 255, 258, 260, 267, 269-277, 280-282, 286,

288-291, 293, 295, 297-300, 303-305, 307-312, 317-320, 322, 323, 332, 337, 339-341, 343, 344,

346-348, 350-359, 361-364, 366-370, 372-374, 376-382, 384-387, 389-396, 399, 400, 402-405, inclusive.

2.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 25-27, 31, 32, 33, 36, 37, 40-44, 77, 79-81, 96, 98-101, 128, 130, 133-136, 149, 150, 152, 155, 157, 158, 161, 163, 164, 171, 172, 174, 177, 179, 181, 190, 191, 195, 197, 198, 201, 208, 217, 301, 302, 342, 397, 401, inclusive.

3.       Deny the allegations set forth in paragraph(s) 22-24, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

4.      Deny each allegation set forth in paragraph(s) 28-30, 294, 398, inclusive, except that the City of New York is a municipal corporation which employed Police Commissioner Dermot Shea who was acting within the scope of his employment and that Bill de Blasio is the Mayor of New York City which maintains a Police Department pursuant to law.

5.      Deny each allegation set forth in paragraph(s) 338, 345, 349, 360, 365, 371, 375, 383, 388, inclusive, except as otherwise pleaded herein.

6.      Deny each allegation set forth in paragraph(s) designated 1, 4, 5, 9, 48-67, 69-74, 78, 82-85, 88, 89, 104, 114, 116, 124, 125, 131, 132, 148, 153, 156, 159, 160, 162, 166-169, 180, 182, 192-194, 210-212, 219-221, 230, 238, 240-242, 246, 251-253, 256, 257, 259, 261-266, 268, 278, 279, 283-285, 287, 292, 296, 306, 313-316, 321, 324-331, 333-336, , inclusive, as the same are conclusory and evidentiary and present questions of law and fact which should be reserved for decision at the time of trial.

**AFFIRMATIVE DEFENSE(S)**

7.      Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

8.     At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged.   Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed.   Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety.   Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.   Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.   Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries.   In any action for injuries arising from the use of a vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

9.     Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

10.     The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

11.     If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause based on legitimate information and/or circumstances that linked plaintiff and unlawful activity, and in the exercise of professional judgment or the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States, and were pursuant to policies which did not contribute to a disparate impact.  Individual defendant(s) represented by the Office of the Corporation Counsel (if any) did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are/is protected by qualified immunity.

12.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the laws of the State of New York or any political subdivision thereof.

13.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

14.     At all times relevant to the acts alleged in the complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion.

15.     There was probable cause for plaintiffs' arrest, detention and prosecution.

16.     Plaintiffs' state law claims against the City of New York are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

17.     Any injury alleged to be sustained resulted from plaintiffs' own culpable conduct or negligent conduct, and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

18.     Plaintiff(s)' complaint fails to consecutively number allegations as required by section 3014 of the CPLR.

19.     This defendant, NEW YORK CITY MAYOR BILL DE BLASIO as Mayor of the City of New York, was performing governmental and administrative duties that were of a discretionary nature rather than ministerial function.  Accordingly, this defendant claims qualified privilege and immunity from liability herein.

20.     This defendant, COMMISSIONER DERMOT SHEA as Commissioner of the New York City Police Department, was performing governmental and administrative duties that were of a discretionary nature rather than ministerial function.  Accordingly, this defendant claims qualified privilege and immunity from liability herein.

**WHEREFORE**, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

GEORGIA M. PESTANA
Corporation Counsel
100 Church Street
New York, New York 10007

Index #:  811943/2021e

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU AND DANIEL
MAIURI,

Plaintiff(s),

- against -

THE CITY OF NEW YORK; NEW YORK CITY MAYOR BILL DE BLASIO;
NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER
DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN;
NYPD ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL BUREAU
SERGEANT KENNETH RICE; NYPD OFFICER KHALID KHACHFE; NYPD
OFFICER FIRST NAME UNKNOWN ("FNU") DORCH; NYPD OFFICER
RAUL FLORES; NYPD DETECTIVE NELSON NIN; AND NYPD MEMBERS
JOHN AND JANE DOES # 1-94,

Defendant(s).

## COMBINED DEMAND FOR
## BILL OF PARTICULARS & DISCOVERY

GEORGIA M. PESTANA
Corporation Counsel
Attorney for Defendants THE CITY OF NEW YORK, NEW YORK CITY
MAYOR BILL DE BLASIO,  NEW YORK POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA, 100 Church Street
New York, New York 10007
Telephone Numbers:

Early Intervention Unit (settlements – all Boroughs)
  (212) 356-1665
Pleadings Unit (212) 356-3235 (pleadings matters only)

All Other Matters (Inquire by county of venue)
  Bronx Office: (718) 503-5030 (EBT's - 5045)
  Brooklyn Office: (718) 724-5200 (EBT's-5226)
  Manhattan Office: (212) 356-2725 (EBT's-2791)
  Queens Office: (718) 558-2100 (EBT's - 2105)
  Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2021-001811**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------   x

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU AND
DANIEL MAIURI,                                                                                **COMBINED DEMAND FOR**
                                                                                                             **VERIFIED BILL OF**
                                                        Plaintiff(s),          **PARTICULARS & DISCOVERY**

                            -against-

THE CITY OF NEW YORK; NEW YORK CITY MAYOR
BILL DE BLASIO; NEW YORK POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF
OF DEPARTMENT TERENCE MONAHAN; NYPD
ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL
BUREAU SERGEANT KENNETH RICE; NYPD OFFICER
KHALID KHACHFE; NYPD OFFICER FIRST NAME
UNKNOWN ("FNU") DORCH; NYPD OFFICER RAUL
FLORES; NYPD DETECTIVE NELSON NIN; AND NYPD
MEMBERS JOHN AND JANE DOES # 1-94,

                                                        Defendant(s).

-----------------------------------------------------------------------   x

### DEMAND FOR VERIFIED BILL OF PARTICULARS

    **PLEASE TAKE NOTICE** that pursuant to CPLR 3041, plaintiff(s) is required within 30 days following service of this demand to serve upon GEORGIA M. PESTANA, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

    1.    The exact date and time of the act or occurrence.
    2.    The specific location of the act or occurrence with reference to addresses, landmarks, or other identifying points of reference, including the direction and distance therefrom.  If the occurrence took place inside a premise, state specifically the location within the premise and also include the block and lot of the premises.
    3.    State the injuries claimed, if any.
    4.    State those injuries claimed to be permanent.
    5.    If applicable, set forth the length of time it is alleged the plaintiff(s) was confined to:
        (a)  Hospital(s);
        (b)  Bed;
        (c)  House.
    6.    If applicable, set forth the amount claimed as special damages for:
        (a)  Physician(s) services;
        (b)  Nurses services;
        (c)  Hospital expenses;
        (d)  Drugs and medical supplies;
        (e)  X-rays and diagnostic tests.
    For each of the foregoing elements of damages please state the name and address(es) of the provider(s) and the dates of treatment.  If any of the foregoing elements of damages have been repaid to the plaintiff(s) or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff(s).
        7.    If applicable, state the total amount of all other special damages not specified in items above; and please state the

(a) name and address of each service provider;
(b) each date of the service;
(c) amount of the expense for each provider;
(d) amount of any expense paid by a third-party (including any payment made to reimburse plaintiff);
(e) name and address of the third-party paying any expense; and
(f) amount of any unreimbursed expense paid by plaintiff(s) personally to each provider.

8. State the occupation of plaintiff(s) at the time of the incident; and please state the:
(a) name and address of any employer for 5 years prior to alleged incident and up to the time of trial;
(b) length of time totally disabled from work;
(c) length of time partially disabled from work;
(d) amount claimed for lost earnings, if any;
   i. if a loss of earnings claim is alleged, please state the yearly gross earnings for each year during 5 years prior to alleged incident and up to the time of trial; and
(e) number of days absent from work as a result of injuries sustained from the incident.

9. State the (a) name and address of any school attended by plaintiff(s) for 5 years prior to alleged incident and up to the time of trial; and (b) the number of days lost from school as a result of injuries sustained from incident.

10. State the home address of plaintiff(s) for a period of 5 years prior to the alleged incident to the present.

11. State any other name used by plaintiff(s) and the time period when the name was used.

12. State the date of birth and social security number of plaintiff(s) (this request is made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. §1395 (B)(8)).

13. State whether plaintiff(s) is (are) or ever was (were) a Medicare recipient(s).  If plaintiff is (are) or ever was (were)  a Medicare recipient, provide their Medicare Beneficiary Identifier (MBI) number and respond to the following:.
   a. State whether plaintiff(s) is (are) or ever was (were) enrolled in any Medicare Advantage Plan (MAP) also known as Medicare Part C.  If Plaintiff is or was enrolled in a MAP, please provide the policy/plan number and effective date(s) of coverage along with copies of any insurance cards since the date of accident/incident and all Explanation of Benefits (EOB) statements related to the subject accident/incident;
   b. State whether plaintiff (s) is (are) or was (were) enrolled in a Prescription Drug Plan (PDP) also known as Medicare Part D.  If Plaintiff is or was enrolled in a PDP, please provide the policy/plan number and effective date(s) of coverage along with copies of any insurance cards since the date of accident/incident and all Explanation of Benefits (EOB) statements related to the subject accident/incident;

14. State whether plaintiff(s) is (are) or ever was (were) a Medicaid recipient(s). If plaintiff is or was a Medicaid recipient please provide the following:.
   a. Plaintiff's Client Identification Number (CIN);
   b. A copy of any and all Medicaid Identification cards;
   c.  A copy of the Notice that was provided to HRA pursuant to CPLR§306-c and filed with the Court.

15. Please state whether plaintiff(s) is (are) or ever was (were) receiving Social Disability Income (SSDI) and to/from dates that benefits were received and amount of said benefits.

16. If plaintiff(s) has (have) ever been convicted of a crime (including any guilty plea), please state (a) the NYSID number of plaintiff; (b) the dates of every conviction; (c) whether the conviction was state or federal; and (d) the county where each conviction occurred.

17. If the complaint alleges loss of services, set forth the pecuniary loss, if any, alleged in the complaint.  Enumerate the damages for:
(a) Loss of services;

(b) Consortium;

(c) Other expenses.

18. State those injuries arising from the use or operation of a motor vehicle which are claimed to be serious, as defined in Insurance Law § 5102 (d), if any.

19. If property damage is claimed, please state (a) all property damaged; (b) the fair market value of each item at the time it was damaged; (c) the cost of repairing each item; (d) the cost of replacing each item; (e) the date each item was acquired; (f) the purchase cost of each item; (g) the amount(s) provided by a third-party to reimburse damage; (h) the name and address of any third-party which reimbursed damage; and (i) amount of any unreimbursed payment made by plaintiff(s) to replace or repair a damaged item.

20. State the manner in which it is claimed the accident occurred.

21. State separately the acts or omissions constituting the alleged negligence of each of the answering defendant(s), if any.

22. State separately the acts of each of the answering defendant(s) constituting the intentional wrongs claimed, if any.

23. State the names of the employee(s) or agents of the answering defendant(s) who are alleged to have committed the acts set forth in the items above.

24. Describe any alleged dangerous and defective condition and or the object or instrumentality complained of, as well as the nature of the condition alleged.

25. State whether any repairs were made prior to the happening of the alleged accident.

26. If it is alleged that repairs were made prior to the happening of the accident, state when, where, and by whom, the repairs were made.

27. State whether actual or constructive notice is claimed or whether it is alleged that defendant created the condition complained of.

28. If actual notice is claimed, then set forth the following:

(a) The names of the employees, agents and/or servants of the defendant(s) to whom it will be alleged said actual notice was given;

(b) By whom will it be claimed that said actual notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said actual notice was given.

29. If constructive notice is claimed, state the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.

30. If prior written notice is claimed, specify the nature of such notice.

31. If prior written notice is claimed, then set forth the following:

(a) The name(s) of the entity, agency, employees, agents and/or servants of the defendant(s) to whom it will be alleged said prior written notice was given;

(b) By whom will it be claimed that said prior written notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said notice was given.

32. In any action where plaintiff(s) claim the violation of any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes, ordinances, rules or regulations alleged to have been violated by the answering defendant(s).

33. If applicable, describe in what respects defendant(s) failed to provide plaintiff(s) with a safe place to work.

34. If applicable, state whether plaintiff(s) will allege that this defendant(s) was a party to a contract. If yes;

(a) State the parties to the contract;

(b) State the contract number.

35. If applicable, set forth each and every item of construction, excavation or demolition work which the plaintiff(s) will allege was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate safety; setting forth the manner in which the construction, shoring, equipping, guarding, arranging, operating and/or conducting of the construction, excavating, or demolition work is alleged to have caused the plaintiff(s) alleged injury.

36. If applicable, state whether the plaintiff(s) will allege that this defendant(s) exercised control over the work being performed at the job site. If yes, state the nature and extent of the control allegedly exercised and the exact manner in which said control was exercised.

37. If applicable, state those injuries claimed to be "grave", as defined in the Workers' Compensation Law § 11.

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges defamation, the following items are additionally demanded:**

38. Whether the alleged defamatory statement was communicated orally or in a writing.

39. With respect to each of the answering defendant(s), the particular words complained of and allegedly communicated.

40. The name(s) and address(es) of any person(s) it is alleged heard or received the defamatory statement(s).

41. If it is alleged that the defamatory statement(s) were communicated in a writing, set forth the date(s), nature, and content of the writing.

42. If it is alleged that any defamatory statement was published, set forth the date(s), nature and name of the media or publication and each republication of the alleged defamatory statement.

43. The circumstances, acts, and/or omissions which evince defendant(s) knowledge of the falsity, or reckless disregard of the truth, or malice, with respect to the statement(s) allegedly made.

## ALLEGED POLICE MISCONDUCT

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges police misconduct, the following items are additionally demanded:**

44. State the criminal court file and docket number of the criminal proceeding.

45. State the (a) the specific charges; (b) the disposition of each charge; and (c) the date of said disposition.

46. State the date and time taken into custody.

47. State the date of arraignment.

48. State the date and time released from incarceration.

49. State the name, address, and phone number of attorney(s) who represented plaintiff(s) in the criminal proceedings.

50. State the amount claimed for legal fees, if any.

51. State the NYSID number of plaintiff(s).

52. For each criminal proceeding, including arraignment, please state the (a) the type of proceeding; (b) the date(s) of the proceeding; (c) the name of reporter who transcribed the proceeding; and (d) the name of Judge who presided over the proceeding.

## ALLEGED EXPOSURE TO LEAD-BASED PAINT

**Where applicable, in addition to the foregoing, if plaintiff(s) allege damages as a result of exposure to lead-based paint, the following items are additionally demanded:**

53. The day, month, and year of initial exposure;

54. The day, month and year when exposure terminated;

55. The address(es), including apartment numbers, of every premises where it is alleged that plaintiff(s) were exposed to lead-based paint;

56. The highest recorded blood lead level for plaintiff(s) and the date of the diagnosis;

57. The date of the initial diagnosis;

58. Whether it is claimed that plaintiff(s) sustained any cognitive injuries or learning disabilities as a result of any alleged exposure and if so, state the nature of the disability, when any such disability was diagnosed, the school and current grade level of plaintiff(s) and whether plaintiff(s) have been placed in any special classes.

## ALLEGED ACTION FOR WRONGFUL DEATH

**Where applicable, in addition to the foregoing, if plaintiff(s) allege wrongful death, the following items are additionally demanded:**

59. State the amount claimed as pecuniary loss, specifying the loss of parental guidance by each person dependent upon support of the decedent.

60. State the names, addresses, ages, and relationships to the decedent of all persons to whose support it is claimed the decedent contributed.

61. State the nature and purpose of the support contributed as to each person supported, including how and when support was given.

62. State the date, place and cause of death.

63. State the length of time the decedent remained conscious of the injuries sustained.

64. State the total amounts claimed as special damages for:
    (a)  Funeral and burial expenses;
    (b)  Administration expenses;
    (c)  Any other damages claimed.

**ALLEGED NEGLIGENT EMERGENCY MEDICAL RESPONSE**
**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent emergency medical response, the following items are additionally demanded:**

65. The exact dates and times of the claimed acts or occurrences.

66. The specific locations of the claimed acts and/or occurrences with reference to addresses, landmarks, or other identifying points of reference. If the claimed acts and/or occurrences took place inside a premise, state specifically the location within the premise and/or the department(s), as applicable, of said premises.

67. The specific time when the need for medical attention was first noticed by the plaintiff in distress, or by another person.

68. If a call for emergency assistance was made, indicate:
    (a)  the time at which the call was placed.
    (b)  the person who placed the call and, if other than the patient, his or her relationship to the patient.
    (c)  the description or report of injury or emergency given.
    (d)  if more than one call was made to 911.
    (e)  what the caller was told by the operator.

69. If more than one call was made to 911, indicate:
    (a)  the total number of calls made to 911.
    (b)  the time of each respective subsequent call,
    (c)  the person or people who made each respective subsequent call (if different from the first call).
    (d)  if the description of the injury or emergency changed after the first call to 911, indicate what the change was, why the description changed, when the change in condition was first noticed prior to it being reported to 911, and when the change was reported to 911
    (e)  what the caller was told by the operator during each respective call.

70. Indicate if 911 had been contacted earlier in the day of the incident for the same or similar condition.  If so, indicate the person or persons who made the call, and when they made it.  Describe what the person or persons were told by the operator.

71. Indicate what time emergency personnel first arrived.  Also indicate, if known, the respective names and ranks of emergency personnel who arrived on the scene.  If known, indicate if the personnel were from the FDNY or the NYPD.  If the personnel were not from either of those two agencies, identify, if known, the agency or hospital the personnel were from.

72. Indicate, if known, what time any additional and/or subsequent emergency personnel arrived after the initial emergency personnel.  Indicate if such additional personnel were from the FDNY or the NYPD.  If the additional personnel were not from those two agencies, identify the agency or agencies the personnel were from.  Indicate the names and ranks of any additional emergency personnel who arrived.  Describe any actions taken, and treatment provided by additional emergency personnel on-scene, or, if applicable, en route to a hospital.

73. State whether a claim is made that the answering defendant ignored or misdiagnosed complaints, signs, or symptoms of the patient plaintiff.

(a)    If such a claim is made, state specifically by name or description all complaints, signs, and symptoms that the answering defendant(s) ignored or misdiagnosed.

(b)    State what injury is claimed as the result of the answering defendant ignoring or misdiagnosing the complaints, signs, and symptoms.

(c)    State specifically at what point during treatment the complaints, signs, and symptoms were ignored or misdiagnosed.

(d)    State what the misdiagnosis of the complaints, signs, and symptoms was.

74. Describe the treatment, if any, provided by each of the arriving emergency personnel.  Indicate, with specific time(s) and location(s):

(a)    if the patient was intubated.

(i)    If it is claimed that intubation was improper, describe how and why the intubation was improper, and the affect such alleged improper intubation had on the patient's condition, illness, or injury.

(ii)    If it is claimed that the patient should have been, but was not intubated, describe the affect such alleged lack of intubation had on the patient's condition, illness, or injury.

(iii)    If it is claimed that there was a delay in the patient being intubated, state the length of the delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(b)    if an intravenous line was started.

(i)    If it is claimed that an intravenous line was improper, describe how and why the intravenous line was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

(c)    if a defibrillator was required or used.

(i)    If it is claimed that a defibrillator was improperly used, describe how and why the use was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

(ii)    If it is claimed that a defibrillator should have been, but was not used, explain the affect such alleged lack of use had on the patient's condition, illness, or injury.

(iii)    If it is claimed that there was a delay in using a defibrillator, state the length of delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(d)    if oxygen was required or given.

(i)    if it is claimed that oxygen should have been given and was not, explain why oxygenation was required, as well as the affect that the alleged lack of oxygenation had on the patient's condition, illness, or injury.

     (ii)    if it is claimed that oxygenation was improper, explain how it was improper, and the affect that such alleged improper oxygenation had on the patient's condition, illness, or injury.

     (iii)    if it is claimed that there was a delay in oxygenation of the patient, state the length of delay, and the affect such alleged delay had on the patient's condition, illness, or injury.

(e)    if any medication was improperly administered, contraindicated, administered in an improper dosage or improper manner.

     (i)    State the name and description of each drug or medication improperly administered.  Describe the manner in which the drug or medication was improperly administered.  State the injury claimed as a result of the improperly administered drug or medication.  State specifically at what point the drugs were administered improperly.

     (ii)    State the name and description of each drug or medication administered in an improper dosage.  Indicate what the improper dosage was.  State the injury claimed as a result of the improper dosage.  State specifically at what point during treatment the drugs were administered in an improper dosage.

     (iii)    State the name and description of each drug or medication claimed to be contraindicated.  State in what way it is claimed that each such drug or medication was contraindicated.  State the injuries claimed as a result of the administering of the contraindicated drug or medication.  State specifically at what point during treatment the contraindicated drug or medication was administered.

75.    Indicate if the plaintiff was transported to a hospital. Specify who transported the plaintiff to the hospital.  Indicate if the plaintiff requested to be taken to a specific hospital.  Identify the hospital to which the plaintiff was taken.  Indicate what time the plaintiff was transported from the scene to the hospital and with whom if anyone she was accompanied by.

76.    If it is claimed that emergency personnel lacked equipment to adequately provide aid, describe the equipment alleged to have been missing, and why such equipment is believed to have been missing.  Describe how the alleged lack of equipment affected the patient's condition, injury, or illness.

77.    State whether a claim is made as to defective equipment.

(a)    If such a claim is made, identify the equipment and state the nature of the defect.

(b)    If notice of such a defect is a prerequisite to liability, state whether actual or constructive notice is claimed.

(c)    If constructive notice is claimed, state how long the condition existed.

78.     State separately the acts or omissions constituting the alleged negligence and/or medical malpractice of each of the named defendants.

79.     State the manner in which it is claimed the alleged injury arose.

80.     State separately the acts of each of the named defendants constituting the intentional wrongs claimed, if any.

81.     State the names of the employee(s) or agents of the answering defendant who are alleged to have committed the acts set forth in the paragraphs above.

82.     If it is claimed that the answering defendant violated any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes ordinances, rules or regulations alleged to have been violated by the answering defendant, as well as any statute, ordinance, rule, order, requirement or regulation claimed to have been violated by each of the named defendants.

83.     State all injuries claimed as the result of the alleged negligence of the answering defendant herein, and state specifically which of the above injuries are claimed to be permanent in nature.

84.     For actions other than for wrongful death, state the length of time the plaintiff was confined to each of the following by virtue of the acts or omissions of the answering defendant(s) herein.

        (a)     Hospital, listing separately each period of hospitalization with the name     and     address     of     each     hospital.
        (b)     Home.
        (c)     Bed.

85.     Set forth the amount claimed as special damages for:

(a)  Physician(s) services;
(b)  Nurses services;
(c)  Hospital expenses;
(d)  Drugs and medical supplies and/or equipment;
(e)  X-rays and diagnostic tests;
(f)  Rehabilitative and/or therapy services;
(g)  Home health services;
(h)  Any other expenses claimed.

86.     For each of the foregoing elements of damages please state the name and address(es) of the provider(s), pharmacies, the dates of treatment and/or dates of use and list of prescriptions/medications filled.  If any of the foregoing elements of damages have been repaid to the plaintiff or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff.

87.     Set forth:

(a)  Occupation of plaintiff(s) at the time of the occurrence;
(b)  Whether each plaintiff was self-employed, and, if so, state the address of his or her place of employment and the nature of the business or occupation in which he or she was engaged immediately prior to the occurrence.
(c)  Name and address of each plaintiff's employer, if any;
(d)  Average weekly, monthly and/or annual gross earnings;
(e)  State separately, the length of time totally and/or partially disabled;
(f)  Amount claimed for lost earnings, if any;
(g)  Number of days lost from work;
(h)  Number of days lost from school;
(i)  Name and address of school attended by plaintiff(s) at the time of the date of accident.

88.     Provide each plaintiff's present residence address and each plaintiff's residence address at the time of the occurrence.

89.     List all other names used by plaintiff(s).

90.     List plaintiff(s) date(s) of birth and social security number(s).

### DEMAND FOR DISCOVERY & INSPECTION

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand you are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than sixty days before trial.

### GENERAL DEMANDS

1.     If the City of New York, New York City Department of Education and/or New York City Health and Hospitals is a named defendant, please identify the agency(s) involved.

2.     For each person you believe may have been a witness to the incident which caused an injury, state (a) the name of the individual(s); and (b) the current home address, if not then, last known address; (c) employment address; (d)email mail address or other electronic address including social media contact information; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

3.     For each person you believe may have been a witness to the condition which allegedly caused an injury, please state (a the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s).  If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

4.     For each person you believe may be a witness to an injury alleged in this lawsuit, please state (a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s).  . If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

5.     For each expert witness whom you expect to call at trial, please state the (a) name of the expert; (b) business address of the expert; (c) qualifications of the expert; (d) curriculum vitae of the expert; (e) subject matter in reasonable detail that the expert is expected to testify; (f) substance of the facts and opinions on which each expert is expected to testify; and (g) a summary of the grounds for each opinion.

6.     If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable (within the meaning of § 15-108, General Obligations Law) for any of the injuries (or damages) alleged in the complaint, please set forth the name(s) and address(es) of the person(s), corporation(s), insurance company(s), or other entity(s) making such payment or promise and state the amount(s) which have been, or will be, with reasonable certainty received by plaintiff(s).

7.     For each person you believe may have provided an oral, written, or digital media (including audio/video/text message/email, social media) statement about the incident, please state (a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

8.     Furnish a copy of each document you believe may have been prepared by the answering defendant(s) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which may be relevant to the prosecution or defense of the case and used by any party for any purpose in this litigation,

including any statement made by any person identified in response to Item 6 above, and any note, memorandum or recording of any oral, written and digital media statement or social media posts.

9.    Furnish the sum and substance of any unrecorded oral statement you believe may have been given by each defendant (or employee, or former employee, of a defendant) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation.

10. Provide a copy of any (a) any insurance claim arising out of the incident alleged in this lawsuit; (b) any workers' compensation claim arising out of the incident alleged in this lawsuit; (c) any pension claim arising out of the incident alleged in this lawsuit; (d) any no-fault claim arising out of the incident alleged in this lawsuit; and (e) any other claim seeking redress for the incident alleged in the lawsuit.

11. Furnish a copy of any Freedom of Information Law request made to the answering defendant(s) and any response thereto, which you intend to use for any purpose in this litigation.

12. Furnish copies of any subpoenas served on any party, or any other individual or entity concerning this litigation.

13. Provide a copy of any transcript of testimony involving the incident alleged in the lawsuit (including (but not limited to) any examinations under oath, transcript or materials related to a Department of Motor Vehicle hearing, departmental hearing, and criminal proceeding).

14. Provide a signed copy of any hearing held pursuant to General Municipal Law § 50-h.

15. Please furnish a copy of each accident or incident report, if any, made by, or on behalf or your client(s) concerning the occurrence/incident of the injuries (or damages) alleged in the complaint.

16. Furnish a copy of any written notice, Big Apple Corporation map or other document giving notice of an allegedly defective or dangerous condition at the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof.

17. Furnish a reasonably clear color or digital copy of each photograph and or each video depicting the place where the injuries (or damages) alleged in the complaint occurred.

18. If plaintiff(s) intend(s) on utilizing any physical evidence at trial, please (a) provide a color or digital photograph or video of the physical evidence; and (b) make the physical evidence available for inspection.

19. In any action for injuries, including death, allegedly sustained by a spouse, child or other family member of a plaintiff, please furnish a copy of each marriage, birth and death certificate, as applicable.

20. In any representative action, please furnish a copy of the court order appointing the representative.

21. With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return including any employment and payroll records, W-2 statements, together with attachments, filed by, or on behalf of, plaintiff(s) for the year in which the said injuries (or damages) occurred and for each of the three (3)  preceding years, and for all years in which continuing losses are claimed.

22. In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each state and each federal income tax return, including W-2 statements, filed by, or on behalf of the decedent for each of the three (3) years before death.

23. Furnish a copy of each medical provider's report, diagnostic films, and medical bills, including pharmaceutical bills and bills for durable medical goods, with ICD-codes, referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **after** the occurrence of the injuries alleged in the complaint, or any treatment reasonably related thereto.

24. Furnish a copy of each medical provider's report and diagnostic film(s) referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **before** the occurrence of the injuries alleged in the complaint and reasonably related thereto.

25.    Provide duly executed OCA HIPAA compliant and Arons authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to (a) obtain each document referring to any treatment of plaintiff(s) (including psychological treatment) for any injury alleged in this lawsuit; and (b) speak with any medical provider which provided any treatment to plaintiff(s). This demand includes treatment which is reasonably related to any injury alleged in this lawsuit. Please utilize form located New York State Unified Court System webpage located at www.nycourts.gov.

26. In any action by or on behalf of a student, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the school, attendance and health records of the plaintiff(s) on file at the school(s) attended for three (3) years before the occurrence, at the time of the occurrence, and thereafter for all years in which continuing losses are claimed.

27. If plaintiff(s) received workers' compensation benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the workers' compensation file; and (b) a copy of the worker's compensation file.

28. If plaintiff(s) received no fault benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the no fault file; (b) a copy of the no fault file.

29. If plaintiff(s) allege(s) economic loss, please provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records on file at the last employer.

30. State whether plaintiff(s) is (are) currently receiving, has applied for or is eligible for Social Security Disability payments. If plaintiff(s) is (are) currently receiving Social Security Disability payments, please identify when eligibility began and identify his/her SSDI number and the medical condition on which basis coverage was awarded. If plaintiff(s) has (have) received Social Security Disability payments at any point in the past, please identify the period or periods of time when plaintiff(s) was (were) eligible and identify his/her SSDI number and medical condition on which basis coverage was awarded.

31. If, in your response to the prior request, you indicated plaintiff(s) has (have) ever applied for or been eligible for Social Security Disability payments, please provide (a) copies of all social security disability records, including the completed disability application, determination, and decision; and (b) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain Social Security disability records from the Social Security Administration.

32. Identify all health care benefits, including but not limited to private health insurance carriers and public health care programs (e.g., Medicaid), plaintiff(s) has (have) received or which plaintiff(s) will become eligible to receive as a result of injuries allegedly related to the subject accident/incident and provide copies of each plaintiff's identification cards for all identified health care programs and all Explanation of Benefits (EOB) statements related to the subject accident/incident.

33. State whether plaintiff(s) is (are) or has (have) ever been a Medicare recipient and, if so, provide each plaintiff's Medicare Beneficiary Identifier (MBI) and a copy of his/her MBI card. If no card is available, please provide the date eligibility began. If plaintiff(s) has (have) received Medicare coverage at some point in the past and no MBI card is available, please identify the period or periods of time when plaintiff(s) was (were) eligible.

34. Furnish the name, Bar license number, phone number, email address, and mailing address of the attorney(s) who have appeared in this action.

35. Furnish the names of the parties, the court, and the index/docket number of each other action, if any, commenced by or on behalf of plaintiff(s) concerning any of the injuries (or damages) alleged in the complaint.

## DEMANDS FOR COLLATERAL SOURCE INFORMATION

36. Entities that have provided payments for medical and/or mental heath treatment. Identify by name, address, phone number, email address, web address, and policy number, any source that has provided payments to plaintiff(s), or to each plaintiff's spouse, domestic partner, or parent for medical, dental, rehabilitative, custodial or psychological treatment (including medication, diagnostic tests) received by plaintiff as a result of this accident. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

37. Entities that have provided payments on account of disability. Identify by name, address, phone number, email address, web address, and policy number, any source that has provided payments to plaintiff(s), by reason of each plaintiff's partial or total inability to work. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

38. Entities from which plaintiff(s) is (are) eligible to receive medical coverage. Identify by name, address, phone number, email address, web address, and policy number, any source from which each

plaintiff is eligible to receive medical coverage for the injuries received in this accident whether or not plaintiff(s) has (have) actually applied for such benefits.  Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

39. Entities from which plaintiff(s) is (are) eligible to receive disability benefits.  Identify any source by name, address, phone number, email address, web address, and policy number, any source from which plaintiff would be eligible to receive payments in the event of each plaintiff's partial or total inability to work, whether or not plaintiff(s) has (have) applied for or received such benefits. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

40. Entities to which plaintiff(s) has (have) applied for medical benefits.  Identify any source by name, address, phone number, email address, web address, and policy number, any source to which plaintiff(s), or each plaintiff's spouse, domestic partner, or parent, has submitted claims or applied for benefits for medical, dental, rehabilitative, custodial or psychological treatment (including medication) received by plaintiff as a result of this accident whether or not such benefits were received. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed, including applications for benefits.

41. Entities to which plaintiff(s) has (have) applied for disability benefits.  Identify any source by name, address, phone number, email address, web address, and policy number, any entity to which an application has been made for payments by reason of partial or total inability to work, whether or not plaintiff(s) has (have) received such benefits.  Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed, including applications for benefits.

42. Entities to which plaintiff(s) has (have) paid premiums to obtain medical or disability coverage.  Identify any entity by name, address, phone number, email address, web address, and policy number to which plaintiff(s), or each plaintiff's spouse, domestic partner, or parent paid premiums to obtain medical or disability coverage for two years prior to the incident.  Provide HIPAA and Arons authorizations and hard copies of any records in your possession for proof of such payment of premiums.

PLEASE TAKE FURTHER NOTICE that this is a continuing demand. Pursuant to N.Y. C.P.L.R. 3101(h) you are required to amend or supplement any response previously given to this demand promptly upon obtaining information that the previous response was incorrect or incomplete when made, or that the previous response, though current and complete when made, no longer is correct and complete.

## ALLEGED POLICE MISCONDUCT

**Where applicable, in addition to the foregoing, if plaintiff(s) allege police misconduct, the following items are additionally demanded:**

43. Provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records pertaining to all criminal proceedings related to the incident alleged in this lawsuit. Please provide a separate authorization for each entity which maintains these records (including (but not limited to) the Office of the District Attorney, the New York City Police Department, and criminal court).

44. Provide copies of records pertaining to all criminal proceedings related to the incident alleged in the lawsuit, including (but not limited to) transcripts, certificates of disposition, police records, criminal records, District Attorney records, and photographs, including copies of any photographs of the plaintiff(s) taken by the defendant(s) at the time of the arrest.

45. If entitlement to reimbursement for legal fees is claimed, please provide copies of any bills incurred.

46. Provide the name, address, and phone number of any attorney representing plaintiff(s) concerning the criminal charges related to the incident alleged in this lawsuit.

47. Provide copies of all discovery exchanged between plaintiff(s), each plaintiff's criminal defense attorney and District Attorney office pursuant to NY CLS CPL § 245.20 for the incident alleged in this lawsuit.

## ALLEGED PROPERTY DAMAGE

**Where applicable, in addition to the foregoing, if plaintiff(s) allege property damage, the following items are additionally demanded:**

48. For each item of property damaged:

(a) Photograph(s) and or videotapes depicting the items alleged to have been damaged, prior to damage;

(b) Photograph(s) and or videotapes depicting items alleged to have been damaged, subsequent to damage;

(c) Original purchase receipts, cancelled checks, and/or charge slips for items alleged to have been damaged;

(d) Appraisals, warranties, etc. pertaining to the items alleged to have been damaged.

49. True and accurate copies of any and all insurance agreements held by plaintiff(s) on day of said incident and pertaining to property damage and/or loss.

50. True and accurate copies of any and all notices of loss or claims made on the above policies pertaining to the damage alleged in the complaint.

## ALLEGED NEGLIGENT SUPERVISION

**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent supervision, the following items are additionally demanded:**

51. For every individual who allegedly failed to provide adequate supervision, please state (a) the name of the individual; (b) the address and phone number of the individual; (c) the name of the entity who employs the individual; (d) the title of the individual; (e) the date that the individual failed to provide adequate supervision; and (f) the time that the individual failed to provide adequate supervision. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each individual. This demand includes all individuals, even if employed by any of the parties.

52. Identify the name or names of the person(s) it is alleged received inadequate supervision.

53. Provide the name(s) of any person(s) plaintiff(s) will claim assaulted him/her with reference to the claim being asserted against the answering defendant(s).

54. If the person(s) identified in above have not yet appeared in this action, please provide copies of all documents, including but not limited to, affidavits of service and correspondence, which reflect any attempt to obtain jurisdiction over the individual(s).

55. Provide copies of any documents filed with or against any governmental agency(s) concerning the actions of any person(s) whom plaintiff(s) alleges caused the damages alleged in the complaint, including any criminal complaints filed and the disposition thereof.

56. For each individual you believe may have provided an oral or written statement concerning the supervision of any person involved in the incident, state (a) the name of any individual who provided a statement; and (b) the address and phone number of any individual who provided a statement. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have provided a statement. This demand includes all individuals, even if employed by any of the parties.

## ALLEGED PREMISES LIABILITY

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) failed to properly maintain a premises, the following items are additionally demanded:**

57. If it is alleged that the answering defendant owned the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) ownership of the premises.

58. If it is alleged that the answering defendant(s) leased the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) tenancy.

59. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

60. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## MOTOR VEHICLE ACCIDENTS

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:**

61. Provide a copy of the title for the vehicle being operated by plaintiff(s).

62. Provide a copy of each plaintiff's driver's license.

63. Provide a copy of the registration for the vehicle in which plaintiff(s) was located when the incident occurred.

64. Provide a copy of any (a) repair record (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident; and (b) maintenance records (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident.

65. Provide a copy of any recall notice received regarding the vehicle in which plaintiff(s) was located when the incident occurred.

66. Provide photographs taken of the vehicle(s) involved in the accident taken:
    (a) Before the accident;
    (b) After the accident.

67. Provide any estimates to repair the vehicle involved in this accident.

68. Provide any records or receipts for towing of the vehicle involved in this accident.

69. Provide a copy of the MV-104 filed by, or on behalf of, the plaintiff(s) as a result of this accident.

70. Provide a copy of any accident report provided to any insurance company regarding this accident.

71. Provide any notes or memorandum describing this accident.

72. Provide a copy of any transcript of any Department of Motor Vehicle hearing taken with respect to this accident.

73. Provide the date, location, name of defendant or respondent, and name of Judicial Hearing Officer who presided over, any Department of Motor Vehicle hearing taken with respect to this accident.

74. Provide a copy of any insurance policy (including any umbrella or excess policy) covering the vehicle in which plaintiff(s) was located at the time of the incident.

75. Provide a copy of the no-fault file, including no-fault provided medical claims, pertaining to plaintiff(s).

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) defamed plaintiff(s), the following items are additionally demanded:**

76. Provide a copy of any writing, publication (including any re-publications), and broadcast containing the alleged defamatory statement(s).

77. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate the untruthfulness of the alleged defamatory statement(s).

78. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate defendant(s) malice or reckless disregard for the truth.

79. Provide the name of any individual who you believe has information concerning the untruthfulness of the alleged defamatory statement(s) or whether the statements were made with malice or reckless disregard for the truth, stating(a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person. This demand includes all individuals, even if employed by any of the parties.

80. Provide copies of any documents, bills, invoices or writings which plaintiff(s) intend to use to prove any alleged special damages.

## ALLEGED LEAD-BASED PAINT

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges injuries as a result of exposure to lead-based paint, the following items are additionally demanded:**

81. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain birth and prenatal records of plaintiff(s); the authorization must include the name and address of the hospital or facility where plaintiff(s) was born and the date of birth of plaintiff(s).

82. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain the records of any medical provider who provided prenatal care; the authorization must include the name and addresses of each medical provider and the dates of treatment.

83. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain the records of all (a) health providers who have rendered pediatric care (including treatment for any of the injuries currently alleged) to plaintiff(s); and (b) health care providers that screened blood of plaintiff(s). The authorizations must contain the name and address of each medical provider as well as the dates of treatment or testing.

84. Provide duly executed authorizations enabling defendant(s) to obtain the records of any and all schools, and/or day care centers attended by the plaintiff(s) to date; the authorizations must include the name(s) and address(es) of the schools and the dates of attendance.

85. Provide the name and address of the academic institution most recently attended by the infant plaintiff's natural mother and a duly executed authorization allowing that institution to release its records to the defendant(s).  If the infant plaintiff's mother is not the custodial parent, please provide the same information with respect to any adult acting as the infant plaintiff's guardian or caretaker.

86. If the infant plaintiff has any siblings, please provide the following for each such sibling:
(a)   Name, date of birth and current address;
(b)   Names and addresses of any and all schools, pre-schools or day-care centers attended, and duly executed authorizations allowing those institutions to release their records to the defendant(s).

87. For each infant plaintiff, provide the name, date of birth and last known address of the biological father.

88. Provide copies of any photographs, movies, or videotapes depicting the premises.

89. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

90. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

### DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S))

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand, all other parties (excluding plaintiff(s)) are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

### GENERAL DEMANDS TO PARTIES (EXCLUDING PLAINTIFF(S))

1.   Provide copies of complete contents of insurance policies in effect on the date of occurrence, including all endorsements, terms, and conditions, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

2.   Provide copies of all excess and umbrella insurance policies in effect on date of occurrence, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

3.   Provide copies of all certificates of insurance in effect on the date of occurrence, including but not limited to, any which name this defendant, or any of its agencies, as an insured or as an additionally insured.

4.   Copies of all contracts, sub-contracts, leases, franchises, and indemnification agreements in effect on date of occurrence.

5.   Provide copies of any documents, records or photographs relating to any repairs made to the location, premises or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

6.   Provide copies of any documents, records or logs relating to any maintenance (including cleaning, altering, and shoveling) performed at, or to, the location, premises, or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

7.   Copies of all accident reports kept in the regular course of business regarding the occurrence complained of in each plaintiff's complaint.

8.   Provide a copy of plaintiff(s) Bill of Particulars and any discovery items previously exchanged, (including but not limited to; deposition transcripts and reports of physical examinations conducted of the plaintiff(s)), and served upon or by defendant(s) or third-party defendant(s).

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S)) INVOLVING ALLEGED ROADWAY, SIDEWALK, AND CONSTRUCTION ACCIDENTS

**Where applicable, in addition to the foregoing, in any action alleging defective roadway, sidewalk, or construction, the following items are additionally demanded:**

9.   Provide copies of all applications for permits, cut forms, opening tickets, work tickets, and paving orders.

10. Provide copies of all drawings, schematics, blueprints, strip maps, diagrams of underground facilities and of street hardware, including manhole covers, castings, and gratings.

11. Provide copies of all daily, weekly, and/or monthly progress reports, job progress photographs, and photographs of roadway color coding for entire period of construction.

12. Provide copies of all maintenance, inspection and repair records for the entire period of construction.

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S)) INVOLVING MOTOR VEHICLE ACCIDENTS

**Where applicable, in addition to the foregoing, in any action in which it is alleged that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:**

13. Provide a copy of the title for any vehicle involved in the incident.

14. Provide a copy of the driver's license for the applicable driver(s) involved in the incident.

15. Provide a copy of the registration for the applicable vehicle(s)  involved in the incident.

16. Provide the following records for the applicable vehicle(s) involved in the incident for a two-year period prior to the alleged incident: (a) repair records (including logs, bills, and receipts); and (b) maintenance records (including logs, bills, and receipts).

17. Provide a copy of any recall notice received regarding any vehicle involved in the incident.

18. Provide photographs of any vehicle involved in the accident taken:
(a)  before the accident;
(b)  after the accident.

19. Provide any estimates to repair the vehicle(s) involved in this accident.

20. Provide any records or receipts for towing of the vehicle(s) involved in this accident.

21. Provide a copy of any MV-104 related to the incident.

22. Provide a copy of any Department of Motor Vehicle hearing related to the incident; and provide (a) the date, location, name of the parties, and name of Judicial Hearing Officer who presided over any Department of Motor Vehicle hearing.

23. Provide a copy of any accident report provided to any insurance company regarding this accident.

24. Provide any notes or memorandum describing this accident.

25. Provide a copy of any insurance policy, including any umbrella or excess policies, covering the vehicle defendant(s) or third-party plaintiff(s) was (were) operating at the time of this accident.

26. Provide a copy of any no-fault file pertaining to plaintiff(s) related to the incident.

**ADDITIONAL DEMANDS TO ANY THIRD-PARTY PLAINTIFF WHO HAS AN ACTION
AGAINST A PARTY REPRESENTED BY THE CORPORATION COUNSEL**

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand, any third party-plaintiff who has an action against a party represented by the Corporation Counsel, it is requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

27. Provide a copy of any document (with all attachments) previously exchanged by the parties (including pleadings, bills of particulars, deposition transcripts, medical records, correspondence, motions, discovery responses, etc.).

28. Provide a copy of all court orders and stipulations issued in the litigation.

**DEMAND FOR VERIFIED BILL OF PARTICULARS TO ANY THIRD-PARTY PLAINTIFF WHO
HAS AN ACTION AGAINST A PARTY REPRESENTED BY THE CORPORATION COUNSEL**

**PLEASE TAKE NOTICE** that pursuant to CPLR 3041, any third party-plaintiff who has an action against a party represented by the Corporation Counsel is required within 30 days following service of this demand to serve upon GEORGIA M. PESTANA, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

1. State separately the alleged negligence of any party represented by the Corporation Counsel, if applicable.

2. State separately the alleged intentional wrongs committed by any party represented by the Corporation Counsel, if applicable.

3. State the name of any employee or agent of any party represented by the Corporation Counsel alleged to have committed any act which contributed to an injury.

4. State (a) whether any repair was made to the accident location prior to the happening of the alleged accident; (b) when any repair was made; (c) where any repair was made; (d) who made any repair; and (e) what repairs were made.

5. State (a) whether any party represented by the Corporation Counsel had notice of an alleged defective condition which contributed to an injury; (b) which party had notice; (c) whether the party had actual notice of a condition; (d) whether the party had constructive notice of a condition; and (e) whether it is alleged that the party created the condition.

6. If actual notice is claimed, please state (a) the name of any individual(s) who had actual notice; (b) the job title of any individual(s) who had actual notice; (c) the employer of any individual(s) who had actual notice; and (d) the address and phone number of any individual(s) who had actual notice. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have had actual notice. This demand includes all individuals, even if employed by any of the parties.

7. If constructive notice of a condition is claimed, please state the alleged condition and the length of time said condition is alleged to have existed prior to the happening of the alleged incident.

8. If third-party plaintiff(s) claim(s) the violation of any statute, ordinance, rule, order, regulation, or directive, please state separately all such statutes, ordinances, rules, regulations, and directives alleged to have been violated by any party represented by the Corporation Counsel.

9. If applicable, please state whether any party represented by the Corporation Counsel was a party to a contract; and please state the:
   (c) parties to the contract;
   (d) contract number.

10. If applicable, please state any item of construction, excavation, and demolition work which was not so constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate safety; and please state (a) the manner in which the work caused an alleged injury;

and (b) if applicable, the control exercised by any party represented by the Corporation Counsel and the exact manner in which said control was exercised.

Dated:       New York, New York
             December _____, 2021


                                            Yours, etc.
                                            GEORGIA M. PESTANA
                                            Corporation Counsel
                                            Attorney for Defendants THE CITY OF NEW
                                            YORK, NEW YORK CITY MAYOR BILL DE
                                            BLASIO,  NEW YORK POLICE DEPARTMENT
                                            ("NYPD") COMMISSIONER DERMOT SHEA,
                                            100 Church Street
                                            New York, New York 10007


TO:



COHEN & GREEN P.L.L.C
the attorney(s) for Plaintiff(s)
1639 Centre St., Suite 216
Ridgewood, New York 11385

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------- x

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU AND
DANIEL MAIURI,

                                                  Plaintiff(s),

                     -against-

THE CITY OF NEW YORK; NEW YORK CITY MAYOR
BILL DE BLASIO; NEW YORK POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF
OF DEPARTMENT TERENCE MONAHAN; NYPD
ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL
BUREAU SERGEANT KENNETH RICE; NYPD OFFICER
KHALID KHACHFE; NYPD OFFICER FIRST NAME
UNKNOWN ("FNU") DORCH; NYPD OFFICER RAUL
FLORES; NYPD DETECTIVE NELSON NIN; AND NYPD
MEMBERS JOHN AND JANE DOES # 1-94,

                                          Defendant(s).

------------------------------------------------------------------------- x

**NOTICE OF DEPOSITION**

Index #:  811943/2021e

Law Dept. #:  2021-001811

          **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the undersigned will take by deposition the testimony of all adverse parties at a time and date to be mutually agreed upon at the pre-calendar conference.

          **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony the said adverse parties shall produce all books and papers in their possession relating to the issues upon which said parties are to be examined and upon your failure to so produce them, parol and/or secondary evidence thereof and of the contents of the same will be required.

                                       Yours, etc.
                                       GEORGIA M. PESTANA
                                       Corporation Counsel
                                       Attorney for Defendants THE CITY OF NEW
                                       YORK, NEW YORK CITY MAYOR BILL DE
                                       BLASIO,  NEW YORK POLICE DEPARTMENT
                                       ("NYPD") COMMISSIONER DERMOT SHEA,
                                       100 Church Street
                                       New York, New York 10007

TO:
COHEN & GREEN P.L.L.C
the attorney(s) for Plaintiff(s)
1639 Centre St., Suite 216
Ridgewood, New York 11385

**VERIFICATION**

JON MARTINO an attorney admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the Civil Practice Laws and Rules: affirmant is an employee of the Office of the Corporation Counsel; that affirmant has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters alleged upon information and belief, which affirmant believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board/Department of Education, and the officers or agents thereof; and further affirms that on this date he/she served said answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery upon:

> COHEN & GREEN P.L.L.C
> the attorney(s) for Plaintiff(s)
> at  1639 Centre St., Suite 216
> Ridgewood, New York 11385

by e-filing a copy on the New York State Courts E-filing system within this e-filed matter .

Dated:      New York, New York
            December 7, 2021

_____
JON MARTINO

**STIPULATION/CERTIFICATION**

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board/Department of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated:      New York, New York
            December 7, 2021

By:      _____
         JON MARTINO
         Assistant Corporation Counsel

_____
Attorney(s) for Plaintiff(s)

**Please do not send correspondence to the above named individual unless otherwise directed.** See Answer back for additional contact information.

Index #:  811943/2021e

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU AND
DANIEL MAIURI,

Plaintiff(s),

- against -

THE CITY OF NEW YORK; NEW YORK CITY MAYOR BILL DE
BLASIO; NEW YORK POLICE DEPARTMENT ("NYPD")
COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT
TERENCE MONAHAN; NYPD ASSISTANT CHIEF KENNETH
LEHR; NYPD LEGAL BUREAU SERGEANT KENNETH RICE; NYPD
OFFICER KHALID KHACHFE; NYPD OFFICER FIRST NAME
UNKNOWN ("FNU") DORCH; NYPD OFFICER RAUL FLORES;
NYPD DETECTIVE NELSON NIN; AND NYPD MEMBERS JOHN
AND JANE DOES # 1-94,

Defendant(s).

# ANSWER AND DEMANDS

GEORGIA M. PESTANA
Corporation Counsel
Attorney for Defendants THE CITY OF NEW YORK, NEW YORK
CITY MAYOR BILL DE BLASIO,  NEW YORK POLICE
DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA,
100 Church Street
New York, New York 10007
Telephone Numbers:

Early Intervention Unit (settlements – all Boroughs)
(212) 356-1665
Pleadings Unit (212) 356-3235 (pleadings matters only)

All Other Matters (Inquire by county of venue)
Bronx Office: (718) 503-5030 (EBT's - 5045)
Brooklyn Office: (718) 724-5200 (EBT's-5226)
Manhattan Office: (212) 356-2725 (EBT's-2791)
Queens Office: (718) 558-2100 (EBT's - 2105)
Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2021-001811**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.