UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHELLYNE RODRIGUEZ, ALEXANDER NICULESCU,
AND DANIEL MAIURI,

                        Plaintiffs,

                -against-

THE CITY OF NEW YORK; NEW YORK CITY
MAYOR BILL DE BLASIO; NEW YORK POLICE
DEPARTMENT ("NYPD") COMMISSIONER DERMOT
SHEA; NYPD CHIEF OF DEPARTMENT TERENCE
MONAHAN; NYPD ASSISTANT CHIEF KENNETH
LEHR; NYPD LEGAL BUREAU SERGEANT
KENNETH RICE; NYPD OFFICER KHALID
KHACHFE; NYPD OFFICER FIRST NAME
UNKNOWN ("FNU") DORCH; NYPD OFFICER RAUL
FLORES; NYPD DETECTIVE NELSON NIN; AND
NYPD MEMBERS JOHN AND JANE DOES #1-94,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF
DEFENDANTS CITY OF
NEW YORK, SHEA, DE
BLASIO, MONAHAN, LEHR,
RICE, KHACHFE, FLORES,
AND NIN**

21 CV 10815 (PKC)

Jury Trial Demanded

        Defendants City of New York ("City"), New York City Police Department

("NYPD") Commissioner Dermot Shea, Bill De Blasio, NYPD Chief of Department Terence

Monahan, Kenneth Lehr, Kenneth Rice, Khalid Khachfe, Raul Flores and Nelson Nin, by their

attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for

their Answer to the Complaint, respectfully allege, upon information and belief, the following:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit

that multiple protests occurred throughout the United States and New York City during the

spring and summer of 2020, following the death of George Floyd.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint.

        3.  Deny the allegations set forth in paragraph "3" of the Complaint.

4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.   Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "5" of the Complaint.

6.   Deny the allegations set forth in paragraph "6" of the Complaint.

7.   Deny the allegations set forth in paragraph "7" of the Complaint.

8.   Deny the allegations set forth in paragraph "8" of the Complaint.

9.   Deny the allegations set forth in paragraph "9" of the Complaint; except admit that Commissioner Shea participated in a press conference on or about June 4, 2020; and respectfully refer the Court and plaintiffs to the video of the press conference, referend in footnote 1 in paragraph "9," for a full an accurate representation of its contents.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, expect admit that an 8:00 p.m. curfew was in place on or about June 4, 2020.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint; and state that to the extent paragraph "16" contains conclusions of law, no response is required.

17. Deny the allegations set forth in paragraph "17" of the Complaint; and respectfully refer the Court and plaintiffs to the June 5, 2020 Gothamist article referenced in footnote "2," for a full and accurate recitation of its contents.

18. Deny the allegations set forth in paragraph "18" of the Complaint; and respectfully refer the Court and plaintiffs to the June 5 and 7, 2020 online articles referenced in footnotes "3" and "4," for a full and accurate recitation of their contents.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff purport to proceed as set forth therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiffs purport to base venue as set forth therein.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiffs purport to base jurisdiction as set forth therein.

22. Deny the allegations set forth in paragraph "22" of the Complaint; except admit that a document purporting to be a Notice of Claim for plaintiff Rodriguez was received by the New York City Comptroller's Office on or about September 2, 2020; and deny knowledge or information sufficient to form a belief as to whether plaintiffs Maiuri and Niculecu filed Notices of Claim.

23. Deny the allegations set forth in paragraph "23" of the Complaint; except admit that a document purporting to be a Notice of Claim for plaintiff Rodriguez was received by the New York City Comptroller's Office on or about September 2, 2020; and deny knowledge or information sufficient to form a belief as to whether plaintiffs Maiuri and Niculecu filed Notices of Claim.

24. Deny the allegations set forth in paragraph "24" of the Complaint; except admit that plaintiffs filed their original Complaint in this matter in New York Supreme Court, Bronx County, on or about September 2, 2021.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Admit only that the City of New York is a municipal corporation duly organized under the laws of the State of New York. Defendants further respectfully refer plaintiff and the Court to the New York City Charter and New York City Administrative Code for a full and accurate recitation of the relationship between defendant City and the NYPD and the City's responsibilities incident thereto.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Bill de Blasio was the Mayor of the City of New York on or about June 4, 2020; and respectfully refer plaintiffs and the Court to the New York City Charter and New York City Administrative Code for a full and accurate recitation of their contents, including the duties and responsibilities of the Mayor of the City of New York.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Dermot Shea was the Commissioner of the New York City Police Department ("NYPD") on or about June 4, 2020; and respectfully refer plaintiffs and the Court to the New York City Charter and New York City Administrative Code for a full and accurate recitation of their contents, including the duties and responsibility of the NYPD commissioner.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Terence Monahan was the NYPD Chief of Department on or about June 4, 2020 and

was present in Mott Haven at some point in time on or about June 4, 2020; and respectfully refer plaintiffs and the Court to the New York City Charter and New York City Administrative Code for a full and accurate recitation of their contents, including the duties and responsibilities of the NYPD Chief of Department.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Kenneth Lehr was the Commander of Patrol Borough Bronx on or about June 4, 2020 and was present in Mott Haven at some point in time on or about June 4, 2020; and respectfully refer plaintiffs and the Court to the New York City Charter and New York City Administrative Code for a full and accurate recitation of their contents.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Kenneth Rice was employed by the City of New York as a member of the NYPD and acting in the capacity as a Legal Bureau Attorney on or about June 4, 2020 and was present in Mott Haven at some point in time on or about June 4, 2020; and respectfully refer plaintiffs and the Court to the NYPD Patrol Guide for a full and accurate recitation of its contents; and further state that to the extent paragraph "33" contains conclusions of law, no response is required.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that on or about June 4, 2020, Khalid Khachfe, Nelson Nin, and Raul Flores, were employed by the City of New York as NYPD Police Officers; and deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the Jane and John Doe Officers referenced therein.

35. Deny the allegations set forth in paragraph "35" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to "Does 82-85" set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, and its subparts; except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the physical appearances of "Does 82-85" set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to "Does 87-89."

39. Deny the allegations set forth in paragraph "39" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to "Does 81, and 90-95."

40. Paragraph "40" does not contain a factual allegation and therefore no response is required.

41. Deny the allegations set forth in paragraph "41" of the Complaint except admit that Shea, Bill de Blasio, Monahan, Lehr, Rice, Khachfe, Nin, and Flores are or were employed by the City as members of the NYPD; and deny knowledge or information sufficient to form a belief as to the status of employment of the John and Jane Does.

42. Deny the allegations set forth in paragraph "42" of the Complaint and state that to the extent paragraph "42" contains conclusions of law, no response is required.

43. Deny the allegations set forth in paragraph "43" of the Complaint and state that to the extent paragraph "43" contains conclusions of law, no response is required.

44. Deny the allegations set forth in paragraph "44" of the Complaint, and state that to the extent paragraph "44" contains conclusions of law, no response is required.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint; except admit that investigations were conducted.

49. Deny the allegations set forth in paragraph "49" of the Complaint; and respectfully refer the Court and plaintiffs to the governmental reports referenced and cited in footnotes "5-7" therein, for a full and accurate recitation of their contents.

50. Deny the allegations set forth in paragraph "50" of the Complaint; and respectfully refer the Court and plaintiffs to the non-governmental agency reports referenced and cited in footnotes "8-11" therein, for a full and accurate recitation of their contents.

51. Deny the allegations set forth in paragraph "51" of the Complaint, and its subparts; and respectfully refer the Court and plaintiffs to the United States Eastern District Court cases referenced therein for a full and accurate recitation of their contents.

52. Deny the allegations set forth in paragraph "52" of the Complaint, and its subparts; and respectfully refer the Court and plaintiffs to the United States Southern District Court cases referenced therein for a full and accurate recitation of their contents.

53. Deny the allegations set forth in paragraph "53" of the Complaint; except admit that the Office of the Mayor of the City of New York issued Emergency Executive Orders prior to June 4, 2020; and respectfully refer the Court and plaintiffs to the Executive Orders referenced therein for a full and accurate recitation of their contents.

54. Deny the allegations set forth in paragraph "54" of the Complaint; except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 98* on or about March 12, 2020; and respectfully refer the Court and plaintiffs to *Emergency Executive Order No. 98* referenced therein for a full and accurate recitation of its contents.

55. Deny the allegations set forth in paragraph "55" of the Complaint; except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 117* on or about June 1, 2020 which set a curfew beginning on June 1, 2020 at 11:00 p.m.; and respectfully refer the Court and plaintiffs to *Executive Order No. 117* referenced therein and cited in footnote "12," for a full and accurate recitation of its contents.

56. Deny the allegations set forth in paragraph "56" of the Complaint; except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 118* on or about June 1, 2020, wherein a City-wide curfew was ordered from 8:00 p.m. on June 2, 2020 until 5:00a.m. on June 3, 2020; and respectfully refer the Court and plaintiffs to *Executive Order No. 118* referenced therein and cited in footnote "13," for a full and accurate recitation of its contents.

57. Deny the allegations set forth in paragraph "57" of the Complaint; except admit that the Office of the Mayor of the City of New York issued *Emergency Executive Order No. 119* on or about June 2, 2020, wherein a City-wide curfew was ordered to be in effect each day from 8:00 p.m. until 5:00 a.m., beginning at 8:00 p.m. on June 3, 2020 and ending at 5:00 a.m. on June 8, 2020; and respectfully refer the Court and plaintiffs to *Executive Order No. 119* referenced therein and cited in footnote "14," for a full and accurate recitation of its contents.

58. Deny the allegations set forth in paragraph "58" of the Complaint; except admit that on or about June 4, 2020 the City-wide curfew from 8:00 p.m. to 5:00 a.m., as ordered in *Emergency Executive Order No. 119,* was in effect.

59. Deny the allegations set forth in paragraph "59" of the Complaint; and respectfully refer the Court and plaintiffs to *Emergency Executive Orders 117-119* referenced therein for a full and accurate recitation of their contents.

60. Deny the allegations set forth in paragraph "60" of the Complaint; and respectfully refer the Court and plaintiffs to the Curfew Orders referenced therein for a full and accurate recitation of their contents.

61. Paragraph "61" contains no factual allegation, only conclusions of law, and therefore no response is required; additionally, defendants respectfully refer the Court and plaintiffs to AC § 3-108 referenced therein for a full and accurate recitation of its contents.

62. Paragraph "62" contains no factual allegation, only conclusions of law, and therefore no response is required; additionally, defendants respectfully refer the Court and plaintiffs to New York Penal Law § 15.05 referenced therein for a full and accurate recitation of its contents.

63. Deny the allegations set forth in paragraph "63" of the Complaint; state that to the extent paragraph "63" contains conclusions of law, no response is required; and respectfully refer the Court and plaintiffs to AC § 3-108 and New York Penal Law § 15.05 referenced therein for a full and accurate recitation of their contents.

64. Deny the allegations set forth in paragraph "64" of the Complaint; state that to the extent paragraph "64" contains conclusions of law, no response is required; and respectfully

refer the Court and plaintiffs to AC § 3-108 and New York Penal Law § 15.05 referenced therein for a full and accurate recitation of their contents.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint; and respectfully refer the Court and plaintiffs to the NYPD Official Statements referenced therein for a full and accurate recitation of their contents.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint; and respectfully refer the Court and plaintiffs to the NYPD Operations Division Official Instruction referenced therein, and cited to in footnote "16," for a full and accurate recitation of its contents.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint; and respectfully refer the Court and plaintiffs to the NYPD Operations Division Finest Message referenced therein, and cited to in footnote "17," for a full and accurate recitation of its contents.

68. Deny the allegations set forth in paragraph "68" of the Complaint; and state that to the extent paragraph "68" contains conclusions of law, no response is required.

69. Deny knowledge or information sufficient to form a belied as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint; except admit that on or about June 4, 2020, protestors gathered and marched on or near 149th Street and 3rd Avenue in Mott Haven, Bronx, New York, and a number of members of the NYPD were present to monitor the protest.

71. Deny the allegations set forth in paragraph "71" of the Complaint; and respectfully refer the Court and plaintiffs to the June 8, 2012 N.Y. Times article referenced therein, and cited in footnote "18," for a full and accurate recitation of its contents.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint; except admit that on or about June 4, 2020, protestors marched and gathered in Mott Haven, Bronx, New York.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the  Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint; except admit that on or about June 4, 2020 there were a number of members of the NYPD present and on duty in Mott Haven, Bronx, New York, to monitor the protest.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint; except admit that at some point on June 4, 2020 a line of NYPD Officers blocked protestors from marching across the Willis Avenue Bridge into Manhattan, which resulted in the protestors turning onto 136th Street.

83. Deny the allegations set forth in paragraph "83" of the Complaint; except admit that at some point on June 4, 2020 a group of NYPD Officers formed a line across Brook Avenue.

84. Deny the allegations set forth in paragraph "84" of the Complaint; except admit that at some point on June 4, 2020 a group of NYPD Officers formed a line across Brook Avenue.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint; except admit that a number of members of the NYPD were present and monitoring the protest on or about June 4, 2020.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint; except deny knowledge or information sufficient to form a belief as to what, if anything, the protestors were saying.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint; except admit that at some point on June 4, 2020 Defendant Monahan was present in Mott Haven to assist in monitoring the protest.

97. Deny the allegations set forth in paragraph "97" of the Complaint; except admit that at some point on June 4, 2020 Defendant Monahan was present in Mott Haven to assist in monitoring the protest; and respectfully refer the Court and plaintiff's to the NYPD Patrol Guide referenced therein for a full and accurate recitation of its contents.

98. Deny the allegations set forth in paragraph "98" of the Complaint; except admit that at some point on June 4, 2020 Defendant Lehr was present in Mott Haven to assist in monitoring the protest.

99. Deny the allegations set forth in paragraph "99" of the Complaint; except admit that at some point on June 4, 2020 Defendant Rice was present in Mott Haven to assist in monitoring the protest.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint; except admit that at some point on June 4, 2020 Defendants Monahan, Lehr, and Rice were present in Mott Haven to assist in monitoring the protest; and further admit that a number of protestors in Mott Haven were detained or arrested on or about June 4, 2020 by various members of the NYPD.

102.     Deny the allegations set forth in paragraph "102" of the Complaint; except admit that at some point on June 4, 2020 Defendant Monahan was present in Mott Haven to assist in monitoring the protest.

103.     Deny the allegations set forth in paragraph "103" of the Complaint.

104.     Deny the allegations set forth in paragraph "104" of the Complaint.

105.     Deny the allegations set forth in paragraph "105" of the Complaint.

106.     Deny the allegations set forth in paragraph "106" of the Complaint.

107.     Deny the allegations set forth in paragraph "107" of the Complaint.

108.     Deny the allegations set forth in paragraph "108" of the Complaint.

109.     Deny the allegations set forth in paragraph "109" of the Complaint.

110.     Deny the allegations set forth in paragraph "110" of the Complaint.

111.     Deny the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint; and deny knowledge or information sufficient to form a belief as to the truth as to what, if any, alleged injuries were sustained by all of the protestors present in the crowd on June 4, 2020.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint except state that Rodriguez was lawfully arrested.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "116" of the Complaint.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "133" of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations in paragraph "137" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth as to what communications, if any, were exchanged between plaintiff Rodriguez and John and Jan Does 82-85.

138.    Deny the allegations in paragraph "138" of the Complaint.

139.    Deny the allegations in paragraph "139" of the Complaint.

140.    Deny the allegations in paragraph "140" of the Complaint.

141.    Deny the allegations in paragraph "141" of the Complaint.

142.    Deny the allegations in paragraph "142" of the Complaint.

143.    Deny the allegations in paragraph "143" of the Complaint.

144.    Deny the allegations in paragraph "144" of the Complaint.

145.    Deny the allegations in paragraph "145" of the Complaint.

146.    Deny the allegations in paragraph "146" of the Complaint.

147.    Deny the allegations in paragraph "147" of the Complaint.

148.    Deny the allegations in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations in paragraph "150" of the Complaint.

151.    Deny the allegations in paragraph "151" of the Complaint.

152.     Deny the allegations in paragraph "152" of the Complaint; except admit that on June 4, 2020 Detective Nin helped to transport a number of detainees in a prisoner van to the 48th precinct.

153.     Deny the allegations in paragraph "153" of the Complaint.

154.     Deny the allegations in paragraph "154" of the Complaint.

155.     Deny the allegations in paragraph "155" of the Complaint.

156.     Deny the allegations in paragraph "156" of the Complaint.

157.     Deny the allegations in paragraph "157" of the Complaint.

158.     Deny the allegations in paragraph "158" of the Complaint.

159.     Deny the allegations in paragraph "159" of the Complaint.

160.     Deny the allegations in paragraph "160" of the Complaint.

161.     Deny the allegations in paragraph "161" of the Complaint.

162.     Deny the allegations in paragraph "162" of the Complaint.

163.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "163" of the Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "164" of the Complaint.

165.     Deny the allegations in paragraph "165" of the Complaint.

166.     Deny the allegations in paragraph "166" of the Complaint.

167.     Deny the allegations in paragraph "167" of the Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "168" of the Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "169" of the Complaint.

170.     Deny the allegations in paragraph "170" of the Complaint.

171.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "171" of the Complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "172" of the Complaint; except admit that plaintiff Rodriguez was issued a summons on or about June 4, 2020.

173.     Deny the allegations in paragraph "173" of the Complaint.

174.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "174" of the Complaint.

175.     Deny the allegations set forth in paragraph "175" of the Complaint; and deny knowledge or information sufficient to form a belief as to the truth of the final disposition on plaintiff Rodriguez's criminal charges.

176.     Deny the allegations set forth in paragraph "176" of the Complaint.

177.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "177" of the Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Complaint.

180.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "180" of the Complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint; and deny knowledge or information sufficient to form a belief as to the truth of what, if any, alleged injuries Plaintiff Niculescu sustained as a result of the June 4, 2020 incident.

188.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "188" of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "189" of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "190" of the Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "191" of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "194" of the Complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "195" of the Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "196" of the Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "197" of the Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "198" of the Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "201" of the Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "202" of the Complaint.

203.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "203" of the Complaint.

204.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "204" of the Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff Maiuri's wrists were restrained with zip-ties on or about June 4, 2020.

207.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "207" of the Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff Maiuri requested medical attention.

210.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "210" of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "213" of the Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "215" of the Complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint; except admit that Defendant Officer Raul Flores issued plaintiff Maiuri a summons on or about June 4, 2020.

218.    Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "218" of the Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "219" of the Complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "220" of the Complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint; and respectfully refer the Court and plaintiffs to the 2003 N.Y. Civil Liberties Union article reference therein, and cited in footnote "19," for a  full and accurate recitation of its contents.

225.    Deny the allegations set forth in paragraph "225" of the Complaint; and respectfully refer the Court and plaintiffs to the 2005 N.Y. Civil Liberties Union article reference therein, and cited in footnote "20," for a  full and accurate recitation of its contents.

226.    Deny the allegations set forth in paragraph "226" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *Callaghan v. City of New York*, 07 Civ. 9611(PKC)(JLC)(S.D.N.Y.) cited therein in footnote "21," for a full and accurate recitation of its contents.

227.    Deny the allegations set forth in paragraph "227" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *People of the State of New York v. City of New York*, et al., 21-cv-0322 (S.D.N.Y.) cited therein in footnote "22," for a full and accurate recitation of its contents.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint; and respectfully refer the Court and plaintiffs to the Federal Civil Dockets for a full and accurate representation of the various lawsuits referenced therein.

230.    State that paragraph "230" of the Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-cv-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted). To the extent a response is required, deny the allegations set forth in paragraph "230" of the Complaint, and its subparts; and respectfully refer the Court and plaintiffs to the docket sheets of the cases referenced therein as well as the NYCLU reports, online articles and research papers referenced and cited therein for a  full and accurate recitation of their contents, including court opinions and dicta.

231.    Object to and deny the embedded assertion that the NYPD's response to the June 4, 2020 protest was violent, and state that the remaining allegations set forth in paragraph "231" of the Complaint are too vague to provide an informed response.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Complaint; except admit only, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn; and respectfully refer the Court and plaintiffs to the July 12, 2020 Gothamist article referenced therein, and cited in footnote "25," for a full and accurate recitation of its contents.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Complaint; except admit only, upon information and belief, that a demonstration was held on July 13, 2020 in Brooklyn; and respectfully refer the Court and plaintiffs to the July 13, 2020 Gothamist article referenced therein, and cited in footnote "26," for a full and accurate recitation of its contents.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Complaint; except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020; and respectfully refer the Court and plaintiffs to the October 7, 2020 Gothamist article referenced therein, and cited in footnote "27," for a full and accurate recitation of its contents.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint; except admit only, upon information and belief, that a protest was held in New York City on November 1, 2020; and respectfully refer the Court and plaintiffs to the October 26, 2020 article referenced therein, and cited in footnote "28," for a  full and accurate recitation of its contents.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Complaint; except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Staten Island on December 2, 2020; and respectfully refer the Court and plaintiffs to the November 2, 2020 Gothamist article referenced therein, and cited in footnote "29," for a  full and accurate recitation of its contents.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Complaint; except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Staten Island on December 2, 2020; and respectfully refer the Court and plaintiffs to the December 3rd and 5th, 2020 NBC News articles referenced therein, and cited in footnotes "27" and "28," for a full and accurate recitation of their contents.

238.    Deny the allegations set forth in paragraph "238" of the Complaint, and its subparts; and respectfully refer the Court and plaintiffs to the matter *Dwares v. City of New York*, 985 F. 2d 94 (2d Cir. 1993) and multiple online article referenced therein, and cited in footnotes "29 -35," for a full and accurate recitation of their contents.

239.    Deny the allegations set forth in paragraph "239" of the Complaint.

240.    Deny the allegations set forth in paragraph "240" of the Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint; and respectfully refer the Court and plaintiffs to the Attorney General Preliminary Report referenced therein, and cited in footnote "36," for a full and accurate recitation of its contents.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint.

249.     State that the allegations set forth in paragraph "249" of the Complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. To the extent an answer is required, deny the allegations set forth in paragraph "249" of the Complaint, and its subparts; and respectfully refer the Court and plaintiffs to the October 2015 *Findings and Recommendations Report* referenced therein, and cited in footnote "37," for a full and accurate recitation of its contents; and state that to the extent paragraph "249" contains conclusions of law, no response is required.

250.     Deny the allegations set forth in paragraph "250" of the Complaint.

251.     Deny the allegations set forth in paragraph "251" of the Complaint; except admit that SRG has a unit in each borough and that members of SRG were present and on duty at the protest in Mott Haven on or about June 4, 2020.

252.     Deny the allegations set forth in paragraph "252" of the Complaint; except admit that members of SRG were present and on duty at the protest in Mott Haven on or about June 4, 2020.

253.     Deny the allegations set forth in paragraph "253" of the Complaint; and respectfully refer the Court and plaintiffs to the January 30, 2015 article referenced therein, and cited in footnote "38," for a full and accurate recitation of its contents.

254.     Deny the allegations set forth in paragraph "254" of the Complaint; except admit that members of SRG were present and on duty at the protest in Mott Haven on or about June 4, 2020.

255.     Deny the allegations set forth in paragraph "255" of the Complaint; except admit that members of SRG were present and on duty at the protest in Mott Haven on or about June 4, 2020; and respectfully refer the Court and plaintiffs to the October 15, 2015 article

referenced therein, and cited in footnote "39," for a full and accurate recitation of its contents. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar 2, 2020) (citations omitted).

256.    Deny the allegations set forth in paragraph "256" of the Complaint; except admit only that all members of the NYPD are required to attend training each year.

257.    Deny the allegations set forth in paragraph "257" of the Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Complaint; except admit that members of the SRG were present and on duty at the protest in Mott Haven on or about June 4, 2020.

259.    Deny the allegations set forth in paragraph "259" of the Complaint; and respectfully refer the Court and plaintiffs to the OCC Report referenced therein, and cited in footnote "40," for a full and accurate recitation of its contents.

260.    Deny the allegations set forth in paragraph "260" of the Complaint.

261.    Deny the allegations set forth in paragraph "261" of the Complaint.

262.    Deny the allegations set forth in paragraph "262" of the Complaint; and respectfully refer the Court and plaintiffs to the March 17, 2006 N.Y. Times article referenced therein, and cited in footnote "41," for a full and accurate recitation of its contents. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did

not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar 2, 2020) (citations omitted).

263.   Deny the allegations set forth in paragraph "263" of the Complaint.

264.   Deny the allegations set forth in paragraph "264" of the Complaint.

265.   Deny the allegations set forth in paragraph "265" of the Complaint.

266.   Deny the allegations set forth in paragraph "266" of the Complaint.

267.   Deny the allegations set forth in paragraph "267" of the Complaint.

268.   Plaintiffs failed to provide a citation to the purported testimony of a purported unidentified witness for the City of New York and, as such, defendants cannot respond to the allegations set forth in paragraph "268" of the Complaint. To the extent a response is required, deny the allegations set forth in paragraph "268" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *Packard v. City of New York*, 15-cv-7130 (S.D.N.Y.)(AT) referenced therein for a full and accurate recitation of its contents. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar 2, 2020) (citations omitted).

269.   Deny the allegations set forth in paragraph "269" of the Complaint.

270.   Plaintiffs have failed to provide a citation to the purported testimony of a purported unidentified 30(b)(6) witness in an unspecified case and, as such, defendants cannot respond to the allegations set forth in paragraph "270" of the Complaint. To the extent a response is required, deny the allegations set forth in paragraph "270" of the Complaint.

271.   Deny the allegations set forth in paragraph "271" of the Complaint.

272.    Deny the allegations set forth in paragraph "272" of the Complaint.

273.    Deny the allegations set forth in paragraph "273" of the Complaint.

274.    Deny the allegations set forth in paragraph "274" of the Complaint.

275.    Deny the allegations set forth in paragraph "275" of the Complaint.

276.    Deny the allegations set forth in paragraph "276" of the Complaint.

277.    Deny the allegations set forth in paragraph "277" of the Complaint.

278.    Deny the allegations set forth in paragraph "278" of the Complaint; except admit that a number or protestors at the Mott Haven protest were detained or arrested on or about June 4, 2020 and placed in flex-cuffs; and deny knowledge or information sufficient to form a belief as to the truth of whether any of the plaintiffs in this matter were placed in flex-cuffs on or about June 4, 2020.

279.    Deny the allegations set forth in paragraph "279" of the Complaint; and deny knowledge or information sufficient to form a belief as to whether any of the plaintiffs in this matter were placed in flex-cuffs on or about June 4, 2020.

280.    Deny the allegations set forth in paragraph "280" of the Complaint.

281.    Deny the allegations set forth in paragraph "281" of the Complaint.

282.    Deny the allegations set forth in paragraph "282" of the Complaint.

283.    Deny the allegations set forth in paragraph "283" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *Burley v. City of New York*, 03-cv-2915(WHP)(FM)(S.D.N.Y. March 23, 2005) referenced therein for a full and accurate recitation of its contents.

284.    Deny the allegations set forth in paragraph "284" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *Kunster v. City of New York*, 04-cv-1145(RWS)(MHD)(S.D.N.Y.) referenced therein for a full and accurate recitation of its contents.

285.    Deny the allegations set forth in paragraph "285" of the Complaint; and respectfully refer the Court and plaintiffs to the matter *McNamara v. City of New York*, 04-cv-9216(RJS)(JCF)(S.D.N.Y.) referenced therein for a full and accurate recitation of its contents.

286.    Deny the allegations set forth in paragraph "286" of the Complaint; and state that to the extent paragraph "286" contains conclusions of law, no response is required.

287.    Deny the allegations set forth in paragraph "287" of the Complaint; and respectfully refer the Court and plaintiffs to the DOI Report referenced therein, and cited to in footnote "43," for a full and accurate recitation of its contents.

288.    Deny the allegations set forth in paragraph "288" of the Complaint.

289.    Deny the allegations set forth in paragraph "289" of the Complaint.

290.    Deny the allegations set forth in paragraph "290" of the Complaint.

291.    Deny the allegations set forth in paragraph "291" of the Complaint; and state that to the extent paragraph "291" contains conclusions of law, no response is required.

292.    Deny the allegations set forth in paragraph "292" of the Complaint; and respectfully refer the Court and plaintiffs to the Executive Orders referenced therein for a full and accurate recitation of their contents; and state that to the extent paragraph "292" contains conclusions of law, no response is required.

293.    Deny the allegations set forth in paragraph "293" of the Complaint; and state that to the extent paragraph "293" contains conclusions of law, no response is required.

294.    Deny the allegations set forth in paragraph "294" of the Complaint; and state that to the extent paragraph "294" contains conclusions of law, no response is required.

295.    Deny the allegations set forth in paragraph "295" of the Complaint; and state that to the extent paragraph "295" contains conclusions of law, no response is required.

296.    Deny the allegations set forth in paragraph "296" of the Complaint; and respectfully refer the Court and plaintiffs to the September 16, 2020 letter from NYPD Deputy Commissioner referenced therein, and cited in footnote "44," for a full and accurate recitation of its contents; and state that to the extent paragraph "296" contains conclusions of law, no response is required.

297.    Deny the allegations set forth in paragraph "297" of the Complaint.

298.    Deny the allegations set forth in paragraph "298" of the Complaint; and state that to the extent paragraph "298" contains conclusions of law, no response is required.

299.    Deny the allegations set forth in paragraph "299" of the Complaint; and state that to the extent paragraph "299" contains conclusions of law, no response is required.

300.    Deny the allegations set forth in paragraph "300" of the Complaint; and state that to the extent paragraph "300" contains conclusions of law, no response is required.

301.    Deny the allegations set forth in paragraph "301" of the Complaint.

302.    Deny the allegations set forth in paragraph "302" of the Complaint.

303.    Deny the allegations set forth in paragraph "303" of the Complaint.

304.    Deny the allegations set forth in paragraph "304" of the Complaint; and state that to the extent paragraph "304" contains conclusions of law, no response is required

305.    Deny the allegations set forth in paragraph "305" of the Complaint; and state that to the extent paragraph "305" contains conclusions of law, no response is required.

306.     Deny the allegations set forth in paragraph "306" of the Complaint; and state that to the extent paragraph "306" contains conclusions of law, no response is required.

307.     Deny the allegations set forth in paragraph "307" of the Complaint; and respectfully refer the Court and plaintiffs to the policies referenced therein for a full and accurate recitation of their contents; and state that to the extent paragraph "307" contains conclusions of law, no response is required.

308.     Deny the allegations set forth in paragraph "308" of the Complaint.

309.     Deny the allegations set forth in paragraph "309" of the Complaint.

310.     Deny the allegations set forth in paragraph "310" of the Complaint.

311.     Deny the allegations set forth in paragraph "311" of the Complaint.

312.     Deny the allegations set forth in paragraph "312" of the Complaint.

313.     Deny the allegations set forth in paragraph "313" of the Complaint; and respectfully refer the Court and plaintiffs to the New York State and City of New York, Covid-19 Policies, that were in place on or about June 4, 2020, referenced therein, for a full and accurate recitation of their contents.

314.     Deny the allegations set forth in paragraph "314" of the Complaint.

315.     Deny the allegations set forth in paragraph "315" of the Complaint.

316.     Deny the allegations set forth in paragraph "316" of the Complaint.

317.     Deny the allegations set forth in paragraph "317" of the Complaint.

318.     Deny the allegations set forth in paragraph "318" of the Complaint.

319.     Deny the allegations set forth in paragraph "319" of the Complaint.

320.     Deny the allegations set forth in paragraph "320" of the Complaint; and state that to the extent paragraph "320" contains conclusions of law, no response is required.

321.    Deny the allegations set forth in paragraph "321" of the Complaint; and respectfully refer the Court and plaintiffs to the New York State and City of New York, Covid-19 Policies, that were in place on or about June 4, 2020, referenced therein, for a full and accurate recitation of their contents.

322.    Deny the allegations set forth in paragraph "322" of the Complaint; and state that to the extent paragraph "322" contains conclusions of law, no response is required.

323.    Deny the allegations set forth in paragraph "323" of the Complaint.

324.    Deny the allegations set forth in paragraph "324" of the Complaint; except admit that on or about July 2020 the New York State Office of the Attorney General created a document entitled "Preliminary Report on the New York City Police Department's Response to Demonstrations Following the Death of George Floyd," and respectfully refer the Court and plaintiffs to the July 2020 Report referenced therein, and cited in footnote "45," for a full and accurate recitation of its contents.

325.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "325" of the Complaint; and respectfully refer the Court and plaintiffs to the July 2020 New York State Office of the Attorney General Report referenced therein for a full and accurate recitation of its contents.

326.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "326" of the Complaint; and respectfully refer the Court and plaintiffs to the July 2020 New York State Office of the Attorney General Report referenced therein for a full and accurate recitation of its contents.

327.    Deny the allegations set forth in paragraph "327" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a

document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "46," for a full and accurate recitation of its contents.

328.    Deny the allegations set forth in paragraph "328" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "47," for a full and accurate recitation of its contents.

329.    Deny the allegations set forth in paragraph "329" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "48," for a full and accurate recitation of its contents.

330.    Deny the allegations set forth in paragraph "330" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein for a full and accurate recitation of its contents.

331.    Deny the allegations set forth in paragraph "331" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein for a full and accurate recitation of its contents.

332.    Deny the allegations set forth in paragraph "332" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein for a full and accurate recitation of its contents.

333.    Deny the allegations set forth in paragraph "333" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "49," for a full and accurate recitation of its contents.

334.    Deny the allegations set forth in paragraph "334" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "50," for a full and accurate recitation of its contents.

335.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "335" of the Complaint; and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "51," for a full and accurate recitation of its contents.

336.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "336" of the Complaint; and respectfully refer the Court and plaintiffs to the December 2020 document referenced therein, and cited in footnote "52," for a full and accurate recitation of its contents.

337.    Deny the allegations set forth in paragraph "337" of the Complaint.

338.    In response to the allegations set forth in paragraph "338" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

339.    Deny the allegations set forth in paragraph "339" of the Complaint.

340.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "340" of the Complaint.

341.    Deny the allegations set forth in paragraph "341" of the Complaint.

342.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "342" of the Complaint.

343.    Deny the allegations set forth in paragraph "343" of the Complaint.

344.    Deny the allegations set forth in paragraph "344" of the Complaint; and state that to the extent paragraph "344" contains conclusions of law, no response is required.

345.    In response to the allegations set forth in paragraph "345" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

346.    Deny the allegations set forth in paragraph "346" of the Complaint.

347.    Deny the allegations set forth in paragraph "347" of the Complaint.

348.    Deny the allegations set forth in paragraph "348" of the Complaint; and state that to the extent paragraph "348" contains conclusions of law, no response is required.

349.    In response to the allegations set forth in paragraph "349" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

350.     Deny the allegations set forth in paragraph "350" of the Complaint.

351.     Deny the allegations set forth in paragraph "351" of the Complaint.

352.     Deny the allegations set forth in paragraph "352" of the Complaint.

353.     Deny the allegations set forth in paragraph "353" of the Complaint.

354.     Deny the allegations set forth in paragraph "354" of the Complaint.

355.     Deny the allegations set forth in paragraph "355" of the Complaint; and state that to the extent paragraph "355" contains conclusions of law, no response is required.

356.     Deny the allegations set forth in paragraph "356" of the Complaint.

357.     Deny the allegations set forth in paragraph "357" of the Complaint, and its subparts; and state that to the extent paragraph "357" contains conclusions of law, no response is required.

358.     Deny the allegations set forth in paragraph "358" of the Complaint.

359.     Deny the allegations set forth in paragraph "359" of the Complaint; and state that to the extent paragraph "359" contains conclusions of law, no response is required.

360.     In response to the allegations set forth in paragraph "360" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

361.     Deny the allegations set forth in paragraph "361" of the Complaint; and state that to the extent paragraph "361" contains conclusions of law, no response is required.

362.     Deny the allegations set forth in paragraph "362" of the Complaint; and state that to the extent paragraph "362" contains conclusions of law, no response is required.

363.     Deny the allegations set forth in paragraph "363" of the Complaint.

364.    Deny the allegations set forth in paragraph "364" of the Complaint; and state that to the extent paragraph "364" contains conclusions of law, no response is required.

365.    In response to the allegations set forth in paragraph "365" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

366.    Deny the allegations set forth in paragraph "366" of the Complaint; and respectfully refer the Court and plaintiffs to C.P.L. §150.20 as well as the NYPD policies referenced therein, for a full and accurate recitation of their contents; and state that to the extent paragraph "366" contains conclusions of law, no response is required.

367.    Deny the allegations set forth in paragraph "367" of the Complaint.

368.    Deny the allegations set forth in paragraph "368" of the Complaint.

369.    Deny the allegations set forth in paragraph "369" of the Complaint.

370.    Deny the allegations set forth in paragraph "370" of the Complaint; and state that to the extent paragraph "370" contains conclusions of law, no response is required.

371.    In response to the allegations set forth in paragraph "371" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

372.    Deny the allegations set forth in paragraph "372" of the Complaint.

373.    Deny the allegations set forth in paragraph "373" of the Complaint.

374.    Deny the allegations set forth in paragraph "374" of the Complaint; and state that to the extent paragraph "374" contains conclusions of law, no response is required.

375.   In response to the allegations set forth in paragraph "375" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

376.   Deny the allegations set forth in paragraph "376" of the Complaint.

377.   Deny the allegations set forth in paragraph "377" of the Complaint; and state that to the extent paragraph "377" contains conclusions of law, no response is required.

378.   Deny the allegations set forth in paragraph "378" of the Complaint.

379.   Deny the allegations set forth in paragraph "379" of the Complaint.

380.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "380" of the Complaint.

381.   Deny the allegations set forth in paragraph "381" of the Complaint.

382.   Deny the allegations set forth in paragraph "382" of the Complaint; and state that to the extent paragraph "382" contains conclusions of law, no response is required.

383.   In response to the allegations set forth in paragraph "383" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

384.   Deny the allegations set forth in paragraph "384" of the Complaint.

385.   Deny the allegations set forth in paragraph "385" of the Complaint, including subparts; and state that to the extent paragraph "385" contains conclusions of law, no response is required.

386.   Deny the allegations set forth in paragraph "386" of the Complaint.

387.   Deny the allegations set forth in paragraph "387" of the Complaint; and state that to the extent paragraph "387" contains conclusions of law, no response is required.

388.    In response to the allegations set forth in paragraph "388" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

389.    Deny the allegations set forth in paragraph "389" of the Complaint; and state that to the extent paragraph "389" contains conclusions of law, no response is required.

390.    Deny the allegations set forth in paragraph "390" of the Complaint.

391.    Deny the allegations set forth in paragraph "391" of the Complaint; and state that to the extent paragraph "391" contains conclusions of law, no response is required.

392.    Deny the allegations set forth in paragraph "392" of the Complaint; except deny knowledge or information sufficient to form a belief as to the truth of what, if anything, plaintiff Maiuri was doing with his phone on or about June 4, 2020.

393.    Deny the allegations set forth in paragraph "393" of the Complaint.

394.    Deny the allegations set forth in paragraph "394" of the Complaint.

395.    Deny the allegations set forth in paragraph "395" of the Complaint; and state that to the extent paragraph "395" contains conclusions of law, no response is required.

396.    Deny the allegations set forth in paragraph "396" of the Complaint.

397.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "397" of the Complaint.

398.    Deny the allegation set forth in paragraph "398" of the Complaint.

399.    Deny the allegations set forth in paragraph "399" of the Complaint.

400.    Deny the allegations set forth in paragraph "400" of the Complaint.

401.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "401" of the Complaint.

402.    Deny the allegations set forth in paragraph "402" of the Complaint; and state that to the extent paragraph "402" contains conclusions of law, no response is required.

403.    Deny the allegations set forth in paragraph "403" of the Complaint; and state that to the extent paragraph "403" contains conclusions of law, no response is required.

404.    Deny the allegations set forth in paragraph "404" of the Complaint.

405.    Deny the allegations set forth in paragraph "405" of the Complaint; and state that to the extent paragraph "405" contains conclusions of law, no response is required.

<strong><u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE:</u></strong>

406.    The Complaint fails to state a claim upon which relief can be granted.

<strong><u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE:</u></strong>

407.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

<strong><u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u></strong>

408.    Plaintiffs provoked any incident.

<strong><u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:</u></strong>

409.    Punitive damages are not recoverable against the City of New York.

<strong><u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:</u></strong>

410.    To the extent plaintiffs assert state law claims against defendants, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

411.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

412.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

413.    Plaintiffs may have failed to mitigate their damages.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:**

414.    Neither defendants Mayor de Blasio, nor Commissioner Shea were personally involved in the specific incidents underlying plaintiffs' allegations.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

415.    There was probable cause and reasonable suspicion for plaintiffs' detentions, arrests, searches and prosecutions.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

416.    Defendants are entitled to qualified immunity.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:**

417.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiffs' failure to comply with the requirements of the N.Y. Gen Mun, Law 50-(e), (h) and/or (i).

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE:

418.   To the extent any force was used by the individual defendants, such force was reasonable, necessary, and justified.

**WHEREFORE**, Defendants City, Shea, Bill de Blasio, Monahan, Lehr, Rice, Nin, Flores and Khachfe request a judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 15, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendants City, Shea, Monahan, Bill*
   *de Blasio, Lehr, Rice, Nin, Flores and Khachfe*
100 Church Street | Room 3-213
   Tel: (212) 356-2012
mmckinne@law.nyc.gov

By:      *Morgan C. McKinney*  / s/

         Morgan C. McKinney, Esq.
         *Senior Counsel*
         Special Federal Litigation Division

cc:      <u>VIA ECF</u>
         J. Remy Green, Esq.
         *Attorney for Plaintiffs*