

March 16, 2022

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Shellyne Rodriguez et al v. City of New York, et. al.</u>, 21-CV-10815 (PKC)

Your Honor:

      I am co-counsel for Plaintiffs in the above-captioned matter. I write to ask that the Court remove this case from the so-called "1983 Plan" codified in SDNY Local Civil Rule 83.10. Defendants oppose this request.

      **Background and Procedural History**. Plaintiffs – Shellyne Rodriguez, a professor and organizer of the protest at issue here; Alexander Niculescu, MD, a physician; and Daniel Maiuri, a community activist and organizer- were each assaulted, arrested, and prosecuted by members of the New York City Police Department ("NYPD") at a Black Lives Matter ("BLM") protest in the Mott Haven neighborhood of the Bronx on June 4, 2020, at the height of citywide protests in the wake of the police murder of George Floyd. A weft of cases, including a number of putative class actions, arising from the NYPD's policing of the summer 2020 George Floyd/BLM protests, was filed in late 2020 and early 2021, several of which focus on the NYPD's June 4 attack on the Mott Haven protest. Many of those cases are now before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein and have been consolidated for pre-trial purposes under the *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 docket (the "Consolidated Actions"). In early 2021, Judge McMahon put the cases on a rocket docket. Discovery in those cases – in which a massive amount of documents related to the Mott Haven incident have been exchanged - has been, and remains, ongoing. This case has taken a different path. Following the June 4, 2020 protest, Plaintiffs Rodriguez, Niculescu and Maiuri also began to seek accountability and redress. For example, each filed a Notice of Claim and sat for a hearing at which they gave testimony about their experiences under oath pursuant to New York's General Municipal Law.

Each Plaintiff subsequently determined that they would opt out of any putative classes that might be certified in the Consolidated Actions and that they would pursue their own claims in New York State court. Accordingly, on September 2, 2021, Plaintiffs filed the Complaint in this matter in New York State Supreme Court, Bronx County. Between November 19 and 22, 2022, Plaintiffs served each of the non-Doe Defendants – including Defendants Bill de Blasio, Dermot Shea, Terence Monahan, Kenneth Lehr, and Kenneth Rice. On December 7, 2021, Defendants City, Deblasio and Shea filed their answer.

On December 17, 2021, Defendants City, de Blasio, and Shea only removed the action to this Court. (Dkt. No. 1). On December 17, 2021, the Court designated this case for participation in the 1983 Plan. On December 28, 2021, counsel for Plaintiffs e-mailed counsel of record for Defendants regarding (1) the potential relatedness of this case to the Consolidated Actions; (2) the then-urgent need to identify certain Doe Defendants before certain statutes of limitations related to state law claims ran on February 1, 2022; (3) the need to conduct a Rule 26(f) conference as soon as possible; and (4) removing the case from the 1983 Plan. Counsel did not respond.  On January 7, 2022, the Court set an Initial Pretrial Conference for June 17, 2022 (Dkt. No. 9). On January 10, 2022, counsel for Plaintiffs e-mailed counsel of record for Defendants a copy of this order, and again reiterated the need to discuss the issues from the December 28, 2021 e-mail, including the urgent need to identify certain Doe defendants prior to certain statutes of limitations related to state law claims ran on February 1, 2022. Defense counsel responded on January 11 that they were working on our requests and would reply by the end of the week. On January 12, 2022, Plaintiffs served 160.50 releases and again repeated our requests from December 28, 2021. Defendants responded that they oppose removal from the Plan and do not believe this case to be related to the Consolidated Actions,[1] but did not respond to our other requests related to urgent Doe identifications and scheduling a 26(f) conference. On March 14, 2022, Defendants filed an additional answer (Dkt. No. 11).[2] Defense counsel has still not responded to our requests for Doe identifications and did not respond to our requests for a Rule 26(f) conference until yesterday (March 16, 2022), requesting that we not do future scheduling until after the Court rules on this motion.

**Plaintiffs' Position**: Plaintiffs respectfully submit that it was an error to include this case in the 1983 Plan, which does not apply to cases filed in New York State Court and removed to this Court, in the first place. *See, e.g., Roundtree v. City of New York et al*, 21-cv-10576 (AJN)(SDA), Dkt. No. 17 (January 1, 2022 Opinion and Order). In denying Defendant City's application to have the

---

[1] As to the potential relatedness issues, in two other cases arising from a separate Summer 2020 Black Lives Matter protest date and location that are before Hon. Lewis A. Kaplan, Judge Kaplan directed the parties to submit letters to him and Judge McMahon, which the parties did (*see Britvec et al v. The City of New York et al*, , 21-cv-10759 (LAK) (Dkt No. 16 (Plaintiffs' letter))( Dkt. No. 17 (Defendants' Letter).  On January 31, 2022, the Court determined that the actions should proceed separately, with coordinated discovery. *See Britvec* et al, Dkt. No. 18.

[2] The Answer at Dkt. No. 11 appears to be in error or an amended answer, as Defendants City, DeBlasio and Shea already answered before this case was removed.



*Roundtree* case – which the Plaintiff had filed in New York State Supreme Court and Defendant City had removed to this Court - included in the 1983 Plan, Magistrate Judge Aaron ruled, in pertinent part: "Rule 83.10 was designed to apply to actions filed in this Court in the first instance." Setting that aside, this Court should remove the case from the 1983 Plan now in its discretion because keeping the case in the 1983 Plan is not likely to achieve the 1983 Plan's stated goals, while it is guaranteed to frustrate Plaintiffs' interests in timely and expeditious prosecution of this action. Because the Consolidated Actions have involved extensive discovery regarding the Mott Haven incident, this is not the typical 1983 Plan case, in which Defendants must investigate the claims from scratch. In this case, Defendants already have the relevant 1983 Plan early discovery, either because those records were unsealed and exchanged in the extensive discovery related to the Mott Haven incident that has occurred in the Consolidated Actions[3], or because Defendants received (or should have received) them using the releases Plaintiffs provided to defense counsel in January of 2022. Plaintiffs can guarantee the Court that resolution of this case is not going to happen without additional discovery from Defendants specifically related to Plaintiffs' claims, which the 1983 Plan categorically prohibits. And Plaintiffs can also guarantee that mediation will not lead to settlement in this case. Of course, the parties can discuss settlement at any time, and ask Your Honor for a settlement conference if, and when, it makes sense. In the meantime, Plaintiffs would like to pursue discovery on their individual claims. For all those reasons, Plaintiffs ask that the Court remove this case from the 1983 Plan.

Thank you for your attention to this matter.

Respectfully submitted,

_____
Elena L. Cohen (Dr., Ms./ She, Her, Hers)
Cohen&Green P.L.L.C.
1639 Centre St., Suite 216
Ridgewood, New York 11385

---

[3] For over a year in the Consolidated Actions, discovery, including specifically extensive *Monell* discovery into the policies, practices, and training that Plaintiffs challenge in this matter, as well as extensive discovery about the June 4, 2020 events at Mott Haven, has been proceeding at a rocket docket pace. Among other things, Defendants have disclosed, or have said they are in the process of disclosing, all arrest and arrest processing records, video, and other documents related to the Mott Haven arrests, including Plaintiffs'.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com