

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MORGAN C. MCKINNEY<br>*Senior Counsel*<br>mmckinne@law.nyc.gov<br>Phone: (212) 356-2012 |

March 21, 2022

**By ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Rodriguez, et al., v. City of New York, et al.,
                  21 CV 10815 (PKC)

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am assigned to represent defendants City of New York, Bill de Blasio, Monahan, Shea, Lehr, Rice, Flores, Khachfe, and Nin ("City defendants") in the above-referenced matter. The City defendants write in opposition to plaintiffs' March 16, 2022 letter requesting that this matter be removed from Local Civil Rule 83.10 (formerly the Section 1983 Plan) (Docket Entry No. 12).

      By way of background, plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, alleging multiple claims including false arrest, excessive force, malicious prosecution, deprivation of a right to a fair trial, violation of First Amendment rights, and Monell against the City, former Mayor Bill de Blasio, former Police Commissioner Dermot Shea, former Chief of Police Terence Monahan, former Assistant Chief Kenneth Lehr, Sergeant Kenneth Rice, Officer Khalid Khachfe, Detective Nelson Nin, and Officer Raul Flores, for alleged incidents that occurred during the June 4, 2020 Mott Haven police protest.

      On September 2, 2021 plaintiffs initiated this case in New York State Court, Bronx County. On December 16, 2021 this case was removed from state Court to the Southern District of New York. (See Civil Dkt. No. 1). Once removed to federal court, on December 17, 2022 the matter was designated to participate in the Local Civil Rule 83.10. (See Civil Dkt. No. 3). On March 16, 2022, plaintiffs moved for exemption from Local Civil Rule 83.10, arguing that: 1) the case should never have been designated a Plan case as it was brought in state court; 2) the 1983 Plan is guaranteed to frustrate plaintiffs' interest in timely prosecution of this matter; 3) defendants already have access to relevant discovery due to other consolidated cases; and 4)

mediation would not lead to settlement (while also stating that settlement can be discussed at any time). (See Civil Dkt. No. 12).

According to the Local Civil Rule 83.10, "[u]nless otherwise ordered, in civil cases filed by a represented plaintiff against the City of New York ("City") and/or the New York City Police Department ("NYPD") or its employees alleging … excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below shall apply." This action falls squarely within these parameters. Here, plaintiffs allege they were falsely arrested while attending a protest in Mott Haven, Bronx, New York on June 4, 2020. Plaintiffs further allege that they were subjected to excessive force, malicious prosecution, unconstitutional infringements on their First Amendment rights, among many other claims, by various members of the NYPD. As plaintiffs are represented by counsel and alleging claims that fall within Local Civil Rule 83.10 against members of the NYPD, the Court should not remove this case from the Plan.

Plaintiffs' arguments for removal from Local Civil Rule 83.10 are unavailing. First, Local Civil Rule 83.10 was expressly intended for these very types of cases – where plaintiffs have brought claims against the NYPD for violations of their civil rights pending in this District. Plaintiffs claim that cases removed from state court should be treated differently. However, aside from one case, which included third parties and was never designated as part of the Plan, plaintiffs' position is unsupported. Local Civil Rule 83.10 states:

> [I]n civil cases filed by a represented plaintiff against the City of New York ("City") and/or the New York City Police Department ("NYPD") or its employees alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below…shall apply.

There is no mention of cases needing to be filed in this District, but rather the Plan categorically includes any represented cases against the very same parties listed here. There is simply no support in the text of the Rule for plaintiffs' contention that cases initially brought in state court should be treated differently.

One purpose of the Plan is to increase efficiencies in these categories of Section 1983 cases by mandating early disclosures of categories of documents and directing the parties to early mediation. The Plan would help facilitate the exchange of any materials that plaintiffs may possess and aid in identifying any alleged Doe officers, provide an opportunity for plaintiffs to amend their pleadings without leave of Court, and direct the parties to Plan mediation with the potential for early resolution. Plan mediation seems particularly well suited for a case such as this, in which, as plaintiffs admit, so much discovery is already available to both sides. In fact, despite plaintiffs' claims that the Plan will unnecessarily delay litigation as the City already has the necessary documents, much of the time built into the Plan has already passed. Despite plaintiffs' claims that additional discovery is necessary prior to discussing settlement, they do not point to what discovery that would include. Participation in Local Civil Rule 83.10 is not intended to delay litigation, but rather enables the parties to litigate more efficiently. Indeed, the Plan was designed to help efficiently manage and reduce the time of the disposition in the typical Section 1983 cases brought against the NYPD and its officers. See Elliot v. City of N.Y., 2020

U.S. Dist. LEXIS 216028 (S.D.N.Y. Nov. 18, 2020) (explaining the history and purposes of adopting Local Civil Rule 83.10).

Moreover, courts in this district routinely order that cases remain in the Plan, even when a plaintiff objects. See, e.g., Sergent v. City of New York, 20-cv-08161-VSB (S.D.N.Y.)(The Court denied plaintiff's request to be exempted from the Plan as plaintiff did not expect to reach a resolution. Defendants objected, and the case ultimately settled in mediation.); Coste v. City of New York, et al., 20-cv-10365-CM (S.D.N.Y., March 23, 2021)(Ordering that the parties proceed to mediation unless "the City is in a resolute 'no pay' posture or if the plaintiffs will not settle no matter what is offered, then mediation makes no sense.")

The parties should engage in Plan discovery in order to assess and value this case, as the Plan contemplates. Moreover, the Plan discovery schedule is not an excessively lengthy process, and will not frustrate or impede the plaintiffs' ability to prosecute this matter. Accordingly, the Court should deny plaintiffs' request to remove this matter from Local Civil Rule 83.10.

Thank you for your consideration herein.

Respectfully submitted,

*Morgan C. McKinney /s/*
Morgan C. McKinney, Esq.
*Senior Counsel*
Special Federal Litigation Division

**VIA ECF**

Elena L. Cohen
*Attorney for Plaintiffs*