

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Morgan C. McKinney
Senior Counsel
phone: (212) 356-2012
fax: (212) 356-3509
email: mmckinne@law.nyc.gov

March 28, 2022

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:  Rodriguez, et al., v. The City of New York, et al.,
             21 CV 10815 (PKC)

Your Honor:

       I am the Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to the defense of defendants City of New York, former Mayor Bill de Blasio, former Chief of Police Terence Monahan, former Police Commissioner Dermot Shea, former Assistant Chief Kenneth Lehr, Sergeant Kenneth Rice, Officer Khalid Khachfe, Detective Nelson Nin, and Officer Raul Flores ("City defendants") in the above-referenced matter. The City defendants write to respectfully request reconsideration of the Court's March 22, 2022 Order that, inter alia, coordinates discovery in this matter with the discovery in In re NY City Policing During Summer 2020 Demonstrations, 20-cv-8924(CM) ("Summer 2020"), and to produce all documents produced to plaintiffs in Summer 2020 by April 1, 2022. (See Civil Dkt. No. 14). The City defendants further respectfully request: 1) a stay of the Monell discovery in this matter, pending the resolution of Summer 2020; or in the alternative, 2) bifurcation of the Monell discovery in this matter, pending the resolution of the already pending and identical Monell claim in Summer 2020.

       By way of background, plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, malicious prosecution, deprivation of a right to a fair trial, a violation of the First Amendment, and a Monell claim related to alleged incidents that occurred during the June 4, 2020 Mott Haven police protest. Specifically, as it relates to their excessive force claims, plaintiffs allege that their zip-tie cuffs were too tight, they were punched and

pushed by various officers, and plaintiff Maiuri specifically alleges that he was struck in the face with a baton. In regards to their <u>Monell</u> claim, plaintiffs further allege that the City of New York has "policies, practices, and customs Defendants subjected the Plaintiffs to, including, but not limited to: uses of force, and false arrests, and unreasonable restrictions on protestors' First Amendment-protected conduct, often without fair warning; employing crowd control tactics such as pushing, corralling, encircling, or otherwise trapping protestors, without fair warning; engaging in retaliatory and selective enforcement of the criminal laws against perceived participants in First Amendment assemblies, particularly Black Lives Matter and/or anti-police brutality protests, in the absence of adequately clear standards to guide police officials' extremely broad discretion to arrest anyone at their whim…" (Plaintiffs' Complaint, ¶384).

I.  <u>**Reconsideration is Warranted Because Plaintiffs' Counsel are Already in Possession of the Extensive Discovery Produced in Summer 2020**</u>

   The Court's Order coordinating discovery in this matter with <u>Summer 2020</u> and ordering the City defendants to produce all documents produced to plaintiffs in <u>Summer 2020</u> by April 1, 2022 bears reconsideration first and foremost because plaintiffs' counsel in this matter, Gideon Oliver, Remy Green, Jessica Massimi and Elena Louisa Cohen, are each noticed attorneys representing the plaintiffs in <u>Summer 2020</u>. They are four of the forty-seven (47) attorneys in the <u>Summer 2020</u> cases, and have been litigating <u>Summer 2020</u> for the past year and five months. (<u>See</u> Civil Docket, <u>Summer 2020</u>). As such, the plaintiffs' counsel in this matter already have access to the approximately 550,000 pages of discovery that have been produced thus far in <u>Summer 2020</u> and they also have an intimate familiarity with the record in <u>Summer 2020</u> spanning the course of one year and five months. The undersigned, who is not involved in the defense of <u>Summer 2020</u> or familiar with the extensive discovery in <u>Summer 2020</u>, and is the only attorney representing the City defendants in this matter, would now be required to both produce and familiarize herself with an approximately 550,000 page record in just ten (10) days.

   Furthermore, on August 26, 2021 plaintiffs in <u>Summer 2020</u> filed a Second Amended Class Action Complaint wherein they sought to represent a class under Federal Rule of Civil Procedure 23(b)(3) consisting of the following persons: "(a) all persons arrested based upon an alleged violation of Mayor de Blasio's Emergency Executive Order No. 119 who were confined and/ or seized by police before the time of day at which the curfew went into effect, who later had summonses or charges dismissed; (b) arrested for participating in an allegedly unlawful assembly from May 28, 2020 to June 8, 2020, for which police lacked probable cause to believe that the assembly in question had the purpose of engaging or preparing to engage in tumultuous and violent conduct, who later had summonses or charges dismissed; and/ or (c) injured by the use of objectively unreasonable force by members of the New York City police department in the course of arresting and/ or dispersing protestors who had been surrounded and charged, from May 28, 2020 to June 8, 2020." (<u>Summer 2020</u>, Second Amended Class Action Complaint, ¶192 Civil Dkt. No. 249) The plaintiffs in this matter clearly fall into the proposed class in <u>Summer 2020</u>. Not only that, but the plaintiffs in this matter are bringing an identical <u>Monell</u> claim to the <u>Monell</u> claim alleged in <u>Summer 2020</u>. (<u>See</u> <u>Id</u>. ¶¶228-232).

   The City defendants also note that the plaintiffs' attorneys in this case have no less than 3 separate cases related to the summer 2020 protests that have <u>not</u> been consolidated

with <u>Summer 2020</u>.[1]  To the extent other plaintiffs have brought a putative class action (20 CV 08924) alleging claims of false arrest and excessive force at the Mott Haven protests, the City defendants are unclear why the three individual plaintiffs' claims in this case are not being litigated in that class action.[2] Nevertheless, were the City ordered to coordinate discovery in each of these individual cases, which appears to be the direction that plaintiffs' counsel seeks to proceed in each separate case, it would cause a staggering amount of duplicative litigation and a burdensome effort on the part of the City defendants, that provides no benefit whatsoever to plaintiffs. Therefore, due to the extensive amount of discovery that has been, and will be, produced in <u>Summer 2020</u>, which the plaintiffs' counsel in this matter already possess and will have in their possession, the City defendants respectfully request that the Court reconsider it's March 22, 2022 Order coordinating discovery.

## II.    In the Alternative, a Stay and/ or Bifurcation is Warranted in the Interest of Judicial Economy

In the alternative, the City defendants respectfully propose a stay of <u>Monell</u> discovery in this matter, pending the resolution of the identical <u>Monell</u> claim as brought in the <u>Summer 2020</u> cases. Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require.  <u>See</u> <u>United States v. Kordel</u>, 397 U.S. 1, 12 n.27 (1970).  Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 96 (2d Cir. 2012); <u>Plaintiffs #1-21 v. County of Suffolk</u>, 138 F. Supp. 3d 264 (E.D.N.Y. 2015). Given the circumstances of this case to date – the complexity and extensive discovery that has been produced and litigated in <u>Summer 2020</u> for the past year and five months that the undersigned will now be required to produce in an extremely short period of time, plaintiffs' counsels' participation in <u>Summer 2020</u>, their familiarly and access to the aforementioned <u>Monell</u> discovery, and given the expedited docket in <u>Summer 2020</u>, a stay of the <u>Monell</u> discovery in this matter is appropriate. A stay would also prevent the likelihood of inconsistent decisions on the identical <u>Monell</u> claims, which could potentially be separately litigated in at least 4 separate cases being handled by the plaintiffs' counsel in this matter. Furthermore, a stay of the <u>Monell</u> discovery in this matter would not prejudice the plaintiffs in any manner, as there is no risk for loss of evidence or testimony as plaintiffs' counsel are already handling and intimately familiar with this discovery in <u>Summer 2020</u>.

Bifurcation of the <u>Monell</u> discovery in this matter is also warranted, pending the resolution of the identical <u>Monell</u> claim in <u>Summer 2020</u>. District courts have broad discretion under Rule 42(b) of the Federal Rules of Civil Procedure to bifurcate issues and/or claims. Fed. R. Civ. P. 42(b); <u>Katsaros v. Cody</u>, 744 F.2d 270, 278 (2d Cir. 1984) (the decision to bifurcate is

---

[1] <u>See</u> <u>DeLuca, Shoop, Farrow v. City of New York</u>, 21-cv-10777(AJN)(KJP); <u>See</u> <u>also</u> <u>Sukana, v. CNY</u>, 21-cv-10899(LJL).

[2] Of course, such rulings "coordinating" discovery in each of these cases would permit plaintiffs' counsel to bill separately for reviewing the same discovery in at least 3 separate cases that the undersigned is currently aware of.

"firmly within the discretion of the trial court."). Bifurcation is "appropriate where the evidence offered on two different issues will be wholly distinct[,]…where litigation of one issue may obviate the need to try another issue[,]" see Vichare v. AMBAC, Inc., 106 F.3d 457, 466 (2d Cir. 1996), or "where one party will be prejudiced by evidence presented against another." Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999). To prevail on a bifurcation motion, the moving party need only demonstrate the presence of one of these factors. Amato, 972 F. Supp., at 124, aff'd, 170 F.3d 311 (2d Cir. 1999)); see also, West v. City of New York, No. 88 Civ. 1801 (DC), 1996 U.S. Dist. LEXIS 6239, at *15-*16 (S.D.N.Y. May 8, 1996). The evidence offered on plaintiffs' false arrest, excessive force, and First Amendment claims are "wholly distinct" from the evidence offered related to plaintiffs' Monell claim.  Moreover, for all of the reasons discussed above, bifurcation of plaintiffs' Monell claim would be time and cost effective and if Monell discovery is not bifurcated, the City defendants would be prejudiced for the reasons stated above.

For the foregoing reasons, the City defendants respectfully request reconsideration of the Court's March 22, 2022 Order. In the alternative, the City defendants respectfully propose that the Court: 1) stay the Monell discovery in this matter, pending the resolution of the Summer 2020 matter; or in the alternative, 2) a bifurcation of the Monell discovery in this matter, pending the resolution of the identical  Monell claim in Summer 2020.

Thank you for your consideration of this request.

Respectfully submitted,

*Morgan C. McKinney /s*
Morgan C. McKinney, Esq.
Senior Counsel

cc:    BY ECF
       Remy Green, Esq.
       Gideon Oliver, Esq.
       Jessica Massimi, Esq.
       Elena Cohen. Esq.
       *Attorneys for Plaintiffs*