

<div style="text-align: right">December 20, 2022</div>

Honorable P. Kevin Castel, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

    Re:    <u>Rodriguez et al v. City of New York, et. al.</u>, 21-CV-10815 (PKC)

Dear Judge Castel:

    I am co-counsel for Plaintiffs in the above-captioned matter. I am writing to ask the Court to grant leave to serve a third-party subpoena by alternative means.

### Background

    By way of background on this issue, this case concerns a protest in the Bronx during the summer of 2020. During that protest, relevant to this subpoena, documentarians (specifically, one Michael Kamber[1] and a student) from the Bronx Documentary Center filmed Plaintiffs' arrests with high quality equipment including telephoto lenses and — as we understand it — captured events and facts that it appears are not well-captured elsewhere (whether by body worn camera, reporters, protesters, or something else). That includes, we believe,[2] direct footage of the moment Plaintiff Rodriguez alleges an officer punitively tightened her handcuffs.

    Our firm has been in communication with Mr. Kamber and the Center since July of this year, attempting to negotiate a way to acquire the relevant and essential documents. In August, Mr. Kamber sent an email confirming he and the Center were going to refuse to release the photographs. Despite an extended attempt at negotiation, ultimately Mr. Kamber and the Center refused to provide any of the photographs or footage they have.

    Since that time, after providing the required copy to Defendants, we have attempted to serve Mr. Kamber and the Center with a subpoena (in the form attached as **Exhibit 1**[3]). Unfortunately, Mr. Kamber and the Center have not responded to our request that they accept service to avoid the cost of a process server, and despite many attempts, our process server has not been able to get into the Center's physical building, and reports that the Center's hours are few, far between, and not clear. At this stage, personal service is extremely burdensome, while past communication establishes that the

---

[1] According to the Center's website, Mr. Kamber is the Center's Founder and Executive director.

[2] That is, Plaintiff Rodriguez's memory is that Mr. Kamber's camera was pointed directly at her at the moment this took place.

[3] We initially sent Mr. Kamber a version by email with a December 14, 2022 return date. However, after difficulties serving him, we amended the date as reflected in the version attached.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



email address we have for Mr. Kamber works and is one he checks routinely for himself and as a representative of the Center.

### Discussion

The Court has the power to permit service by a wide variety of means — and most Courts have concluded that email to a reliable address is permissible under Fed. R. Civ. P. 4 and CPLR 308. For subpoenas, under Rule 45, the relevant text is that "serving a subpoena requires ***delivering*** a copy to the named person." Fed. R. Civ. P. 45(b)(1) (emphasis added); *compare contra,* Fed. R. Civ. P. 4(e)(2) (requiring "delivering a copy of the summons and of the complaint to the individual ***personally***") (emphasis added).

Thus, "district courts in recent years have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *SEC v Pence*, 322 FRD 450, 454 (SDNY 2017) (collecting cases). To take advantage of such service, "courts typically require a party seeking leave to serve by alternative means to demonstrate a prior diligent attempts to personally serve before permitting substituted service under Rule 45." *Id.* (cleaned up), *quoting Kenyon v Simon & Schuster, Inc.*, 2016 US Dist LEXIS 140917, at *9 (SDNY Oct. 11, 2016). Part of the more modern trend is guided by Rule 1's command to ensure efficient processing of cases, without undue expense. But that said, even some (relatively speaking) older cases have offered the suggestion that "[t]here appears to be no reason why the forum state's procedural law should not be sufficient for accomplishing service under Rule 45." *King v Crown Plastering Corp.*, 170 FRD 355, 356, n 1 (EDNY 1997).[4]

Here, Plaintiffs have attempted diligently (even though not strictly required) to serve Mr. Kamber and the Center through a process server, but have been unable to. That attempt has shown that handing them a physical copy of the subpoena will be impractical, since it appears to be extraordinarily difficult to find a time the Center is open for service. By contrast, email would be simple, and it appears clear that email would be effective to provide notice.

Given that, and the fact that it is unlikely further efforts by our process server will succeed, Plaintiffs respectfully request that the Court grant leave to serve the attached subpoena to the Bronx Documentary Center and Mr. Kamber at the email address Mr. Kamber has previously responded to us from. We also ask this now in light of the upcoming mediation, and the fact that having the documents we are seeking is likely to help the parties reach a settlement.

Thank you for your attention to this matter.

---

[4] Rule 4 allows any method of service permitted by state rules, and courts have generally permitted service of a summons by email where a "movant supplie[s] the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address," and where service by email is reasonably calculated to provide fair notice of what is being served. *Nadim Nimai Kesten v. Broad. Music*, No. 20 Civ. 8909 (LJL), 2021 U.S. Dist. LEXIS 39926, 2021 WL 1740806, at *2 (S.D.N.Y. Mar. 3, 2021) (*quoting AMTO, LLC v. Bedford Asset Mgmt., LLC*, 2015 U.S. Dist. LEXIS 70577, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) and collecting cases).

COHEN&GREEN    Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



        Respectfully submitted,

          /s/
        _____

        Elena L. Cohen
          *Honorific/Pronouns: Ms., she/her/hers*
        **COHEN&GREEN P.L.L.C.**
        *Attorneys for Plaintiff*
        1639 Centre St., Suite 216
        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

    Good cause has been shown for alternate service on the Bronx Documentary Center and Mr. Kamber by means of email to Mr. Kamber's address and sent to him individually and as Executive Director of Bronx Documentary Center.
    The subpoena, however, is without prejudice to the rights of these non-parties to quash, inter alia, "journalist's privilege". See, United States v. Shah, 2022 WL 1422252 (SDNY, May 5, 2022).
SO ORDERED.
Dated:  12/21/2022

*P. Kevin Castel*
United States District Judge

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com