

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**OMAR J. SIDDIQI**
*Senior Counsel*
E-mail: osiddiqi@law.nyc.gov
Phone: (978) 994-1217
Fax: (212) 356-3509

April 10, 2023

**BY ELECTRONIC MAIL**
Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York

      Re:  <u>Rodriguez, et al., v. The City of New York, et al.,</u>
           21 CV 10815 (PKC)

Your Honor:

      I am the Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to the defense of defendants City of New York, former Mayor Bill de Blasio, former Chief of Police Terence Monahan, former Police Commissioner Dermot Shea, former Assistant Chief Kenneth Lehr, Sergeant Kenneth Rice, Officer Khalid Khachfe, Detective Nelson Nin, and Officer Raul Flores ("City defendants") in the above-referenced matter. I write to respectfully request that the Court adjourn the settlement conference presently scheduled for April 19, 2023, until a date that is convenient to the Court in the first two weeks of May 2023. I have conferred with plaintiff's counsel who consents to the instant application.

      The reason for the instant request is that the undersigned has been out of the office for much of the last two weeks due to childcare illness issues and religious observances for the month of Ramadan. For that reason, the undersigned requests additional time to prepare for the anticipated settlement conference in a way that would be of the maximum efficiency for the Court's time, and toward the goal of reaching a resolution in this matter. I have spoken to plaintiff's counsel and explained these issues to them, and they have agreed to consent to this application in order to hopefully reach the most productive settlement conference. Defense counsel and plaintiff's counsel would both be available in the first two weeks of May, if there is a date in that window that works for the Court's calendar. I truly thank the Court and plaintiff's counsel for their understanding and apologize for the delay caused by this application.

Thank you for your consideration of this request.

Respectfully submitted,

*Omar J. Siddiqi /s*

Omar J. Siddiqi, Esq.

Senior Counsel

cc:        <u>BY ECF</u>

Elena Cohen, Esq.

Re:   Maria DeLuca et. al., v. City of New York, et al.
      21 Civ. 10777 (AJN) (KHP)

Your Honor:

I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent City Defendants in the above-referenced matter.

**Defendants' Version of Events**

On June 4, 2020, the NYPD was on notice that the fTP4[1] protest was scheduled to take place in Mott Haven. Through review of material on Facebook, it was learned that this protest contained individuals encouraging acts of violence. The previous FTP's (1-3), resulted in over 100 burglaries, and a large volume of property damage. Prior to the start of the FTP4 protest, arrests were made to prevent violent felonies from occurring during the protest. The arrests included apprehending a suspect with an illegal firearm who later confessed that he was going to use the weapon on officers, and a car was stopped which contained an accelerant, these individuals were planning on using that accelerant at the 40th precinct. Defendant Lehr was also notified that glass bottles and bricks had been placed throughout Mott Haven streets in a coordinated effort to cause harm to the community and or police during the evening.

At approximately 6 pm the protest began in the hub of Mott Haven. From there Defendants escorted the plaintiffs and protestors throughout Mott Haven, protecting them from oncoming traffic. On or about 7:53 pm Defendant Lehr and Rice were at the intersection of Willis Ave and E 135th St. A line was formed at the intersection to prevent the plaintiffs and protestors from moving forward and entering the Willis Ave bridge against the flow of traffic. After a few minutes, the back end of the protestors turned around and made a right turn on E 136th St. In response, Defendant Lehr sent a group officers to form a line on E 136 and Brook Ave. This was done to prevent the protestors from walking onto the main roadway which has heavy traffic. Defendants at the Willis avenue intersection followed behind the remaining protestors to E 136th St. and formed a line on E 1361th and Brown Place. Around the time that the officers stationed at Brown were in place, the protestors were on the roadway between the groups of officers at the two ends of the block. Defendants state that around 8 pm or sometime after, Defendants began to play a message over the LRAD system informing the protestors that at 8 pm a city-wide curfew was in effect, and other than essential workers, no one was permitted to be on the city streets. The Defendants played this message several times which allowed protestors an opportunity to leave. After this message was repeated, the officers at Brown Place observed remaining protestors in front of them to link arms and refuse to leave the area. Defendants conferred with NYPD legal and were informed that they had probable cause to arrest the plaintiffs and protestors for violating Executive Order 118. Officers from Brown Place moved forward and attempted to seize and handcuff the remaining protestors for violating the curfew but were met with physical resistance.

Body worn camera provides minimal insight as to what each individually named officer did to the plaintiffs named in the complaint. Defendant Crystal Washington's BWC begins with DeLuca lying on her stomach, already flexcuffed. It continues for a total of one minute showing Washington walk Deluca to the busses.

---

[1] FTP is an acronym for "Fuck the Police."

The body worn camera of Defendant Zabala shows him placing flexcuffs on an individual at this time believed to be Plaintiff Farrow. Plaintiff Farrow is on the ground on his stomach, cuffed and brought to the busses for transport. When Defendant Zabala arrives at the bus, plaintiff Farrow makes a complaint that his left cuff is to tight, the complaint is made again on the bus to Defendant Zabala.

**Plaintiff's Claims and Damages**

Plaintiff brings a purported Section 1983 claims for false arrest, excessive force, malicious prosecution, fabrication of evidence, deliberate indifference to medical needs, deliberate indifference to safety, failure to protect, *Monell*, and related state law claims.

As an initial matter, plaintiffs appear to argue that their damages are higher than those that would be awarded to a "normal" individual due to their professions; Deluca attended the protest as a medical support worker, Shoop is an attorney and legal director of the Bronx Defenders' Civil Action Practice, and Farrow is a PhD student at Columbia University. Defendants do not believe that the plaintiffs' professions should entitle them to "enhanced" damages. With regard to damages, it is important to note that none of the plaintiffs allege any injuries other than those that are typically associated with an arrest.

As a further point, it should be noted that the City has settled, in principle, a class action matter involving the identical claims brought here, namely, claims for all individuals who were arrested and allege their civil rights were violated at the Mott Haven protest on June 4, 2020[2]. It is defendants' view that the settlement of that case represents the worst aspects of what allegedly occurred at Mott Haven and that plaintiffs' settlement posture is not realistic.

Were the plaintiffs to pursue this case to summary judgment, the defendants have a strong qualified immunity argument for any force used. Camera footage of the protests makes clear that the protest was chaotic and that numerous protestors were engaged in violence. Furthermore, it was known to police that there were individuals secreted within the crowd who possessed weapons and had an intent to cause violence against others. The protest, which occurred after days of violent demonstrations in the City and in the middle of the 2020 COVID-19 pandemic, was unique in its scope and presented unprecedented challenges to the NYPD officers who were dealing with the chaos of Summer 2020. Therefore, it is defendants' view that were this case to not settle, it is defensible. Nevertheless, the defendants are cognizant of the "optics" of the Mott Haven protest and are therefore motivated to engage in negotiation.

**Defendant's Position On Settlement**

Plaintiff's settlement demand is $365,000 global. This would average to $121,666.67 for each individual plaintiff. It is defendants' position that this demand is outside the acceptable range.

Defendants have authority of $100,000 global to settle the case for all plaintiffs and all attorneys' fees. Defendants' last settlement offer was $6,500 for Deluca, $6,500 for Shoop, and $6,500 for Farrow.

Defendants believe that this case is amenable to settlement. The undersigned negotiated the *Sierra, et al.* class action and has an understanding of the Mott Haven protest. The undersigned has also worked extensively

---

[2] *Sierra, et al. v. City, et al.*, 20 Civ. 10291 (CM)(GWG). Class members who were arrested at the Mott Haven protest will receive $21,500 exclusive of attorneys' fees, and individuals who were arrested and also received a Desk Appearance Ticket will receive $23,500 exclusive of attorneys' fees.

with plaintiffs' counsel in other matters. The undersigned believes that with the Court's guidance, the parties will be able to reach a resolution in this matter.

Respectfully submitted,

/s/ *Omar J. Siddiqi*

Omar J. Siddiqi, Esq.
*Senior Counsel*
Special Federal Litigation Division