

May 26, 2023

Honorable P. Kevin Castel, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    <u>Rodriguez et al v. City of New York, et. al.</u>, 21-CV-10815 (PKC)

Dear Judge Castel:

    I am co-counsel for Plaintiffs in the above-captioned matter. I write pursuant to the Court's Individual Rule 3(B) as to discovery disputes, and to the Court's order at Docket 48. In compliance with Local Rule 37.2, we request an informal conference with the Court for a pre-motion discovery conference. The discovery dispute relates to the identification of several Doe defendants in this matter, which is information that Plaintiffs require to amend the operative pleading before an applicable statute of limitation may run on June 4, 2023. The requested information relates to the five Doe officers who participated in the arrest and assault of Plaintiff Shellyne Rodriguez, identified in the Complaint as Does 82-86.[1] Specifically, on January 25, 2023, Plaintiffs requested the following information:

1. **Identify the names and shield numbers of the following two individuals, as well as any Body Worn Camera footage from each of these two individuals from June 4, 2020:**

Individual 1: male officer wearing helmet number 27172 on June 4, 2020 at Mott Haven. This is Doe 82 in the Complaint.

Individual 2: female officer wearing helmet number 3068 on June 4, 2020 at Mott Haven. This is Doe 86 in the Complaint.

2. **Identify whether Detective Nelson Nin was present at Mott Haven on June 4, 2020, to confirm that he is Doe 83 in the complaint. If he was present, provide his Body Worn Camera footage for that date.**

    I followed up with Defendants via e-mail on February 2, 2023 (to ensure that Defendants had received these requests) and on May 5, 2023. In my May 5 communication, I requested that Defendants commit to providing the above information and video by May 25, 2023 (if the matter

---

[1] This is a three-plaintiff matter. At the settlement conference on May 18, 2023, the parties reached a settlement into principle as to Plaintiffs Maiuri and Niculescu. Therefore, this discovery dispute relates only to the remaining plaintiff- Ms. Rodriguez.



did not settle at the May 18 settlement conference), and that if Defendants would not agree to that timeline, to meet and confer the week of May 8 in advance of a motion to compel. Having received no responses, on May 7, 2023, I served additional interrogatories directing Defendants, *inter alia*, to identify all five Doe officers. Specifically, Interrogatory 23 states: "Identify NYPD Members John and Janes Does 82-86, whose roles in the Incident related to Ms. Rodriguez are described in ¶¶ 35-37 and 137-169 of the Complaint."

On May 18, 2023, following a settlement conference that did not resolve Ms. Rodriguez's claims, Plaintiffs and Defendants met and conferred. On May 18, 2023, I also provided previously-disclosed photographs, with circles around the Doe 82, 83 and 86 officers, in order to aid identification. On May 20, Defendants confirmed that Detective Nelson Nin is Doe 83- however we have not yet been provided his BWC footage. As to the remaining Does, the Defendants' position is that they are working on these requests and anticipate having this information before June 4, 2023. However, this aspirational position is not the same as committing to identify the Doe defendants and provide relevant video footage. Also, because Plaintiffs must amend the complaint by June 4 (absent an order that the statute of limitations here is tolled, as discussed below), we require this information and any video related to these individuals *before* that date, including to have time to review the video in order identify and name any additional Doe defendants that the City is not able to identify.

As to the statute of limitations issue, ordinarily the statute of limitations for federal claims brought pursuant to § 1983 in New York would run on June 4, 2023. However, then-Governor Cuomo enacted a toll between March and November of 2020, to account for the effect COVID-19. Some Courts have found that toll is picked up by § 1983 along with the general tort statute of limitations. *See, e.g., Bell v Saunders*, 2022 US Dist LEXIS 101994, at *13 (NDNY June 8, 2022). "On March 7, 2020, New York State Governor Andrew Cuomo issued Executive Order 202, declaring a disaster emergency for the State of New York due to the COVID-19 pandemic." *Bell*, 2022 US Dist LEXIS 101994, at *8, *citing* 9 N.Y.C.R.R. § 8.202. Quickly thereafter, he issued an order stating "any specific time limit" on an action "is hereby tolled from the date of this executive order until April 19, 2020." *Id.* That initial toll was extended — in §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.63, 8.202.67 — until November 4, 2020. *Id., citing* § 8.202.72. Section 1983 generally picks up the state's generally applicable tort statute. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); CPLR 214(5). As such, the statute of limitations may run here — with the 153 day toll between June 4, 2023 and November 4, 2023 — on November 5, 2023. We respectfully request that the Court finds that Executive Toll applies here and that the statute if limitations for federal claims is November 5, 2023.

Lastly, I respectfully request that the hearing set for May 30 at 5 pm take place remotely. I am a professor at Thomas R. Kline School of Law in Philadelphia, and I teach until 4 p.m. on May 30, and therefore will not be able to return to New York City by 5 p.m. Because it is the last two weeks of classes before final exams, cancelling a class at this point would be very detrimental to my students.

Thank you for your attention to this matter.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                        Respectfully submitted,
                                              /s/
                                        _____
                                        Elena L. Cohen
                                              *Honorific/Pronouns: Ms., she/her/hers*
                                        **COHEN&GREEN P.L.L.C.**
                                        *Attorneys for Plaintiff*
                                        1639 Centre St., Suite 216
                                        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com