

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | Peter Scutero<br>Senior Counsel<br>(212) 356-2410<br>pscutero@law.nyc.gov |

October 31, 2023

<u>Via ECF</u>
The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

     Re:    *Shellyne Rodriguez v. The City of New York et al.* (21-cv-10815)(PKC)(VF)

Your Honor:

     I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. Pursuant to the September 18, 2023 Order, we write jointly with Plaintiff to provide the Court with the status of the above referenced case.

     In terms of agreement: On October 6, 2023, Defendants provided Plaintiff with the identities of two unidentified Doe members of the NYPD. Plaintiff anticipates filing an Amended Complaint by November 3, 2023.

     In terms of areas of disagreement:

     **Plaintiff's position**: Plaintiff served her first Interrogatories and Document Demands on May 7, 2023. Defendants have never responded. Defendants have provided virtually no discovery in this matter. For example, Defendants have not produced even one video- even though this incident at Mott Haven involved hundreds (if not thousands) of officers with body worn cameras. Counsel for Plaintiff and the Defendants agreed upon October 31, 2023 as the date by which Defendants would finally respond to the May 7, 2023 requests. This was necessary because Plaintiff needs to amend the complaint by November 3, 2023. As a courtesy, because two of the plaintiffs in this matter (Mr. Niculescu and Mr. Maiuri) settled their claims, I sent the City a marked-up version of the exact same requests, with two interrogatories deleted (one related to Mr. Mauiri, one to Mr. Niculescu), as a courtesy, to make clear that Defendants did not need to answer those two interrogatories. The parties never discussed extending the City's time to reply, nor would Plaintiff have agreed to that without also receiving an extension of time to amend the complaint. It was only yesterday, October 30, in Defendants draft letter that Plaintiff learned Defendants did

not plan to respond by today. Regardless, Plaintiff requires these responses to amend the complaint. For example, the complaint named 94 Doe officers. While the City has now identified two Does, and 10 Doe officers involved in Mr. Mauiri and Niculescu's arrests are not at issue, there are 82 Doe officers to be named. To solve this, Plaintiff stated that she would agree to receive discovery responses in November, if Defendants would agree to extend the time to amend the complaint. Defendants have rejected this. Plaintiff therefore requests that the City be compelled to respond to the demands by tomorrow, November 1 to allow time to amend by November 3. In the alternative, Plaintiff will amend by November 3, 2023 and Plaintiff asks that the court extend time to amend the complaint until February 15, 2024 (the close of fact discovery).

Shockingly, Defendant just announced (for the first time) that they thought they only had to try to identify two out of the 94 unidentified Does identified on the face of the complaint, despite promises in the conference to try to identify all of them, and six months of requests. They assert that they did not know they had to try to identify more now that the statute of limitations has almost run. Defendants refuse to provide any support for this position. Plaintiff respectfully asks that this Court extend the time to amend the complaint to February 15, 2024, now that it appears the City has been holding back on providing the identities of the remaining 82 Doe officers in violation of its promises to this Court and to the Plaintiff.

**Defendants position**: Defendants oppose Plaintiff's application on the grounds that it is unripe and premature because the deadline to serve discovery responses has not passed. There is no agreement between the parties for Defendants to respond by October 31, 2023. Simply, this purported dispute is an attempt by Plaintiff to obtain an extension to the deadline to amend the complaint. An extension is not warranted—the facts show that Defendants have complied with Court orders and discovery obligations. In any event, Defendant cannot agree to Plaintiff's proposed extension to the amendment deadline because the date runs past the statute of limitations.

On September 18, 2023, the parties discussed matters to bring to the Court's attention for the Conference scheduled later that morning. Included in that discussion were timeframes for disclosure of the identities of the unidentified Doe police officers; service of and responses to Plaintiff's amended interrogatories and document requests; filing of Plaintiff's amended complaint; and an extension of the discovery end date. During that discussion, Plaintiff agreed to serve amended interrogatories and document requests as soon as possible. Defendants agreed to a 30-day response deadline. Plaintiff also offered to provide Defendants with photographs and other information about the two Doe officers they sought to identify. The dates the parties discussed, except those relating to Plaintiff's discovery requests, were adopted by the Court in the September 18, 2023 order, including the disclosure of unidentified Doe police officers by October 9th. On September 19, 2023, Defendants requested that Plaintiff provide the photos and information about the unidentified Doe officers she sought to identify. On September 20, 2023, Plaintiff identified for Defendants the unidentified Doe officers she sought the identities of and sent Defendants photos and helmet numbers of the officers. There were only two officers that were the subject of Plaintiff's inquiry. Plaintiff did not indicate that there were any other officers she sought to identify. On October 6, 2023, Defendants disclosed the identities of the two unidentified Doe officers to Plaintiff and inquired about the service of Plaintiff's amended discovery requests. More than three weeks from agreeing to send amended discovery requests, on October 10, 2023, Plaintiff sent an email with the amended interrogatories and document requests to Defendants and referred

to them as amended discovery requests. Plaintiff's own email contradicts her position that the discovery requests were sent only as a courtesy and not amended to exclude the Plaintiffs that settled.

On October 30, 2023, Defendants circulated a proposed joint-letter to Plaintiffs indicating that the parties had complied with the Court's September 18th order without any disputes. Unfortunately, Plaintiff declined to consent to the proposed joint letter, instead informing us that she would be seeking to compel the production of responses to interrogatory and document requests. In doing so, Plaintiff could not provide any evidence of an agreement for a response deadline of October 31, 2023. Given these facts, Plaintiff's need for responses is specious. Plaintiff never inquired about the 82 other officers she refers to and never indicated to Defendants that she sought their identities. Moreover, Plaintiff's argument about lack of discovery is belied by the amount of discovery produced in this case. Defendants have already produced more than 300 documents and hundreds of hours of BWC footage (among extensive documentary evidence and video) in the *In Re: New York City Policing During Summer 2020 Demonstrations* (S.D.N.Y. 20-CV-8924) (CM)(GWG) case, which the instant case has been consolidated with for purposes of discovery. As such, Plaintiff has failed to establish a meritorious basis for extending the amendment deadline.

Accordingly, the Court should deny Plaintiff's motion to compel discovery responses as well as her application to extend the deadline to amend the complaint.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero* /s
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)