

February 22, 2024

Honorable Valerie Figueredo, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

  Re: <u>Rodriguez et al v. City of New York, et. al.,</u> 21-cv-10815 (PKC)

Dear Judge Figueredo:

  I am co-counsel for Plaintiffs in the above-captioned matter. I write pursuant to the Court's Individual Practice II(c) and Local Rule 37.2 to request a conference on the issues below. The five specified details of the meet and confer and impasse process required by Your Honor's Practice II(c) are identified below in context. As the Court likely recalls, this case is essentially on a trial track for the remaining Plaintiff, following a pair of settlement conferences that were, as to Ms. Rodriguez, unsuccessful. At issue in this discovery motion is baseline compliance with the discovery rules (as well as one smaller issue).

  Broadly speaking, Defendants have made clear that not only have they not *heard* the "discovery wake-up call to the Bar in this District" that now-retired Judge Peck issued in *Fischer v Forrest* (2017 US Dist LEXIS 28102, at *2 (SDNY Feb. 28, 2017) — they are affirmatively asserting the 2015 amendments to the discovery rules do not mean what they plainly say, and are refusing to state whether they are withholding documents. Thus, as set out below, the Court should compel "defendants to revise their Responses to comply with the Rules" — to the extent it does not find "a waiver of all objections (except as to privilege)." *Id.* at *9. And in either event, the Court should award the attorneys' fees required by Rule 37, since Defendants' position has no justification at all (to say nothing of the "substantial" justification the rule demands).

### DISCUSSION

  By way of background, Plaintiff served discovery demands on Defendants on May 7, 2023 — and at Defendants' insistence, served a version intended to clarify which requests were no longer live because of settlement on October 10, 2023 (attached as required by Local Rule 37.2 as **Exhibit 1**). Defendants served their responses on November 11, 2023 (**Exhibit 2**). The responses do not comply with the 2015 Amendments. Indeed, by Defendants own admission, the response never state whether Defendants are withholding documents, *because* Defendants' position is that they're not required to do so (more on that below).

  Plaintiff served a detailed, 16-page single-spaced deficiency letter on February 5, 2024 (**Exhibit 3**), outlining the broad deficiencies in Defendants responses and citing *Fischer*, and then going through individual issues one by one. The parties met and conferred on approximately the first 8



pages of the letter on February 16, 2024.[1]

      **2015 Amendments**.  During the meet and confer, Plaintiff asked if Defendants were willing to amend their responses to state (1) whether they were withholding anything, (2) what they were withholding, and based on what objections beyond unadorned boilerplate.  Defendants refused.  Plaintiff commemorated this discussion in an email (**Exhibit 4**) sent after the meet and confer, that repeatedly asked things like, "Please let me know as soon as possible if we've misstated any impasses, your positions, or the like."  Defendants position, as required by the Court's Practices, was (I believe verbatim, *see* Ex. 3 at 1):  "We are not required to state whether we are withholding documents."  Plaintiff confirmed this, asking if the parties could "agree that we're at an impasse on the issue of amending your answers to say whether you're withholding anything."  Defendants said, "yes."  *Id*.  Plaintiff confirmed at the meeting and in writing thereafter (*see* Ex. 4 at 1 and 9) that we were at an impasse and intended to move immediately.  We received no response, indicating our commemoration of the meet and confer was inaccurate.

      Defendants' positions find no support in the Rules or commonsense.[2]  While Defendants say, "We are not required to state whether we are withholding documents," Rule 34 says exactly the opposite:  Any "objection ***must*** state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(1)(C) (emphasis added).  The amendment adding that language was specifically intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."  2015 Committee Note to Fed. R. Civ. P. 34.  So, the Committee explains that while a party "does not need to provide a detailed … log," a party "***does need to alert other parties to the fact that documents have been withheld*** and thereby facilitate an informed discussion of the objection."  *Id*. (emphasis added).  Hence, *Fischer*'s "wake up call," warning that "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."  2017 US Dist LEXIS 28102, at *9.

      Since there is no colorable justification for Defendants' refusal to simply state whether they are withholding anything (and what it is, based on what objections),[3] the Court should "require[]

---

[1] As required by the Court's Practices, the conference ran from approximately 3:00 p.m. to 5:13 p.m. (or thereabouts), thus running 2.3 hours.  In attendance for Plaintiff were myself, Elena Cohen, and two law students working on this case (with the Court's leave, we would like to allow those law students to get as much on-their-feet experience in this case as possible); for Defendants was Peter Scutero.

[2] The only seeming explanation for Defendants positions is obstruction for its own sake.  This is repeatedly confirmed by Defendants' other objections pretending they do not understand, for example, that "so-called '[T]urn-Over Arrest' within the meaning of the NYPD Patrol Guide" referred to a "Turnover Arrest" as such an arrest is defined in Patrol Guide Section 208-20, titled (with the same quotation marks — hence, "so-called") "'Turnover' Arrests."[2]

[3] On the coordinated, consolidated docket in *In re New York City Policing During Summer 2020 Demonstrations* (20-cv-8924), this was an ongoing issue — with Judge Gorenstein repeatedly issuing orders, directing a sort of "chart" instead of traditional responses, and even issuing sanctions, all "trying to get the City to just state what they're producing and what they're objecting to."  2/11/2022 Tr. 117:19-23.



defendants to revise their Responses to comply with the Rules" — and consider, given the remarkable position Defendants have taken, "deem[ing the responses] a waiver of all objections (except as to privilege)." *Id.*

**Interrogatory No. 2.**  For Interrogatory No. 2, Defendants have insisted they do not understand the word "afar" in the following context:  *"Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar."*  Defendants' position was that they did not understand what "afar" meant.  Plaintiff confirmed at the meeting and in writing thereafter (*see* Ex. 4 at 1-2 and 9) that we were at an impasse and intended to move immediately.

Defendants position here too is without any defensible rationale.  The phrase itself — "Identify each Incident Commander who <u>was present at the Protest</u>**,** or who <u>actually participated</u> in the chain of command related to the Protest <u>from afar</u>" (juxtaposed terms underlined) —  makes the meaning of "afar" clear if it wasn't on its own.  That is because it contrasts "afar" with "present": An Incident Commander participates in the chain of command "from afar" when they are in the chain, but not "present at the protest."  The Court should overrule Defendants' feigned lack of understanding.

**Rule 37 Fees and Costs.**  Finally, particularly given the posture of this case and the kind of objections Defendants are not just making, but allowing to reach impasse, fees under Rule 37 are not just mandatory, but are serving their core role.  The basic rule is that "if a motion to compel is granted, 'or if the disclosure or requested discovery is provided after the motion was filed — the court ***must*** . . . award reasonable motion expenses incurred in making the motion,'" unless the opposition is "substantially justified." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*).

The standard does not require a finding of bad faith (though it could arguably be found here) — only that a position lacked a substantial justification from an objective perspective.  *Id.*  And the rule is mandatory for the purpose of "deterrence," because otherwise discovery would only move forward "when the backs of counsel and the litigants were against the wall."  *Cine Forty-Second St. Theatre Corp. v Allied Artists Pictures Corp.*, 602 F2d 1062, 1068 (2d Cir 1979) (discussed in *Underdog*).  Here, it is beyond cavil a party needs to state whether they are withholding documents.  There is no justification — let alone substantial justification — for a party to say, "We are not required to state whether we are withholding documents," as Defendants have, when Rule 34 literally says the opposite (and the Committee Notes explain that is the intention).  Nor is there any good faith mistake:  All correspondence leading up to and after the meet and confer cited *Fischer* in depth.  Fees are therefore mandatory.

To sum up:  The Court should (1) order Defendants to revise their response to comply with Rule 37[4]; (2) overrule the "afar" objection," and (3) award mandatory fees under Rule 37.

---

[4] And as set out above, it should also consider finding waiver of all of Defendants' non-privilege objections, as discussed in *Fischer*, given the sheer obstructiveness of Defendants' position ("We are not required to state whether we are withholding documents.") seen in light of the deterrence aim of Rule 37.

COHEN&GREEN    Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



    As ever, we thank the Court for its time and attention.

>Respectfully submitted,
>
>/s/
>_____
>J. Remy Grfeen
>   *Honorific /Pronouns: Mx. / they, their, them*
>**COHEN&GREEN P.L.L.C.**
>*Attorneys for Plaintiff*
>1639 Centre St., Suite 216
>Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN                                                                                                  Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com