**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

| | |
|---|---|
| **SHELLYNE RODRIGUEZ, et al.,** | **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** |
| **Plaintiffs,** | |
| -against- | 21-cv-10815 (PKC)(VF) |
| **THE CITY OF NEW YORK, et al.,** | |
| **Defendants.** | |

-------------------------------------------------------------------------X

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiffs hereby request that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Elena Cohen, 1639 Centre St, Suite 216, Ridgewood, NY 11385 within 30 days after service hereof.

## INSTRUCTIONS

1. Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

1

3. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4. For each person identified who is not a New York City Police Department ("NYPD") agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

5. For each person identified who is a NYPD employee or agent, set forth separately their true, full, and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

6. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

   a. The name(s) and title(s) of the person(s) who searched for the document.

   b. A statement of the specific efforts made by that person to locate the document, and the locations searched.

   c. A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

      d. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

      e. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9. Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10. These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

11. When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

12. If documents or information responsive to a particular interrogatory or document request have been produced in other litigation, Defendants may identify the document(s) or information by date(s) of production and other information sufficient for Plaintiffs' counsel to locate the document(s) or information in question, such as Bates Number(s) or other identifiers.

## DEFINITIONS

1. These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

2. "Incident" refers to the Plaintiffs' arrests and detentions on June 4, 2020 and the related events described in the operative Complaint in the case, including related uses of force on, and prosecutions against, Plaintiffs.

3. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4. "Individual Defendants" refers to the individuals named as Defendants in the Complaint (*i.e.,* the non-municipal Defendants).

5. "Protest" refers to the June 4, 2020 protest at which Plaintiffs were arrested.

6. "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

7. "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

8. "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

9. "Curfew Orders" refers to a series of Mayoral Executive Orders then-New York City Mayor Bill de Blasio enacted imposing a curfew on the City beginning on June 1, 2020 and continuing through and including the date of the Protest.

## INTERROGATORIES

1. Identify each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest.

2. Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.

3. Identify each member of the NYPD's Legal Bureau who was present at the Protest.

4. Identify each member of the NYPD's Legal Bureau with whom any Individual Defendant consulted in connection with the NYPD's response to the Protest, before or during the Protest.

5. Identify each person who observed each Plaintiff on June 4, 2020 prior to each Plaintiff's arrest.

6. Identify each person who has Personal Knowledge regarding each Plaintiff's conduct on June 4, 2020 leading up to that Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.

7. Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.

8. Identify each person who determined, or participated in the determination, that each Plaintiff should be arrested.

9. Identify each person who gave each alleged police order to each Plaintiff on June 4, 2020 prior to each Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

10. If any Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s) with respect to each such arrest.

11. Identify each person who placed each Plaintiff in handcuffs.

12. Identify each person who used physical force in any manner on each Plaintiff on June 4, 2020 prior to or in connection with each Plaintiff's arrest.

13. Identify each person who decided, or participated in deciding, whether each Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

14. Identify each person who has Personal Knowledge related to each Plaintiff's detention from arrest to release with a Desk Appearance Ticket, C-Summons, or after arraignment, including, but not limited to, each step of Plaintiff's arrest processing.

15. Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.

16. For each Individual Defendant who was involved in processing any Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

17. Identify each NYPD Legal Bureau agent who was present at the location at which each Plaintiff's arrest was processed.

18. For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

19. Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection with each Plaintiff's arrest.

20. Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.

21. Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

22. Identify each person to whom each Individual Defendant has made a statement related to each Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

23. Identify NYPD Members John and Janes Does 82-86, whose roles in the Incident related to Ms. Rodriguez are described in ¶¶ 35-37 and 137-169 of the Complaint.

~~24.   Identify NYPD Members John and Jane Does 87-89, whose roles in the Incident related to Dr. Niculescu are described in ¶¶ 38, 169, and 183-192 of the Complaint.~~

~~25.   Identify NYPD Members John and Jane Does 81 and 90- 95, whose roles in the Incident related to Mr. Maiuri are described in ¶¶ 39 and 202-216 of the Complaint.~~

## DOCUMENT REQUESTS

1. Produce all documents identified or consulted in responding to the interrogatories above.

2. Produce all Detail Rosters from the date of the Incident that include the Individual Defendants' names.

3. Produce all Roll Calls for each NYPD Precinct out of which each Individual Defendant turned out on June 4, 2020.

4. Produce all videos related to any Plaintiff's arrest or to the Protest, including, but not limited to, all:

    a. NYPD body-worn camera footage related to the Protest, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

    b. ARGUS footage;

    c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

    d. Footage captured by the NYPD's Aviation Unit; and

    e. All other video footage in Defendants' care, custody, or control.

5. Produce all photographs related to the Protest depicting each Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing, including, but not limited to, all:

   a. Arrest and mass or large-scale arrest processing photographs, whether taken at the scene of the arrest; outside of or at a Mass Arrest Processing Center ("MAPC") or other NYPD location, or otherwise;

   b. Prisoner movement slips; and

   c. All other arrest processing, including MAPC, photographs.

6. Produce all Mass Arrest Pedigree Labels (PD244-093) created depicting each Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing related to the Protest, including, but not limited to, any created by an Individual Defendant.

7. Produce all recorded (including NYPD) communications related to each Plaintiff's arrest or the Protest, including, but not limited to:

   a. 911 calls related to the Protest, and all documents related to responses thereto;

   b. 311 calls related to the Protest, and all documents related to responses thereto;

   c. NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide;

   d. Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Device ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses; and

   e. Texts, e-mails, and other digitally recorded communications.

8. Produce all SPRINT reports related to the Protest.

9. Produce all Event Chronologies and Event Summaries related to the Protest.

10. Produce all ICAD Chronologies and reports related to the Protest.

11. Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

12. Produce all documents created related to each Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of any C-Summonses and/or other documents created by any Individual Defendant.

13. Produce all documents including statements made by each Individual Defendant or other witnesses related to each Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

14. Produce all documents reflecting internal NYPD communications related to any Plaintiff's arrest or the Protest, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

15. Produce all documents reflecting NYPD uses of force related to any Plaintiff or the Protest or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other

ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

16. If any Defendant claims any NYPD member was injured as a result of any Plaintiff's conduct or the Protest, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

17. Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.

18. Produce the Command Log or the equivalent document from any NYPD Precinct or MAPC at which any Plaintiff's arrest was processed related to the Protest.

19. Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Protest or that otherwise relate to any Plaintiff's arrest or the Protest.

20. Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

21. Produce all other NYPD records reflecting the disposition of any property seized from any Plaintiff related to the Protest, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

22. Produce all Online Prisoner Arraignment ("OLPA") Reports regarding each Plaintiff's arrest and detention.

11

23. Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.

24. Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Protest.

25. Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest, including prosecutor's notes and criminal court accusatory instruments.

26. Produce all documents provided by any Individual Defendant or NYPD member related to any Plaintiff's prosecution.

27. Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to any Plaintiff's prosecution.

28. Produce all documents reflecting or related to the dispositions of any criminal case brought against each Plaintiff or related to the Protest, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

29. Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including any Plaintiff.

30. Produce all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

31. Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning any Plaintiff or the Protest, including, but not

limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

32. Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning any Plaintiff related to the Protest and/or the Protest.

33. Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning any Plaintiff or the Protest undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

34. Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

35. Produce each Individual Defendant's NYPD Academy transcript.

36. Produce each Individual Defendant's current NYPD Personnel Profile Report – All History.

37. Produce each Individual Defendant's current NYPD Central Personnel Index ("CPI") report.

38. Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

39. Produce each Individual Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

40. Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants, including, but not limited to, any GO-15 statements.

41. Produce each Individual Defendant's complete NYPD personnel file.

42. Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member.

43. Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant.

44. Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 21 above.

45. Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 21 above.

46. Produce any other documents reflecting whether each Individual Defendant received training, at the NYPD Academy or afterward, including, but not limited to, any

Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

   a. The First Amendment, including as it relates to demonstrations and protests;

   b. Dispersal orders;

   c. The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests, including at a demonstration or protest;

   d. Protest policing tactics and operations;

   e. Disorder Control tactics and operations, including responses to civil disorder and riots;

   f. Strategic Response Group tactics and operations;

   g. Crowd control tactics and operations;

   h. Use of force, the force continuum, and de-escalation;

   i. Use of force reporting;

   j. Use of handcuffs, including flex-cuffs, including in connection with arrests made at a protest or demonstration;

   k. Tight cuffing injuries and the circumstances under which handcuffs, or flex-cuffs, should or must be loosened or removed;

   l. NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

   m. Incident command, chain of command, command and control, and intended operations during a demonstration or protest, Special Event, or Critical Incident;

   n. Probable cause to arrest or prosecute a person for a perceived violation of the Curfew Orders or New York Penal Law §§ 240.20(5) or 240.20(6);

o. Arrest processing, including, but not limited to, the creation of arrest processing documents;

p. Mass or large-scale arrest processing, including, but not limited to:

    i. The use of mass or large-scale arrest processing photographs;

    ii. The use of a Mass Arrest Processing Center ("MAPC");

    iii. The intended roles of NYPD Legal Bureau Attorneys in mass or lage-scale arrest processing; and

    iv. Documents created in connection with mass or large-scale arrest processing.

q. Investigations, including photographic and video surveillance, in connection with protests;

r. Eligibility for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

s. Implementation of the 2020 amendments to New York Criminal Procedure Law § 150.20;

t. Processing, including arrest and large-scale arrest processing steps and documents intended to be created, for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

u. The creation of NYPD arrest and arrest processing-related documents;

v. COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19

    pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations; and

  w. The nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers.

47. Produce all documents reflecting the substance of the training each Individual Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 46.

48. Produce all documents reflecting the NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 46, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

49. Produce all documents reflecting the nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers, including doctors and other medical workers, and lawyers and other legal workers.

50. Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest.

51. Produce all documents received by the New York City Law Department related to the Protest pursuant to subpoena or any Plaintiff's authorization or Freedom of Information Law request or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap

sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

52. Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

53. Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

Dated:   Brooklyn, NY
         May 7, 2023

/s/
_____
Elena L. Cohen
1639 Centre St, Suite 216
Ridgewood, NY 11385