

February 5, 2023

Peter Scutero
Sylvia Hinds-Radix
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
(212) 356-2410

By Electronic Mail

    Re:    <u>Rodriguez et al v. City of New York, et. al., 21-CV-10815 (PKC)</u>

Dear Mr. Scutero:

    We write on behalf of Plaintiff in the case above with regard to the numerous and significant deficiencies in Defendants' November 9, 2023, Responses to Plaintiffs' Requests for Documents and First Consolidated Set of Interrogatories dated May 7, 2023.

    In short, Defendants' responses reflect broad non-compliance with the discovery rules and overall failure to heed the "discovery wake-up call to the bar in this District." *Fischer v. Forrest*, 2017 US Dist. LEXIS 28102, at 2 (SDNY Feb. 28, 2017). This is a necessarily incomplete attempt to individually address each improper objection Defendants made. It appears every single objection *is* improper in this respect, and the law on this point is outlined in more detail below.

**1. Defendants' Responses to the Document Requests and Interrogatories violate the 2015 Amendments to the Federal Rules of Civil Procedure, and include numerous invalid and inapplicable objections.**

The Federal Rules of Civil Procedure were amended in 2015 to bar the kind of boilerplate, unspecific objections Defendants have interposed. Compounding this violation, Defendants have also included objections in the Responses that are not applicable, ignore blackletter law, and perhaps even invented. Plaintiffs expect Defendants to revise and otherwise correct their Responses and Objections to conform with the law.

    a. **Defendants improperly claim that defined terms, and words with plainly understood—or explicitly defined by governing rules or the requests—meanings, are vague.**

    Defendants repeatedly claim terms with plain meanings—or, indeed, terms defined by the Local Rules or the Requests themselves—are vague and undefined. These objections then improperly fail to state how Defendants limited their responses or interpreted the terms they claim are ambiguous. So each is improper on its face, since they do not "help[] … understand what about the request is vague or ambiguous." *Caprate Events, LLC v Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 US Dist



LEXIS 227238, at *5 (EDNY Apr. 18, 2018). Instead, the objections are "vacuous boilerplate." *Id.*, *citing Fischer,* 2017 US Dist LEXIS 28102, at *8. Nonetheless, below are explanations of how each term objected to is not vague.

In Response to Interrogatory 2, Defendants claim that the term "afar" is "undefined and unqualified." "Afar" has a common-sense meaning. This term relates to people who actively participated in the chain of command related to the protest, but not necessarily immediately at the protest.

In Response to Interrogatory 5, Defendants claim that the terms "each Plaintiff" and "each Plaintiff's arrest" are "undefined and unqualified." They are not. There is now a single Plaintiff in this action, so "each Plaintiff" clearly refers to that single Plaintiff — and as Defendants know, when this Interrogatory was served, there were three. And the parties specifically agreed that discovery sought related *only* to the other Plaintiffs was no longer live. So, for Defendants to pretend that agreed-upon state of affairs is somehow "undefined and unqualified" is bad faith.

In Response to Interrogatory 6, Defendants claim that the terms "each Plaintiff" "each Plaintiff's conduct" and "leading up to that Plaintiff's arrest" are "undefined and unqualified." Just as with Interrogatory 5, they are not.

In Response to Interrogatory 7, Defendants claim that the terms "other ground" and "gave rise to" are "undefined and unqualified." They are not. The term "other ground" clearly refers to any legal ground — if there is any — beyond any "law, statute, code provision, order" or "regulation" that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff. If there is no such "other ground," Defendants can simply say so. Likewise, term "gave rise to" clearly refers to Defendants' claim there was probable cause. Once again, this pretending not to understand common language is bad faith.

In Response to Interrogatory 8, Defendants claim that the terms "determined, or participated in the determination" "each Plaintiff" and "should be arrested" are "undefined and unqualified" because there is only one Plaintiff in this action. There is a single Plaintiff in this action. Thus, these terms are not vague and — as above — clearly refer to the single remaining Plaintiff involved in this action. Likewise, if Defendants are pretending they do not understand what a "determination" that a person "should be arrested" means, we are more than happy to address that with the Court. We assume Defendants would prefer not to defend that claim.

In Response to Interrogatory 9, Defendants claim that the terms "each alleged police order" "each Plaintiff" and "each Plaintiff's arrest" are "undefined and unqualified" due to there being only one Plaintiff in this action. As explained above repeatedly, these terms are not vague and — because of the settlement — clearly refer to the single Plaintiff involved in this action. And since Defendants fail to actually answer the interrogatory, we assume this purported confusion is somehow related to that refusal.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In Response to Interrogatory 10, Defendants claim that the terms "[i]f any Plaintiff's arrest was so-called" "who played each of the roles" and "relevant Patrol Guide provision" are "undefined and unqualified." They are not. There is a single Plaintiff in this action. Therefore, this is the Plaintiff referred to. "[W]ho played what roles" refers to which NYPD member(s) were observing officer(s); which NYPD member(s) were assigning officer(s); which NYPD member(s) were other supervising officer(s); and which NYPD member(s) were assigned officer(s) with respect to the arrest of this single Plaintiff. "[R]elevant Patrol Guide provision" refers to the patrol guide provision that identifies the NYPD member roles of: observing officer(s); assigning or other supervising officer(s); and assigned officer(s).

In Response to Interrogatory 11, Defendants claim that the terms "placed" "each Plaintiff" and "handcuffs" are "undefined and unqualified." They are not. "[P]laced" refers to the action of placing someone under arrest. This is common vernacular for recognizing that a person has been arrested. "[E]ach Plaintiff" refers to the single Plaintiff in this action. "[H]andcuffs" refers to the utility item commonly used by police, including the NYPD, to assist in arresting someone. They are commonly made of metal, and notably form two rings when closed. Handcuffs are placed around a person's wrists to keep the person from moving their arms.

In Response to Interrogatory 12, Defendants claim that the terms "in any manner" "each Plaintiff" and "each Plaintiff's arrest" are "undefined and unqualified." They are not. There is a single Plaintiff in this action. These terms refer to that single Plaintiff. And "used physical force in any manner" means "used physical force in any manner." If Defendants cannot understand that phrase (and indeed, given that Defendants respond, presumably they do understand exactly what it means), there is a bigger issue than Defendants' objections.

In Response to Interrogatory 13, Defendants claim that the terms "each Plaintiff" and "processed for release" are "undefined and unqualified" as there is currently only one Plaintiff in this action. These terms refer to that single Plaintiff.

In Response to Interrogatory 14, Defendants claim that the terms "each Plaintiff's detention" and "each step" are "undefined and unqualified as there is currently only one Plaintiff in this action." These terms clearly refer to that single Plaintiff.

In Response to Interrogatory 15, Defendants claim that the term "each NYPD agent" is "undefined and unqualified." It is not. Defendants also clearly know what this term refers to, as they use it to improperly claim Interrogatory 15 is overly burdensome. "[E]ach NYPD agent" refers to each person employed by the NYPD who participated in creating arrest paperwork.

In Response to Interrogatory 16, Defendants claim that the terms "any Plaintiff's arrest" and "NYPD agent" are "undefined and unqualified as there is currently only one Plaintiff in this action." "Plaintiff" refers to the single Plaintiff in this action. "NYPD agent" refers to someone employed by the NYPD.

In Response to Interrogatory 17, Defendants claim that the term "Legal Bureau agent" is "undefined and unqualified." It is not. The term refers to someone who works for the NYPD Legal

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Bureau. Since Defendants use this studied helplessness to refuse to answer the interrogatory, this claim specifically must be withdrawn, or Plaintiff will seek sanctions given that the claim that an attorney can't figure out what a "Legal Bureau agent" is in context suggests competence well below the professional minimum.

In Response to Interrogatory 18, Defendants claim that the terms "any Plaintiff" and "each such Legal Bureau" are "undefined and unqualified." They are not. There is only one Plaintiff action. Therefore, that is the Plaintiff referred to in this Interrogatory. Lastly, "each such Legal Bureau attorney refers to any NYPD Legal Bureau attorney with which an NYPD member consulted about Plaintiff's arrest.

In Response to Interrogatory 19, Defendants claim that the terms "each author" and "each Plaintiff's arrest" are "undefined and unqualified." They are not. "[E]ach author" refers to each person who contributed to authorship of the factual narrative in each OLBS Report, C-Summons, and accusatory instrument in connection with Plaintiff's arrest. As there is only a single Plaintiff in this action, this Interrogatory clearly refers to the one in the current action.

In Response to Interrogatory 20, Defendants claim that the term "third-party arrestee" is "undefined and unqualified." It is not. The term refers to any person who was arrested outside of the present action, who each Individual Defendant was involved in effecting or processing.

In Response to Interrogatory 21, Defendants claim that the term "lawful authority" is "undefined and unqualified." It is not. The term refers to the authority granted upon someone, by the law, to do something.

In Response to Interrogatory 22, Defendants claim that the term "each Plaintiff" is "undefined and unqualified." This term refers to the single Plaintiff in this action.

In Response to Request 3, Defendants claim that the terms "turned out" are undefined and unqualified, and therefore vague and ambiguous. It is a normal NYPD term. If Defendants' counsel is unfamiliar with the ordinary use of "turned out," perhaps he should consult with his client.

In Response to Request 4, Defendants claim that the terms "any Plaintiff's arrest" are undefined and unqualified. As above, the meaning here is clear. Plaintiff was arrested related to the Incident or the Protest. There are videos related to, or showing this arrest. Those videos include but are not limited to: NYPD body-worn camera footage (including, but not limited to footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata); ARGUS footage; footage captured by the NYPD's Technical Assistance Response Unite ("TARU"); footage captured by the NYPD's Aviation Unit; and all other video footage in Defendants' care, custody, or control. Plaintiff demands these videos. Additionally, since there is one Plaintiff in the action, "each Plaintiff" clearly references the one individual Plaintiff making the phrase clear and defined. Since there is only one Plaintiff in this action, "each Plaintiff's arrest" clearly references the one individual Plaintiff, making the phrase clear and defined.

Page 4 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In Response to Request 5, Defendants claim that the terms "each Plaintiff" and "each Plaintiff's arrest" are unqualified and vague. These phrases should be assigned their ordinary meanings. Since there is one Plaintiff in the action, "each Plaintiff" clearly references the one individual Plaintiff making the phrase clear and defined. Since there is only one Plaintiff in this action, "each Plaintiff's arrest" clearly references the one individual Plaintiff, making the phrase clear and defined.

In Response to Request 6, Defendants claim that the terms "each Plaintiff" and "each Plaintiff's arrest" are vague and ambiguous. Since there is one Plaintiff in the action, "each Plaintiff" clearly references the one individual Plaintiff making the phrase clear and defined. Since there is only one Plaintiff in this action, "each Plaintiff's arrest" clearly references the one individual Plaintiff, making the phrase clear and defined.

In Response to Request 7 Defendants claim that the terms "each Plaintiff's arrest" "internal NYPD communication channels" and "communications that were considered for use" are undefined and unqualified. Since there is only one Plaintiff in this action, "each Plaintiff's arrest" clearly references the one individual Plaintiff, making the phrase clear and defined. Request 7 clearly states what "internal NYPD communication channels" means. It refers to any communications done on channels identified in the NYPD's SRG guide. Request 7 also defines "communications that were considered for use." It refers to any recorded thing that was not communicated over an NYPD Long Range Acoustic Device ("LRAD"), but was *considered* for communication over an NYPD LRAD.

In Response to Request 9, Defendants claim that the terms "Event Chronologies" and "Event Summaries" are undefined and unqualified. "Event Chronologies" and "Event Summaries" simply refer to any recording made of the events related to the Protest. Plaintiff demands any: schedule; summary; chronology; or other recording of events related to the Protest. These are all terms in common use among the NYPD, and counsel's pretend-unfamiliarity is frivolous.

In Response to Request 10, Defendants claim that the terms "other reports" are undefined and unqualified. Plaintiff improperly quotes from Request 10. The terms "other reports" do not appear in the Request. Plaintiff demands that Defendants provide all ICAD Chronologies and all ICAD reports that are related to the Protest.

In Response to Request 11, Defendants claim that the term "documents sufficient to interpret" is "undefined and unqualified." It is not. The Request specifically qualifies these documents to those which could help interpret "NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies." In addition to this first qualification, the Request also provides specific examples of the types of documents requested such as "training manuals related to using and understanding such reports" like "user manuals or training materials related to the "I/NETDispatcher system."" Particularly given Defendants' endless objections to "undefined" terms, that they would themselves object to providing those documents necessary to interpret terms in NYPD documents is, frankly, laughable.

COHEN&GREEN

Page 5 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In Response to Request 12, Defendants claim that the term "each Plaintiff's arrest" is "undefined and unqualified" since there is only one Plaintiff in the action. This phrase should be assigned its ordinary meaning. Since there is one Plaintiff in the action, "each Plaintiff" clearly references the one individual Plaintiff making the phrase clear and defined.

In Response to Request 13, Defendants claim that the terms "each Plaintiff's arrest" and "scratch" are "undefined and unqualified." As stated in the section addressing the Response to Request 12, "each Plaintiff's arrest" has a clear and ordinary meaning. "Scratch" also has a commonly understood meaning in the context of arrest paperwork. To be clear, scratch refers to the original complaint report written by hand, if it exists.

In Response to Request 14, Defendants claim that the term "each Plaintiff's arrest" is "undefined and unqualified." As addressed above, this is not a correct analysis of the phrase.

In Response to Request 15, Defendants claim that the terms "any Plaintiff's request" is "undefined and unqualified." This phrase should be assigned its ordinary meaning. Since there is one Plaintiff in the action, "any Plaintiff" must refer to the sole Plaintiff in the case making the term clear and defined.

In Response to Request 16, Defendants claim that the terms "any Plaintiff's conduct" and "any such injury" are "undefined and unqualified." The phrase "any Plaintiff's conduct" should be assigned its ordinary meaning. Since there is one Plaintiff in the action, "any Plaintiff" must refer to the sole Plaintiff in the case making the term clear and defined. The term "any such injury" is clear as it references an early part of Request 16 discussing "claims [that] any NYPD member was injured as a result of any Plaintiff's conduct or the Protest." Thus "any such injury" refers to any injuries alleged in the potential claims described.

In Response to Request 17, Defendants claim that the term "version" is "undefined and unqualified." Indeed, here, "version" narrows the request. Plaintiff just want Defendants to create a copy (that is, a "version") of the Mass Arrest Report that is "redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information."

In Response to Request 18, Defendants claim that the terms "equivalent document" and "any Plaintiff's arrest" are "undefined and unqualified." The phrase "equivalent document" refers to a document which is the same as what may be called "the Command Log." This phrase is used to make sure that even if in the NYPD such a document would be called by a different name, it would still be included in the Request. The phrase "any Plaintiff's arrest" should be assigned its ordinary meaning. Since there is one Plaintiff in the action, "any Plaintiff" must refer to the sole Plaintiff in the case making the term clear and defined.

In Response to Request 19, Defendants claim that the terms "other NYPD documents" and "any Plaintiff's arrest" are "undefined and unqualified." The phrase "other NYPD documents" refers to other documents produced by and in the possession of the NYPD which are not explicitly listed by name in the Request. The phrase "any Plaintiff's arrest" should be assigned its ordinary meaning.

Page 6 of 16

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Since there is one Plaintiff in the action, "any Plaintiff" must refer to the sole Plaintiff in the case making the term clear and defined.

In Response to Request 20, Defendants claim that the term "their arrests" is "undefined and unqualified." This phrase is clear when used in context with the rest of the Request. "Their" clearly references the non-parties who had Intake Sheets created after their arrest at the protest.
In Response to Request 21, Defendants claim that the term "disposition of any property seized from any Plaintiff" is "undefined and unqualified." This phrase is clear. First, any property has a plain meaning which refers to any and all property. Since there is one Plaintiff in the action, "any Plaintiff" must refer to the sole Plaintiff in the case making the term clear and defined.

In response to Request 22, Defendants claim that the terms "each Plaintiff's arrests and detentions" are undefined and unqualified. Plaintiff demands all the Online Prisoner Arraignment (OLPA) Reports regarding Plaintiff, Shellyne Rodriquez, arrest and detention on June 4, 2020.

In response to Request 23, Defendants claim that the terms "sufficient" and "each NYPD member" are "undefined and unqualified." Obviously, as explored above, they are not.

In response to Request 24, Defendants claim that the terms "any prosecutor or court related to Plaintiff's arrest" are "undefined and unqualified." They are not. Any prosecutor or court that was involved in the process related to the arrest is what it covers.

In response to Request 25, Defendants claim that the phrase "any prosecutor or court related to Plaintiff's arrest" is "undefined and unqualified." Again, wrong.

In response to Request 26, Defendants claim that the phrases, "provided by," and "any Plaintiff's prosecution," are "undefined and qualitative" because there is "only one Plaintiff in this action." The first phrase, "provided by" follows ordinary dictionary definitions. The second phrase, "any Plaintiff's prosecution," refers to Plaintiff's June 4, 2020 arrest and subsequent prosecution. In sum, Plaintiff demands any documents supplied by any Individual Defendant or NYPD regarding Plaintiff's June 4, 2020 arrest and subsequent prosecution.

In response to Request 27, Defendants claim that the phases, "a Defendant" and "any Plaintiffs prosecution" are "undefined and unqualified" since there is only one Plaintiff in the action. The first phrase, "a Defendant" should be assigned plain meaning: There are multiple Defendants in this action, therefore, "a Defendant," refers to any of the individual Defendants or NYPD. We hope Defendants are not serious here. This second phrase should also be assigned its ordinary meaning. Since there is one Plaintiff in the action, "each Plaintiff" clearly references the one individual Plaintiff making the phrase clear and defined.

In response to Request 28, Defendants claim that the phrases, "a Defendant" and "any Plaintiff's prosecution," are "undefined and unqualified" since there is only one Plaintiff in the action. The first phrase, "a Defendant" should be assigned plain meaning. There are multiple Defendants in this action, therefore, "a Defendant," refers to any of the individual Defendants or NYPD. This

Page 7 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Case 1:21-cv-10815-PKC   Document 79-3   Filed 02/22/24   Page 8 of 16



second phrase should also be assigned its ordinary meaning. Since there is one Plaintiff in the action, "any Plaintiff's prosecution" clearly references the one individual Plaintiff's prosecution making the phrase clear and defined.

In response to Request 29, Defendants claim that the phrases, "any decisions," "potential charges," "arrestees," and "any Plaintiff," are "undefined and unqualified" because there is only one Plaintiff in the action. First, "arrestees" is not affected in any way by the number of Plaintiffs. This was a mass arrest of over 300 people. Defendants objection on that is nonsensical. And these phases all follow plain meanings. In the first phrase, "any," means "one or some of a thing or number of things, no matter how much or how many." "Decision" means, well, a *decision*. As in, the decisions made to not prosecute the charges against everyone at this protest. Likewise, the second phrase, "potential charges" means what it always means. The final phrase, "any Plaintiff," refers to the single Plaintiff in this action since there is one Plaintiff, therefore, the phrase is clear and defined. This request seeks what it says: Documents related to any decision (or "determination," "conclusion," "choice" or whatever other synonym you'd like) made by a prosecutor or court to decline to prosecute, or to dismiss, potential charges against anyone at the protest.

In response to request 31, Defendants claim the terms, "any Plaintiff," are "undefined and unqualified" because there is only one Plaintiff in the action. Here, "any Plaintiff," refers to the single Plaintiff in this action since there is one Plaintiff, therefore, the phrase is clear and defined.

In response to request 32, Defendants also claim the terms, "any Plaintiff," are "undefined and unqualified" because there is only one Plaintiff in the action. Here, "any Plaintiff," refers to the single Plaintiff in this action since there is one Plaintiff, therefore, the phrase is clear and defined.

In response to Request 33, Defendants claim that the phrases "any other," "potential," and "concerning any Plaintiff or the Protest undertaken by" are "undefined and unqualified." "[A]ny other" refers to any complaint received by Defendants, outside of this matter. "[P]otential" refers to any complaint received. "[C]oncerning any Plaintiff or the Protest undertaken by" refers to the single Plaintiff in this action.

In response to Request 34, Defendants claim that the phrases "any other," "undertaken by" and "other entity" are "undefined and unqualified." Plaintiff demands the Defendant produce every single document that any other complaint has received. Plaintiff demands the Defendant produce every single document concerning any investigation or actual prosecution or potential prosecution concerning the Protest undertaken by any other State entity, any other Federal entity, or any other entity in general.

In response to Request 38, Defendants claim that the phrases "all related NYPD documents," "ultimate," and "or otherwise," are "undefined and unqualified." Plaintiff demands the Defendant produce every single NYPD document concerning this matter, including communications and documents reflecting the final and complete disposition of each IAB complaint or investigation, regardless of whether it was created within the NYPD's IAB or otherwise.

Page 8 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In response to Request 39, Defendants claim that the phrases "all underlying" and "[CCRB[1]] complaint or investigation" are "undefined and unqualified." This objection is incoherent. The request asks for each Individual Defendant's current CCRB history (which Defendants do not claim they are unable to understand), and then asks for "all underlying CCRB documents," meaning the actual documents making up that history.

In Response to Request 48, Defendants claim that the term "any relevant" is "undefined and unqualified." The phrase "any relevant" refers back to the clause "related to the topic in Document Request No. 46." Thus, the request seeks "all documents reflecting the NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 46," which is spelled out — for clarity — to include, among other things, "any relevant NYPD Patrol Guide and Administrative Guide provisions."

In the Response to Request 49, Defendants object to the phrase "intended enforcement" as vague and ambiguous. This term is used with ordinary dictionary definitions. "Intended" means "planned or meant," and "enforcement" means "the act of compelling observance of or compliance with a law, rule, or obligation." In sum, Request 49 seeks documents related to how the law enforcement department planned to compel the compliance of the Curfew Orders. There is nothing vague or ambiguous about this Request.

In the Response to Request 50, Defendants object to the term "released" as vague and ambiguous. This term is used with ordinary dictionary definitions. "Released" means "allow (information) to be generally available." Thus, Request 50 seeks documents related to documents that have been made available to the public related to the Freedom of Information Law regarding the Protest.

b. **Defendants have invented the objection "compound"; it is not valid and should be removed.**

Defendants' Responses to Requests 4, 46, and 47 object to the Requests as "compound" because they have subparts or request multiple documents, or multiple relevant pieces of information or *kinds* of people. "Compound" is not a valid objection and nothing in the Federal Rules prohibits asking for multiple documents or categories of documents in a single Request. Indeed, "compound" requests for documents are standard.

If Defendants have specific objections to any document or category of documents, they must make that objection with specificity, as required under the 2015 Amendments, discussed above.

---

[1] The last clause of Request 39 has a typo, and it should say "CCRB complaint or investigation," not "IAB complaint or investigation."



Page 9 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants must remove this invalid compound objection, and to the extent they are objecting to a specific document or category of documents or information, they must make such a response with specificity.

### c. Defendants cannot object to valid Requests by claiming the documents are public, or that Plaintiff has them already.

Defendants' Responses to Requests 4, 5, 6, 7, 11-21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, and 45, claim that Defendants need not produce documents or information because Plaintiffs already have it, can subpoena it from third parties, or that the documents and information are somehow public. This is not a valid objection.

In Responses to Requests 5, 6, 7, 8, 9, 10, 11-32, 33-40, 42, and 43, and in Interrogatories 3, 4, 7, 8, 10, 13, 15, 16, 17, 18, 20, 21, 22, and 23, Defendants claim they need not produce documents because the Plaintiff already has it from discovery received in *In re New York City Policing During Summer 2020*, 2020-cv-8924. Defendants may point to — by Bates number — where in the production those documents are, if they are claiming all relevant documents were produced. But because of the state of production and the settlement of *In re New York City Policing*, along with the more than a dozen sanction orders entered against the City, the fact that the City's attorney was caught forging documents to cover up discovery failures, the fact that the City was forced to start — and never completed — an audit of its discovery process because of obvious failures, and so on, simply saying, in essence "a request for this document was made" is not a reasonable assurance it was produced. Plaintiff will happily accept a Bates citation if Defendants claim documents were already produced, but that is the minimum required.

In Defendants' Response to Request 44, 45, Defendants argue that the request documents are "publicly available." That objection is neither here nor there, and misses the point of discovery: If Defendants claim a document is equally available to the other party, they still must either (1) produce or (2) identify and authenticate the documents responsive to these requests. *Charter Practices Intl., LLC v Robb*, 2014 US Dist LEXIS 8166, at *6-7 (D Conn Jan. 23, 2014); *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009); *Fosselman v. Gibbs*, No. C 06-0375, 2008 U.S. Dist. LEXIS 82697, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ("the objection that information is equally available to the questioner is not a proper objection"); *Foti ex rel. Louisiana v. Eli Lilly & Co.*, 2008 U.S. Dist. LEXIS 55780, 2008 WL 2858617, *3 (E.D.N.Y. 2008) ("Mississippi's 'equally available' objection deprives Lilly of basic information concerning the nature of that State's claims"); *Chinn v Elmwood Franklin Sch.*, 2018 US Dist LEXIS 188307, at *12 (WDNY Nov. 1, 2018).

### d. Defendants cannot claim a Request is duplicative when they have produced next to nothing in discovery.

In the Responses to Requests 2, 3, 4, 5, 6, 7, 8, 10, 11-21, 22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 46, 47, 48, 49, 50, 51, 52, 53, and to Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 18, and 20, Defendants state that the Request is "duplicative" of some prior request.

Page 10 of 16



Defendants appear to misunderstand how this objection applies. A court can limit discovery if it is duplicative, but discovery is only duplicative if the relevant documents and testimony have already been provided. *See Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (RWS), 2015 WL 4597542, at *3 (S.D.N.Y. July 30, 2015) (finding that a deposition was not duplicative because the relevant testimony had not yet been obtained in prior depositions); *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 208 (D. Conn. 2014) (overruling objection that request is duplicative because the request was reasonably calculated to lead to the discovery of admissible evidence and requiring the party to either sign an affidavit swearing the documents do not exist, or to identify them in the prior production); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2014 WL 2830322, at *3 (W.D.N.Y. June 23, 2014) (resolving claim that document requests are duplicative by ordering the objecting party to identify the responsive documents already produced).

Put simply, a request cannot be duplicative if there is nothing to duplicate. Defendants must remove these invalid objections. And to the extent Defendants claim future Requests are duplicative, they should identify, by Bates-stamp number, the documents that have already been produced or identify exactly where in the interrogatory response the relevant information appears, so that Plaintiff can determine whether this objection has any merit.

  e. **Defendants' use of the evidentiary objection "assumes" is not appropriate for an objection to a documents request.**

In the Responses to Requests 15, 17, 24, 25, 26, 27, 28, 31, and 32, and Interrogatories 22, and 23, Defendants claim that this request "assumes facts not established." This may be a valid evidentiary objection, but it is not a valid objection to a document request or interrogatory. Defendants either have the documents or they do not. If they do not have the documents, there is nothing to produce — but the proper response is to simply say so.

  f. **Defendants' objection to producing "all" documents responsive to a Request as burdensome, or just unexplained assertions of "burden," without stating in detail why, is improper.**

In the Responses to Requests 4, 5, 6, 7, 10, 13-32, 33-43, Defendants claim that producing "all" responsive documents is not "proportional to the needs of the case" or that the "burden" of producing these documents outweighs "any likely benefit." These objections are exactly what the 2015 Amendments prohibit: "meaningless boilerplate. Why is it burdensome? How is it overly broad?" *Fischer*, 2017 US Dist LEXIS 28102, at *8. Yet, each of these responses is almost word-for-word identical.

In *In re New York City Policing*, the City was already chastised for this incoherent objection to "all" — and, indeed, sanctioned for it:



[After an objection to producing "all" of anything]

THE COURT:  Ms. Weiss, I have to say this line of argument makes no sense to me. From what I've gathered, what actually is typically happening is that City is producing some materials, the plaintiffs are noticing it's not all, you're conceding, as you just did now in your discourse that you then come up with it, and they're right, you did violate the order.

[…]

***So no one is being set up when they're being told to produce all documents on a topic, that happens every single day in every single litigation.***

Parties then do a reasonable search and they don't feel they're being set up. They produce the documents and usually there's not an issue, and when there is an issue then we solve it through the mechanisms. And, you know, maybe we'll talk later about whether those are working or not. But you're making me very concerned with these objections, the idea that you are incapable of producing, of doing a reasonable search to produce the documents, it makes no sense.

2022-02-11 Tr. at 14-15 (cleaned up, emphasis added) (awarding sanctions, among other things, for the City's failure to produce "all" documents it was ordered to).  That is just it:  Parties (other than the City, apparently) produce "all" documents "every single day in every single litigation." *Id.*  And if the City is claiming it is refusing to do that, as Judge Gorenstein was, we are "very concerned" that the City is claiming it is incapable of doing the reasonable search every other litigant in every other case can do.

In the Response to Request 7, 8, 9, 10, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34, and to Interrogatories 2, 4, 5, 6, 9, 10, 13, 14, 15,16, 17, 18, 19, 20, and 21, Defendants use boilerplate language to accuse the request as being "unduly burdensome, not relevant, and not proportional to the needs of the case" and merely assert that the time and expense of producing the documents outweighs any likely benefit to Plaintiff without giving any specific reasons. That is not an objection, and we consider any such boilerplate to waive the objection.

In the Response to Request 44-51, and to Interrogatories 5, 18, 19, 20, and 21, Defendants use boilerplate language to accuse the request as being "unduly burdensome, not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case" and merely assert that the time and expense of producing the documents outweighs any likely benefit to Plaintiff without giving any specific reasons. Again, that is not an objection, and we consider any such boilerplate to waive the objection.

In short: Plaintiffs are entitled to "all" the relevant documents, unless Defendants can articulate a specific reason why collecting and producing those documents is particularly difficult. For example, if Defendants have offshore back-up servers that are not accessible without thousands of dollars of effort and hundreds of hours, those could likely be reasonably excluded from a search.

Page 12 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



However, as a counter example, if a Defendant has been disciplined for similar conduct to what is alleged here four times, there is nothing objectionable about asking to produce "all" documents from those disciplinary proceedings. Put simply, a general objection to producing "all" relevant documents is meaningless, makes no sense, and only serves to multiply proceedings. Similarly, Plaintiffs are entitled to have Defendants fully answer their Interrogatories, unless Defendants articulate a specific reason answering is burdensome. Which, Defendants have not.

**2. Defendants are improperly limiting *Monell* discovery; the decades-long pattern of similar misconduct by the NYPD at other protests is relevant.**

    a. **Defendants must produce documents regarding all disciplinary investigations, regardless of whether they are substantiated or not.**

In the Responses to Requests 44, 45, Defendants object because the documents "concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein." This is not a valid objection. Discoverability does not turn on whether a disciplinary proceeding is "substantiated and completed." *See, e.g., Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("[T]he fact that CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable[.]"). Incidents under investigation plainly relate to Defendants' policies of excessive force and unlawful arrest at protests against police brutality as well as their real-time notice of problems. And allegations and complaints that are not substantiated and completed are not only relevant, but are direct evidence of Plaintiffs' claims that NYPD officers rarely if ever face meaningful discipline for violence and misconduct at protests. That is, the nature and allegations involved in unsubstantiated claims of misconduct that NYPD has rejected is relevant to whether NYPD has failed to properly impose discipline it should have. It is hard to imagine better evidence of that.

Further, while in theory some disciplinary complaints or actions are too dissimilar to be relevant, most will be. Any discipline or investigation into a use of force is relevant because force is at issue in the Consolidated Cases, and because officers uniformly deny excessive force, even when it was used, so the discipline relates to the officers' veracity. Any disciplinary complaints or actions concerning protests or other First Amendment activities are relevant. And any other complaint or action that implicates an officers' honestly is relevant. Broad disclosures is thus appropriate here.

    b. **Defendants' reliance on *Simms v. City of New York* is improper.**

In multiple Responses, Defendants take a narrow view of Monell discovery that simply cannot be supported by the relevant authority. In the Responses to Requests 44, 45, Defendants "object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See *Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012)." The objection makes no attempt to explain how Defendants believe *Simms* is relevant to the specific Request.
This objection is problematic for multiple reasons. But, at base, Plaintiffs are not seeking discovery into "unrelated actions premised on different sets of factual allegations." Plaintiffs have identified

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



nearly identical prior protests, where NYPD officers, including some officers who are individual Defendants here, engaged in the same illegal arrests, kittling, and violence that Plaintiffs and the class members were subjected to, under the same policies.

Further, Defendants do not make any effort to delineate what prior protests, arrests, and policies are sufficiently similar to warrant production. Instead, it appears that Defendants are objecting to any Monell discovery based on their misreading of *Simms*. This is not acceptable, and if Defendants are withholding information or documents based on an assertion that the factual allegations are not sufficiently similar, Defendants must identify the exact documents or information being withheld so Plaintiffs can evaluate and challenge this assertion—i.e., exactly what is required under the 2015 Amendments.

**3. Defendants' 160.50 Objection Should Be Moot, and HIPAA Objections Are Improper.**

Defendants interpose objections to Request 15 because the responsive documents are protected by the Health Insurance Portability and Accountability Act ("HIPAA").

On HIPAA, Defendants' objections as they stand are inadequate — and frankly, frivolous. In Defendants' objection to Request 15, they use boilerplate language to object to the extent that documents "seek medical documentation for non-parties who have privacy rights in their medical records and for whom no HIPAA release has been provided" without even a suggestion of what those documents might be. HIPAA only applies in certain circumstances, and to certain entities. Yet the objections do not explain how Defendants are acting as a health plan, health care clearinghouse, or healthcare provider to either officers or some unspecified third-parties. If Defendants are not a covered entity, HIPAA simply does not apply. And Defendants are not.

So, Defendants must amend their improper HIPAA objections to explain how, exactly, the records sought implicate HIPAA, or otherwise withdraw the objections. And that connects to the next issue — Defendants' failure to produce a privilege log.

**4. Failure to Produce Privilege Log**

Rule 26(b)(5)(A) of the Federal Rule of Civil Procedure provides that a party withholding discoverable information on the grounds of privilege or subject to protection as trial preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Local Civil Rule 26.2 also imposes requirements on litigants with respect to providing specific information regarding any privilege assertion at the time the assertion is made.

Please provide a privilege log for the documents produced to date in this litigation immediately. In the future, please provide the required privilege logs at the same time as you make any future productions, unless we agree otherwise. See *In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y.), aff'd sub nom. *Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010) (finding

Page 14 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



privilege was waived by the failure to timely provide a log, because "the presumption that the privilege log is due with the response to a discovery request").

Notably, the Response to Request 33, 35-43, 48 and 49 includes an objection based on law enforcement privilege, and the Response to Request 52 and 53, and Response to Interrogatory 22, includes an objection based on attorney client privilege and attorney work product doctrine, but they do not include language stating that no documents are being withheld based on the privilege. Thus, we infer that documents were withheld, and they must be included on a privilege log.

Further, even if Defendants cannot identify every specific document they might assert a privilege over because their review is incomplete, Defendants must know the categories of documents, and ongoing investigations, that are likely relevant. And beyond that, Defendants have asserted privileges—which a party cannot do without a good faith basis. Thus, we ask that Defendants state what categories of documents, and what ongoing investigations, warrant withholding documents based on the privilege, at or before our meet and confer, so Plaintiff can evaluate the merits of this claim and the parties can resolve any disputes expeditiously.

**5. <u>Other Deficiencies in Defendants' Respondents to the Interrogatories</u>**

   a. **Defendants mischaracterize the scope of Requests to suggest they are broader than they actually are.**

In Defendants' Response to Request 44, 45, they argue that the requested documents are not relevant because those documents are related to investigation or lawsuits involving non-party officers. However, the Request specifically limited the scope to lawsuits against "each Individual Defendant identified."

**6. <u>Conclusion</u>**

In Section 1.b. through Section 1.k., above, Plaintiffs ask Defendants to remove patently invalid objections at or before our meet and confer. Keeping invalid objections in the Responses, and indeed interposing them in the first place, simply multiplies these proceedings both unreasonably and vexatiously. Similarly, in Section 1.a., Plaintiffs ask Defendants to commit—unambiguously—to revising their Responses within five days of the meet and confer, to conform with the Federal Rules that require specific objections. And in Section 6, Plaintiffs ask Defendants to commit to providing a privilege log related to the documents produced and to provide one with each document production going forward. We assume that Defendants have no objecting to following black letter law, and thus no meet and confer is necessary on these issues. If this is not accurate, let us know immediately.

Thank you for your attention to this matter.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                                                       Yours, &c.,

                                                                           /s/
                                                               _____

Elena L. Cohen
    *Honorific/Pronouns: Ms., she/her/hers*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Page 16 of 16

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com