

remy green <remy@femmelaw.com>

---

## Rodriguez v City of NY, 21-cv-10815

**remy green** <remy@femmelaw.com>                                                    Fri, Feb 16, 2024 at 10:26 PM
To: "Scutero, Peter (LAW)" <PScutero@law.nyc.gov>
Cc: Protester Cases <Protests@femmelaw.com>, Elena Cohen <elena@femmelaw.com>, Sujata Gibson <sujata@gibsonfirm.law>, Jianing Zhao <jz632@cornell.edu>, Reed Herter <lrh82@cornell.edu>

Hi Peter,

I'm writing to follow up on (as agreed) and otherwise summarize our 2+ hour meeting today.  Please let me know as soon as possible if we've misstated any impasses, your positions, or the like, so we can be accurate in any motions we need to make and be on the same page on what the next steps are.

We've confirmed a continued meeting (because we did not make it through our letter) next Friday, February 23, 2023 from 2:30 p to 5:00, and the items below you will get back to us with substance, or otherwise confirm an impasse, on or before March 1, 2023.

**Issues:**

**I.  Withholding/What Is Being Withheld (Global):**  Defendants' position is that they will not amend their answers to clarify whether they are withholding documents.  Specifically Defendants' position is "we are not required to state whether we are withholding documents" (I believe that is a verbatim quote, but if it's wrong, let me know).  Defendants are also not willing to state what it *is* they are withholding or based on what objections.  And after much back and forth, when Elena asked "can we agree that we're at an impasse on the issue of amending your answers to say whether you're withholding anything?" (again, I believe this is verbatim) you said "yes."  *But see, e.g., Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *5 and *9 (SDNY Feb. 28, 2017) (quoting the 2015 amendment Advisory Committee Notes for, among other things, its explanation that a party "does need to alert other parties to the fact that documents have been withheld" and concluding, "From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)").

We are at an impasse.

**II.  Vagueness Objections and Related Discussions:**  The rest of our meeting was spent going through Defendants' individual vagueness objections, and discussing some other issues on individual requests when it came up.

A.  *Multiple Plaintiffs*.  Perhaps most productively, we agreed that Defendants' claims that "each Plaintiff" and other similar language were -- at least after our letter -- not vague, and

Defendants agreed to withdraw those objections where relevant (noted below as "We resolved the 'Each Plaintiff' objection").

B. *Individual Objections.* For clarity, where there are outstanding issues, I've included the text of the requests here.

**Interrogatory 2:** *Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.*

Defendants are maintaining their position that "afar" in this interrogatory is insufficiently clear for Defendants to understand what this interrogatory means. We are at an impasse.

**Interrogatory 7:** *Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.*

As you requested, we are clarifying that by "gave rise to" here means, more or less, "is the reason for." As in, this is asking for what Defendants claim is the legal basis that gave rise to (or, "was the reason they claim they had") probable cause to arrest. We agreed Defendants would provide an amended response based on this by March 1.

**Interrogatory 8:** *Identify each person who determined, or participated in the determination, that each Plaintiff should be arrested.*

We made it through Defendants' vagueness objections, and agreed those objections are not what is preventing a substantive answer. Rather, Defendants are claiming this information is already in other responses. We explained we do not believe that's true, because Ms. Rodriguez was not arrested with everyone else at the protest -- it was separate.

Defendants agreed to provide Bates numbers or cite responses where they claim this information was previously produced as to Ms. Rodriguez on or before March 1.

**Interrogatory 9:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Interrogatory 10:** *If any Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s) with respect to each such arrest.*

As you requested, we are clarifying in writing here that "'Turn-Over Arrest' within the meaning of the NYPD Patrol Guide" means a "Turnover Arrest" as such an arrest is defined in Patrol Guide Section 208-20, titled "'Turnover' Arrests," and the "roles described in the relevant Patrol Guide provision" are those described in that same section.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 10:** *Identify each person who used physical force in any manner on each Plaintiff on June 4, 2020 prior to or in connection with each Plaintiff's arrest.*

As you requested, we are clarifying that "physical force" here means any kind of force as that term is used within the NYPD, including in Patrol Guide Section 221-01 ("Force Guidelines") and NYPD's "Use of Force Reporting Guide.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatories 13 and 14:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Interrogatory 15:** *Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.*

As you requested, we are clarifying that "NYPD agent" means any agent of the NYPD as the word "agent" is used within agency doctrine and law. We also noted we said essentially the same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 16:** *For each Individual Defendant who was involved in processing any Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.*

As with Interrogatory 15, and as you requested, we are clarifying that "NYPD agent" means any agent of the NYPD as the word "agent" is used within agency doctrine and law. We also noted we said essentially the same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 17:** *Identify each NYPD Legal Bureau agent who was present at the location at which each Plaintiff's arrest was processed.*

As with Interrogatories 15 and 16, and as you requested, we are clarifying that "NYPD Legal Bureau agent" means any agent of the NYPD who works in the Legal Bureau as the word "agent" is used within agency doctrine and law. We also noted we said essentially the same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 18:** *For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.*

In our discussion, you said this request was vague because the last phrase appeared to be cut off. I actually went back to the original requests, and it appears Defendants actually *introduced* the error they claimed made this Interrogatory vague:

Original:

> each Plaintiff's arrest was processed.
>
> 18. For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

Defendants' response:

> **Interrogatory No. 18**:
>
> For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau.
>
> **Response**:
>
> Defendants object to Interrogatory No. 18 to the extent it is duplicative of Interrogatory

Nonetheless, since Defendants agreed that the Interrogatory is not vague with the word "attorney" at the end, Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 19:** *Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection with each Plaintiff's arrest.*

After discussion and re-reading our letter, Defendants stated that request is clear between the letter and resolving the "Each Plaintiff" objection.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 19:** *Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection with each Plaintiff's arrest.*

After discussion and re-reading our letter, Defendants stated that request is clear between the letter and resolving the "Each Plaintiff" objection.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 20:** *Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.*

After discussion and re-reading our letter, Defendants stated that request is clear between the letter and resolving the "Each Plaintiff" objection.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 21:** *Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.*

Defendants said they were standing by their claim they did not understand "lawful authority" in the context above, and otherwise stand by their objections as written as a basis to refuse to provide any answer. We confirmed Defendants did not want to make any further amendments, and we are at an impasse.

**Interrogatory 22:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 3:** *Produce all Roll Calls for each NYPD Precinct out of which each Individual Defendant turned out on June 4, 2020.*

Defendants will provide an updated response after consulting with appropriate members of the NYPD about Defendants' claim they do not understand the phrase "turned out" in the context of a roll call.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 4:** *Produce all videos related to any Plaintiff's arrest or to the Protest, including, but not limited to , all: a. NYPD body-worn camera footage related to the Protest, including, but not limited to such, footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata; b. ARGUS footage; c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU"); d. Footage captured by the NYPD's Aviation Unit; and e. All other video footage in Defendants' care, custody, or control*

We clarified that 30' in this context was using the apostrophe to mean feet, and 30' is specifically in the context of the Evidence.com "multi-cam" function. Likewise, we clarified that "audit trails" are part of the chain of custody paperwork from Evidence.com.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 5 and 6:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 7:** *Produce all recorded (including NYPD) communications related to each Plaintiff's arrest or the protest, including but not limited to: a. 911 calls related to the Protest, and all documents related to responses thereto; b. 311 calls related to the Protest, and all documents related to responses thereto; c. NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide; d. Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Devices ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses; and e. Texts, e-mails, and other digitally recorded communications.*

Defendants claim they "do not know what a communication channel" is. As you requested, in this email, we are explaining it means a channel in which a person communicates, like the 3 examples listed in (c), or like Slack, Discord, email, text messages, or any other medium of communication (these examples are without limitation).

With that clarification, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 9:** *Produce all Event Chronologies and Event Summaries related to the Protest.*

After we explained these are NYPD documents, and Elena provided an example of one, you agreed to withdraw your objection claiming not to understand "the terms 'Event Chronologies' and 'Event Summaries.'"

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 10:** *Protest all ICAD Chronologies and reports related to the Protest.*

After discussion and reading our letter during the meeting, Defendants stated that the request is clear in light of the letter.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 11:** *Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."*

We agreed that we could resolve any issues related to this request as they came up, when they came up, and Defendants would not argue in that context that we should have moved to compel production sooner.

**Document Request 13:** *Produce all documents including statements made by each Individual Defendant or other witnesses related to each Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.*

We explained that "scratch" means handwritten. We gave the example of a document explicitly titled "Scratch OLBS." You acknowledged that you had not spoken to anyone at NYPD to try to understand the phrase "scratch ... paperwork."

With that understanding, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 14, 15, and 16:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 17:** *Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.*

With our clarification on what "version" meant, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 18:** *Produce the Command Log or the equivalent document from any NYPD Precinct or MAPC at which any Plaintiff's arrest was processed related to the Protest.*

After discussion and reading our letter during the meeting, Defendants stated that the request is clear in light of the letter.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 19:** *Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the protest or that otherwise relate to any Plaintiff's arrest or the Protest.*

With the "Each Plaintiff" issue resolved, and after a discussion, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 20:** *Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information o[f] non-parties, aside from the Arrest Numbers associated with their arrests* (typo corrected in brackets).

We clarified "their arrests" refers back to the "non-parties." Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 21 and 22:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 23:** *Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.*

Defendants are maintaining their objection and claim not to understand the word "sufficient." I *believe* we agreed to avoid this issue by having Defendants not withdraw the objection but produce an updated response (by March 1, or later agreed upon date) that identified "*each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork,*" but let me know if that is incorrect so we can move on the impasse on Defendants' claim not to understand the word "sufficient."

**Document Request 24:** Defendants agreed to withdraw their vagueness/ambiguity objections.

**Document Request 25:** Defendants agreed to withdraw their vagueness/ambiguity objections.

**Document Request 26:** Plaintiff decided not to fight over this, since it's ultimately subsumed in 24 and 25 for this case.

**Document Request 27:** We resolved the 'Each Plaintiff' objection and Defendants agreed to withdraw their other vagueness/ambiguity objection(s).

**Document Request 28:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 29:** Defendants agreed to withdraw their vagueness/ambiguity objections. <u>**(Peter, my notes are less clear than others on this specific request, so I am drawing your attention to it to make sure you agree here specifically)**</u>

**Document Requests 31, 32, 33:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 34:** *Produce all documents concerning any other complaint received, or investigation or prosecution -- actual or potential -- concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.*

After a discussion of Defendants' claim not to understand the word "undertaken," we explained our view that at the stage at which the City would have control of any documents concerning an investigation in this context, any investigation would have been long since "undertaken" (or "underway," if you prefer) anyway.

Based on that discussion, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 38:** *Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.*

As requested, we are putting in writing here that this request is seeking IAB documents, wherever they happen to have been created. Thus, if -- for example, without limitation -- the mayor somehow created a document that reflected the ultimate outcome of an IAB investigation, we are seeking that. We are also clarifying that this request is *not* about just Ms. Rodriguez -- it is seeking documents about each Individual Defendant. We made clear we were at an impasse if Defendants refused to produce those documents concerning the Individual Defendants.

Based on that discussion, Defendants agreed to provide an updated substantive response on or before March 1, or otherwise clarify we were indeed at an impasse.

## Brief Conclusory Thoughts.

Just to wrap things up, I want to make clear we're prepared to move quickly on those items identified as an impasse above (and, indeed, plan to do so shortly after we get our discovery responses to you). So, if you think we've misstated your position, or think we're not actually at an impasse on those items identified as impasses (specifically, "Withholding/What Is Being Withheld," Int. Nos. 2 and 21), we would ask you to clarify that really as soon as possible.

Yours,

Remy.

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

———————————————————————



———————————————————————