3/4/24, 3:05 PM
Case 1:21-cv-10815-PKC Document 83-1 Filed 03/05/24 Page 1 of 28
Cohen&Green Mail - Rodriguez v. City of NY, 21-cv-10815

 Cohen&Green Mail

remy green <remy@femmelaw.com>

## Rodriguez v City of NY, 21-cv-10815

**remy green** <remy@femmelaw.com>                                    Fri, Mar 1, 2024 at 3:54 PM
To: "Scutero, Peter (LAW)" <PScutero@law.nyc.gov>
Cc: Protester Cases <Protests@femmelaw.com>, Elena Cohen <elena@femmelaw.com>, Sujata Gibson
<sujata@gibsonfirm.law>, Jianing Zhao <jz632@cornell.edu>, Reed Herter <lrh82@cornell.edu>

Hi Peter,

Thanks for this -- we'll be submitting our letter on the issues that remain outstanding next week.

Before we do so, however, I do want to make one thing clear.  In the email, you say, "Plaintiff
conceded in the parties' joint status letter, dated December 13, 2023, that testimonial and paper
discovery for plaintiff's Monell claims (not including the two new claims alleged in the First
Amended Complaint) have been completed."  Assuming you mean the status letter dated February
13, 2024 instead, that's not an accurate description.

The letter says:

> Because this case was coordinated with In re: New York City Policing During Summer 2020
> Protests, 20-cv-8924 (CM)(GWG), 30(b)(6) depositions related to all other Monell claims were
> already ***conducted***, as was paper discovery related to those claims.

(emphasis mine).  That is, the letter alert the Court we weren't starting completely from square one,
because some discovery *was* "conducted" -- even if it was not conducted to completion (Defendants'
deficient CCRB production in the Consolidated Cases and the conferences around that come to
mind as an example).  And of course, we had barely a week early sent a deficiency letter identifying
*Monell* issues where Defendants responses were deficient, and conferred on those issues two weeks
or so after that, with no mention at all of this waiver claim.
In any event, if you're going to claim somehow with one sentence in a status letter, we've waived all
*Monell* discovery, we will write to the Court clarifying what that sentence meant.  Let me know.

Yours,

Remy.

_____

## J. Remy Green

       *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



On Fri, Mar 1, 2024 at 12:33 PM Scutero, Peter (LAW) <PScutero@law.nyc.gov> wrote:

Remy,

This email serves as Defendants' response to your emails dated February 16, 2024 and February 28, 2024 that followed the parties' two meet and confers regarding plaintiff's deficiency letter dated February 5, 2024. As a preliminary matter, defendants agreed, during the meet and confers, to respond in writing to clarifications plaintiff provided in the Feb. 16th and Feb. 28th emails. The emails state, with respect to many of plaintiff's interrogatories and document requests, that defendants agreed to provide substantive responses by March 1st. It is important to note that defendants only stated that they would respond to plaintiff's clarifications by March 1st and did not waive further objections to plaintiff's revised requests.

As stated during the Feb. 28th meet and confer, defendants are not withholding documents relating to plaintiff Rodriguez's arrest. Defendants, however, maintain their objections to plaintiff's request for defendants to state whether they are withholding documents relating to the Mott Haven protest and plaintiff's Monell claims. Plaintiff conceded in the parties' joint status letter, dated December 13, 2023, that testimonial and paper discovery for plaintiff's Monell claims (not including the two new claims alleged in the First Amended Complaint) have been completed. Requiring the defendants to review the extensive number of documents produced (more than 200,000) to determine if anything has been withheld in the context of the entire Mott Haven protest and plaintiff's Monell claims would be unduly burdensome and not proportional to the needs of the case.

A point of clarification on the multiple vagueness objections, defendants agreed to withdraw the objections on this point because plaintiff's Feb. 5th letter explained that the interrogatories and requests that pluralized plaintiff or referred to "any plaintiff" or "each plaintiff" was actually only referring to Rodriguez and was not referring to the prior two plaintiffs whose claims have been dismissed or any other plaintiff.

Concerning defendants' objections based on plaintiff's requests being compound, defendants confirm that they have withdrawn those objections.

With respect to defendants' objections as to documents available publicly, already in plaintiff's possession, and duplicative of prior requests and productions, defendants are not withdrawing their objections as they relate to the Mott Haven protest and plaintiff's Monell claims. As plaintiff noted in the Feb. 28th email, defendants have stated that they are not withholding documents concerning Plaintiff's arrest. Defendants

agree that the parties are at an impasse on the issue of these objections in their application to documents plaintiff seeks concerning the entire Mott Haven protest and plaintiff's Monell claims.

Regarding the "all documents" issue, defendants will provide all document related to plaintiff's arrest, but maintain this objection as to documents related to the Mott Haven protest or any other protest. Similarly, defendants maintain their objections related to 160.50, and the Monell and Monell adjacent issues discussed in section III of the Feb. 28th letter as they concern the Mott Haven protest or any other protest but will provide documents that relate to plaintiff's arrest.

Defendants standby their objections related to Simms but will identify civil lawsuits, if any, that relate to similar claims alleged in plaintiff's complaint and involve the individual officer defendants. Likewise, defendants standby their HIPAA based objections, except as to documents that concern plaintiff. There does not appear to be any.

Defendants turn now to the individual interrogatories and requests that plaintiff identified in the Feb. 16th and Feb. 28th emails that concerned defendants' vague and ambiguous objections.

Interrogatory No. 2:

The parties came to agreement on Interrogatory number 2. Plaintiff agreed to strike the terms "from afar". Defendants withdrew their vague and ambiguous objection. The parties agreed to construe the interrogatory to request that defendants identify Incident Commanders who were present at the Protest or participated in the chain of command related to the Protest, including those not physically present at the Protest.

Interrogatory No. 7:

Defendants accept plaintiff's clarification contained in the Feb. 16th email and withdraw their objection that was asserted on vague and ambiguous grounds. Defendants maintain the substantive response that was originally provided.

Interrogatory No. 8:

Defendants are not withholding information relating to plaintiff's arrest. Subject to and without waiving any objections, Chief Lehr gave an order at the Mott Haven protest for officers to make arrests of individuals in violation of the curfew.

Interrogatory 10:

Defendants have no change to their response, except withdraw their objections that are based on vagueness and ambiguity.

Interrogatory 11:

After plaintiff pointed defendants to Patrol Guide Section 221-01 in the Feb. 16th email, defendants consulted the section and could not find a definition for the terms physical force. Defendants found the terms excessive force and chokehold within that Patrol Guide section. Defendants are unaware of any person who used excessive force or a chokehold on plaintiff, as those terms are defined in Patrol Guide Section 221-01. Subject to and without waiving any objections, Detective Nin and Detective Dorch applied flex-cuffs on plaintiff.

Interrogatory 15:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraws their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Interrogatory 16:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraws their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Interrogatory 17:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraws their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Interrogatory 18:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraws their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Interrogatory 19:

Defendants accept the clarification plaintiff made in the Feb. 5th letter and withdraws their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Interrogatory 20:

Defendants accept the clarification plaintiff made in the Feb. 5th email and withdraws their objection that was made on vague and ambiguous grounds.

Interrogatory 21:

Defendants maintain their vague and ambiguous objection to the use of the terms "lawful authority". Plaintiff provides no context or qualification for this term and has not clarified whether they are referring to defendants' lawful authority as members of service or some other lawful authority.

**Doc Request 3:**

Defendants have consulted with their client and maintain their objection. The terms "turned out" are not official terms of the NYPD. Plaintiff refused to agree to defendants many suggestions and attempts to clarify this request with alternative language. Regardless, Roll Calls have already been produced.

**Doc Request 4:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 7:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 9:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 10:**

Defendants accept the clarification plaintiff made in the Feb. 5th letter and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 11:**

The parties agreed to resolve issues relating to the definitions of NYPD terms, abbreviations, and acronyms as they arose and defendants would not argue that plaintiffs should have moved to compel production at an earlier time.

**Doc Request 13:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 17:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

**Doc Request 18:**

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Doc Request 19:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Doc Request 20:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Doc Request 23:

Defendants offer to construe this request to seek documents that identify each NYPD member (including supervisor(s)) who assisted in or supervised the Individual Defendants arrest processing related to plaintiff, including their creation of arrest paperwork. Subject to and without waiving any objections and limiting this response to plaintiff, defendants are unaware of any other documents other than those already produced.

Doc Requests 24, 25, and 27:

Defendants agreed to withdraw their objections based on vague and ambiguous grounds.

Doc Requests 29:

The parties both believe to have resolved the vague and ambiguous objections to this request, but do not recall how they were resolved. Defendants will withdraw their vague and ambiguous objections if the term "potential" is struck from the request. To the best of our knowledge, only charges that are brought can be dismissed or declined to be prosecuted.

Doc Request 34:

Defendants accept the clarification plaintiff made in the Feb. 16th email and withdraw their objection that was made on vague and ambiguous grounds. Defendants have nothing to add to their response.

Doc Request 38:

Subject to and without waiving any objections, defendants request plaintiff select the specific events within the defendants disciplinary histories that relate to excessive force or false arrest that she is interested in and defendants will consider producing the closing reports for those investigations. Defendants do not agree to produce documents relating to any open disciplinary proceedings, including investigations.

Doc Request 39:

Defendants agree that plaintiff's issue with this request has been resolved based on what is stated in the Feb. 28th email.

Doc Request 48:

Defendants agree with what is stated in the Feb. 28th email as it concerns this request.

Doc Request 49:

Defendants agree with what is stated in the Feb. 28th email as it concerns this request.

Doc Request 50:

Defendants agree with what is stated in the Feb. 28th email as it concerns this request.

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Wednesday, February 28, 2024 1:55 PM
**To:** Scutero, Peter (LAW) <PScutero@law.nyc.gov>
**Cc:** Protester Cases <Protests@femmelaw.com>; Elena Cohen <elena@femmelaw.com>; Sujata Gibson <sujata@gibsonfirm.law>; Jianing Zhao <jz632@cornell.edu>; Reed Herter <lrh82@cornell.edu>
**Subject:** [EXTERNAL] Re: Rodriguez v City of NY, 21-cv-10815

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Hi Peter,

Finishing this set out, thanks for the meeting today.  I think we both agreed it was significantly more productive.

Here's where we left things.  Once again, please let us know right away if we've misrecorded anything or otherwise have misstated your positions, agreements, etc.  Below, the summary basically just picks up from where we left off in the first meeting.

Given the deadlines the Court set, we need to get the agreed-upon follow up from you on the same timeline as from the first meeting (e.g., by the end of March 1), and we understand you're working to do so.

## Issues (con'd from last email):

### IIb, continued (Vagueness; Individual Objections):

**Document Request 39:** *Produce each Individual Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each [CCRB] complaint or investigation*

Some of Defendants' objections were resolved by the typo correction in our letter (e.g., fixing the request to say "CCRB complaint or investigation" rather than "IAB complaint or investigation" in the final line of the "including" clause). The remaining objection to "underlying" documents, while Defendants have not withdrawn the objection, is resolved by our agreement that we both understand this essentially means the documents that make up the full CCRB file.

**Document Request 48:** *Produce all documents reflecting the NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 46, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.*

We agreed to avoid any fight on this and have resolved the vagueness objection by stipulating the request is amended substantially as follows:

> *Produce all documents reflecting the NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 46, including, but not limited to, any ~~relevant~~ NYPD Patrol Guide and Administrative Guide provisions **concerning the topics in Document Request No. 46**.*

**Document Request 49:** *Produce all documents reflecting the nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers, including doctors and other medical workers, and lawyers and other legal workers.*

The objection to "intended enforcement," while Defendants have not withdrawn the objection, is essentially resolved by our discussion of what the Mayor's office was saying it intended enforcement of the curfew to be vs. what NYPD was saying and/or doing on the ground, for example, with regard to orders to disperse or with regard to legal observers.

**Document Request 50:** Defendants agreed to withdraw their objection to the term "released."

C. *"Compound" document requests.*

Defendants have agreed to withdraw their objection to documents requests being "compound."

D. *Public documents, documents Defendants claim Plaintiff has, and duplicativeness.*

Our resolution and impasses on this issue tie into Defendants' new position on the 2015 amendment issue. Defendants' new position is:

•    For documents concerning **Plaintiff's arrest and the Individual Defendants**, they will amend their responses to state, in sum and substances (subject to your exact wording): "Defendants are not withholding any documents concerning Plaintiff's Arrest and/or the Individual Defendants."

•    For documents concerning **the Protest**, Defendants will be standing on their objections and we still remain at an impasse.

While I expressed my doubts that Defendants have, in fact, not withheld documents related to Plaintiff's arrest or the Individual Defendants (I pointed out, as an example, that Defendants' responses to Doc. Reqs. 5-6 only point to three pages as apparently being the sum total of all of the arrest processing paperwork and that being unlikely), I said this moves the ball in the right direction on form and addresses quite a bit of the issue here.

We are still at an impasse on that second point — concerning "the Protest" (and presumably, policy documents too) — and prepared to move. I believe we agreed this was a ripe impasse where neither side was going to change its position.

We also discussed and agreed — which addresses another chunk of the issues — that a response cannot properly object to [Request 1] as "duplicative" of a [Request 2], *if* the response to [Request 2] is to refuse to produce documents. Given that, the duplicativeness objections are not problematic *in theory* (but as above, as a practical matter, issues remain). As we said in the letter, our view of this is that the proper way to indicate duplication is to cite Bates numbers – and this plugs into the 2015 amendment impasse about the Protest (and policies).

Finally, we — I believe — agreed that Defendants would take back and revert to us on whether they are refusing to produce documents they claim are public. And this issue would be an impasse if Defendants are refusing to produce documents, largely for reasons about (1) identifying the actual document; (2) instances where public documents are inaccurate (I raised academy/training history and the resolution of that issue for depositions on the consolidated docket as an example of this); and (3) authentication. Here, we are at an impasse and prepared to move if Defendants are unwilling to produce those documents they claim are public.

E. *"Assumes facts not established."*

Defendants agreed to withdraw this objection.

F. *Producing "all" documents.*

Defendants agreed they will take this back and provide a response. We are at an impasse and prepared to move if Defendants do not withdraw this objection.

We also pointed out Document Request 24 as an instance where Defendants' response has this objection in its most pure form, where Defendants state: "Defendants further object that this Request is overbroad in that it seeks 'all documents'" (followed by an "assumes facts not established" clause that has now been withdrawn).

## III. *Monell* and *Monell* Adjacent Issues from the Letter.

A. *"Unsubstantiated" investigations and complaints.*

As we discussed, Defendants objections indicate they object to requests that seek documents that concern "allegations of misconduct that are not substantiated" or "did not result in a finding of misconduct." As set out in the letter, Courts routinely reject this limitation.

Defendants agreed to take back and revert to us on whether they will withdraw this objection.

B. *Simms v. City of New York.*

Defendants agreed to get back to us on whether they are *actually* withholding any documents in response to Requests 44 and 45 that are either (1) similar or the same type of allegations of the kind of misconduct here or (2) about conduct that implicates honesty/dishonesty/truth-telling, so we know whether there is a real objection.

## IV. 160.50, HIPAA, and Privilege Logs.

Defendants will confirm, after looking at the unsealing orders in the Consolidated Cases and their objections here, whether they agree their 160.50 objections are moot.

Defendants will take back and get back to us on whether they are actually asserting a HIPAA objection, and whether they will explain how HIPAA applies here (this is Doc. Req. 15).

Defendants stated they believe there are no privilege withholdings beyond those reflected in privilege logs produced in the Consolidated Cases. Defendants agreed they will follow up and confirm there are no privilege withholdings, given the privilege assertions in the responses.

## V. Scope of Requests 44 and 45.

Defendants had objected to Requests 44 and 45, saying, "Defendants further object that it seeks documents that are not relevant insofar as any investigation or lawsuit involves non-party officers." Defendants agreed to withdraw this objection in light of our pointing out that the request was limited to lawsuits and claims against "each Individual Defendant[.]"

## VI. Revisiting Prior Impasses.

A. *2015 Amendments.*

As noted above, Defendants have decided to change their position on the 2015 amendment issue. The new position is:

- For documents concerning **Plaintiff's arrest and the Individual Defendants**, they will amend their responses to state, in sum and substances (subject to your exact wording): "Defendants are not withholding any documents concerning Plaintiff's Arrest and/or the Individual Defendants."

- For documents concerning **the Protest**, Defendants will be standing on their objections and we still remain at an impasse.

We are still at an impasse on that second point — concerning "the Protest" (and presumably, policy documents too) — and prepared to move. I believe we agreed this was a ripe impasse where neither side was going to change its position.

On the first point, subject to what is said above, all that remains is the Rule 37 fees issue, given that we already moved after reaching and confirming an impasse.

B. *Interrogatory 2.*

Defendants agreed the Interrogatory is sufficiently clear if we agree they can ignore the test "from afar," which we agreed to as long as we all understand that Defendants' response must cover everyone in the chain of command — including specifically those who participated in that chain *not* physically at the protest (e.g., those who did so from afar).

Thanks again.

Yours,

Remy.

_____

**J. Remy Green**

> *Partner*
> | Cohen&Green P.L.L.C. | #FemmeLaw |
> | remy@femmelaw.com (e) | (929) 888.9560 (direct) |
> | (929) 888.9480 (p) | (929) 888.9457 (f) |
> | honorific / pronouns:  Mx. / they, their, them |
> | 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____

On Fri, Feb 16, 2024 at 10:26 PM remy green <remy@femmelaw.com> wrote:

Hi Peter,

I'm writing to follow up on (as agreed) and otherwise summarize our 2+ hour meeting today.  Please let me know as soon as possible if we've misstated any impasses, your positions, or the like, so we can be accurate in any motions we need to make and be on the same page on what the next steps are.

We've confirmed a continued meeting (because we did not make it through our letter) next Friday, February 23, 2023 from 2:30 p to 5:00, and the items below you will get back to us with substance, or otherwise confirm an impasse, on or before March 1, 2023.

**Issues:**

**I.  Withholding/What Is Being Withheld (Global):**  Defendants' position is that they will not amend their answers to clarify whether they are withholding documents.  Specifically Defendants' position is "we are not required to state whether we are withholding documents" (I believe that is a verbatim quote, but if it's wrong, let me know).  Defendants are also not willing to state what it *is* they are withholding or based on what objections.  And after much back and forth, when Elena asked "can we agree that we're at an impasse on the issue of amending your answers to say whether you're withholding anything?"

(again, I believe this is verbatim) you said "yes." *But see, e.g., Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *5 and *9 (SDNY Feb. 28, 2017) (quoting the 2015 amendment Advisory Committee Notes for, among other things, its explanation that a party "does need to alert other parties to the fact that documents have been withheld" and concluding, "From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)").

We are at an impasse.

## II. Vagueness Objections and Related Discussions: The rest of our meeting was spent going through Defendants' individual vagueness objections, and discussing some other issues on individual requests when it came up.

A. *Multiple Plaintiffs.* Perhaps most productively, we agreed that Defendants' claims that "each Plaintiff" and other similar language were -- at least after our letter -- not vague, and Defendants agreed to withdraw those objections where relevant (noted below as "We resolved the 'Each Plaintiff' objection").

B. *Individual Objections.* For clarity, where there are outstanding issues, I've included the text of the requests here.

**Interrogatory 2:** *Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.*

Defendants are maintaining their position that "afar" in this interrogatory is insufficiently clear for Defendants to understand what this interrogatory means.  We are at an impasse.

**Interrogatory 7:**  *Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.*

As you requested, we are clarifying that by "gave rise to" here means, more or less, "is the reason for."  As in, this is asking for what Defendants claim is the legal basis that gave rise to (or, "was the reason they claim they had") probable cause to arrest.  We agreed Defendants would provide an amended response based on this by March 1.

**Interrogatory 8:**  *Identify each person who determined, or participated in the determination, that each Plaintiff  should be arrested.*

We made it through Defendants' vagueness objections, and agreed those objections are not what is preventing a substantive answer.  Rather, Defendants are claiming this information is already in other responses.  We explained we do not believe that's true, because Ms. Rodriguez was not arrested with everyone else at the protest -- it was separate.

Defendants agreed to provide Bates numbers or cite responses where they claim this information was previously produced as to Ms. Rodriguez on or before March 1.

**Interrogatory 9:**  We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Interrogatory 10:** *If any Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s) with respect to each such arrest.*

As you requested, we are clarifying in writing here that "'Turn-Over Arrest' within the meaning of the NYPD Patrol Guide" means a "Turnover Arrest" as such an arrest is defined in Patrol Guide Section 208-20, titled "'Turnover' Arrests," and the "roles described in the relevant Patrol Guide provision" are those described in that same section.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 10:** *Identify each person who used physical force in any manner on each Plaintiff on June 4, 2020 prior to or in connection with each Plaintiff's arrest.*

As you requested, we are clarifying that "physical force" here means any kind of force as that term is used within the NYPD, including in Patrol Guide Section 221-01 ("Force Guidelines") and NYPD's "Use of Force Reporting Guide.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatories 13 and 14:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Interrogatory 15:** *Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.*

As you requested, we are clarifying that "NYPD agent" means any agent of the NYPD as the word "agent" is used within agency doctrine and law. We also noted we said essentially the same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 16:** *For each Individual Defendant who was involved in processing any Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.*

As with Interrogatory 15, and as you requested, we are clarifying that "NYPD agent" means any agent of the NYPD as the word "agent" is used within agency doctrine and law. We also noted we said essentially the same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 17:** *Identify each NYPD Legal Bureau agent who was present at the location at which each Plaintiff's arrest was processed.*

As with Interrogatories 15 and 16, and as you requested, we are
clarifying that "NYPD Legal Bureau agent" means any agent of the
NYPD who works in the Legal Bureau as the word "agent" is used
within agency doctrine and law. We also noted we said essentially the
same thing in our letter (Letter at 3).

Defendants agreed to provide an updated substantive response on or
before March 1.

**Interrogatory 18:**  *For each NYPD member who consulted with a NYPD
Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify
each such NYPD Legal Bureau attorney.*

In our discussion, you said this request was vague because the last
phrase appeared to be cut off. I actually went back to the original
requests, and it appears Defendants actually *introduced* the error they
claimed made this Interrogatory vague:

Original:

> each Plaintiff's arrest was processed.
>
> 18.    For each NYPD member who consulted with a NYPD Legal Bureau attorney in
> connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau
> attorney.

Defendants' response:

> **Interrogatory No. 18**:
>
> For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with
> any Plaintiff's arrest processing, identify each such NYPD Legal Bureau.
>
> **Response**:
>
>     Defendants object to Interrogatory No. 18 to the extent it is duplicative of Interrogatory

Nonetheless, since Defendants agreed that the Interrogatory is not
vague with the word "attorney" at the end, Defendants agreed to
provide an updated substantive response on or before March 1.

**Interrogatory 19:** *Identify each author, and each person who contributed to, the
factual narrative in each OLBS Report, C-Summons, and accusatory instrument
created in connection with each Plaintiff's arrest.*

After discussion and re-reading our letter, Defendants stated that
request is clear between the letter and resolving the "Each Plaintiff"
objection.

Defendants agreed to provide an updated substantive response on or
before March 1.

**Interrogatory 19:** *Identify each author, and each person who contributed to, the
factual narrative in each OLBS Report, C-Summons, and accusatory instrument
created in connection with each Plaintiff's arrest.*

After discussion and re-reading our letter, Defendants stated that
request is clear between the letter and resolving the "Each Plaintiff"
objection.

Defendants agreed to provide an updated substantive response on or
before March 1.

**Interrogatory 20:** *Identify by name or by Arrest Number each third-party
arrestee whose arrest each Individual Defendant was involved in effecting or*

3:05 PM

*processing*.

After discussion and re-reading our letter, Defendants stated that request is clear between the letter and resolving the "Each Plaintiff" objection.

Defendants agreed to provide an updated substantive response on or before March 1.

**Interrogatory 21:**   *Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.*

Defendants said they were standing by their claim they did not understand "lawful authority" in the context above, and otherwise stand by their objections as written as a basis to refuse to provide any answer. We confirmed Defendants did not want to make any further amendments, and we are at an impasse.

**Interrogatory 22:**  We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 3:**  *Produce all Roll Calls for each NYPD Precinct out of which each Individual Defendant turned out on June 4, 2020.*

Defendants will provide an updated response after consulting with appropriate members of the NYPD about Defendants' claim they do

not understand the phrase "turned out" in the context of a roll call.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 4:** *Produce all videos related to any Plaintiff's arrest or to the Protest, including, but not limited to , all: a. NYPD body-worn camera footage related to the Protest, including, but not limited to such, footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata; b. ARGUS footage; c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU"); d. Footage captured by the NYPD's Aviation Unit; and e. All other video footage in Defendants' care, custody, or control*

We clarified that 30' in this context was using the apostrophe to mean feet, and 30' is specifically in the context of the Evidence.com "multi-cam" function. Likewise, we clarified that "audit trails" are part of the chain of custody paperwork from Evidence.com.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 5 and 6:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 7:** *Produce all recorded (including NYPD) communications related to each Plaintiff's arrest or the protest, including but not limited to: a. 911 calls related to the Protest, and all documents related to responses thereto; b. 311 calls related to the Protest, and all documents related to responses thereto; c. NYPD Citywide One, Citywide Two, or other internal NYPD*

*communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide; d. Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Devices ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses; and e. Texts, e-mails, and other digitally recorded communications.*

Defendants claim they "do not know what a communication channel" is. As you requested, in this email, we are explaining it means a channel in which a person communicates, like the 3 examples listed in (c), or like Slack, Discord, email, text messages, or any other medium of communication (these examples are without limitation).

With that clarification, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 9:** *Produce all Event Chronologies and Event Summaries related to the Protest.*

After we explained these are NYPD documents, and Elena provided an example of one, you agreed to withdraw your objection claiming not to understand "the terms 'Event Chronologies' and 'Event Summaries.'"

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 10:** *Protest all ICAD Chronologies and reports related to the Protest.*

After discussion and reading our letter during the meeting, Defendants stated that the request is clear in light of the letter.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 11:** *Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."*

We agreed that we could resolve any issues related to this request as they came up, when they came up, and Defendants would not argue in that context that we should have moved to compel production sooner.

**Document Request 13:** *Produce all documents including statements made by each Individual Defendant or other witnesses related to each Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.*

We explained that "scratch" means handwritten. We gave the example of a document explicitly titled "Scratch OLBS." You acknowledged that you had not spoken to anyone at NYPD to try to understand the phrase "scratch … paperwork."

With that understanding, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 14, 15, and 16:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 17:** *Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.*

With our clarification on what "version" meant, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 18:** *Produce the Command Log or the equivalent document from any NYPD Precinct or MAPC at which any Plaintiff's arrest was processed related to the Protest.*

After discussion and reading our letter during the meeting, Defendants stated that the request is clear in light of the letter.

Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 19:** *Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the protest or that otherwise relate to any Plaintiff's arrest or the Protest.*

With the "Each Plaintiff" issue resolved, and after a discussion, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 20:** *Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information o[f] non-parties, aside from the Arrest Numbers associated with their arrests* (typo corrected in brackets).

We clarified "their arrests" refers back to the "non-parties." Defendants agreed to provide an updated substantive response on or before March 1.

**Document Requests 21 and 22:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 23:** *Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.*

Defendants are maintaining their objection and claim not to understand the word "sufficient." I *believe* we agreed to avoid this issue by having Defendants not withdraw the objection but produce an updated response (by March 1, or later agreed upon date) that identified "*each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork,*" but let me know if that is incorrect so we can move on the impasse on Defendants' claim not to understand the word "sufficient."

**Document Request 24:** Defendants agreed to withdraw their vagueness/ambiguity objections.

**Document Request 25:** Defendants agreed to withdraw their vagueness/ambiguity objections.

**Document Request 26:** Plaintiff decided not to fight over this, since it's ultimately subsumed in 24 and 25 for this case.

**Document Request 27:** We resolved the 'Each Plaintiff' objection and Defendants agreed to withdraw their other vagueness/ambiguity objection(s).

**Document Request 28:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 29:** Defendants agreed to withdraw their vagueness/ambiguity objections.  **(Peter, my notes are less clear than others on this specific request, so I am drawing your attention to it to make sure you agree here specifically)**

**Document Requests 31, 32, 33:** We resolved the 'Each Plaintiff' objection, which is the only vagueness objection here.

**Document Request 34:** *Produce all documents concerning any other complaint received, or investigation or prosecution -- actual or potential -- concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.*

After a discussion of Defendants' claim not to understand the word "undertaken," we explained our view that at the stage at which the City would have control of any documents concerning an investigation in

this context, any investigation would have been long since "undertaken" (or "underway," if you prefer) anyway.

Based on that discussion, Defendants agreed to provide an updated substantive response on or before March 1.

**Document Request 38:** *Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.*

As requested, we are putting in writing here that this request is seeking IAB documents, wherever they happen to have been created. Thus, if -- for example, without limitation -- the mayor somehow created a document that reflected the ultimate outcome of an IAB investigation, we are seeking that. We are also clarifying that this request is ***not*** about just Ms. Rodriguez -- it is seeking documents about each Individual Defendant. We made clear we were at an impasse if Defendants refused to produce those documents concerning the Individual Defendants.

Based on that discussion, Defendants agreed to provide an updated substantive response on or before March 1, or otherwise clarify we were indeed at an impasse.

## Brief Conclusory Thoughts.

Just to wrap things up, I want to make clear we're prepared to move quickly on those items identified as an impasse above (and, indeed, plan to do so shortly after we get our discovery responses to you). So, if you think we've misstated your position, or think we're not actually at an impasse on those items identified as impasses (specifically,

"Withholding/What Is Being Withheld," Int. Nos. 2 and 21), we would ask you to clarify that really as soon as possible.

Yours,

Remy.

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____