

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Peter Scutero<br>Senior Counsel<br>(212) 356-2410<br>pscutero@law.nyc.gov |

March 13, 2024

**Via ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

      Re:    *Shellyne Rodriguez v. The City of New York et al.* (21-cv-10815)(PKC)(VF)

Your Honor:

      I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and serve as counsel to defendants in the above-referenced matter. Defendants write in opposition to plaintiff's letter dated March 5, 2024 (Docket No. 83), seeking to compel responses from defendants and for costs and fees.[1] For the reasons set forth below, defendants respectfully request the Court deny plaintiff's motion in its entirety.

      **I.**    **Defendants' Responses to Plaintiff's Interrogatories and Document Requests are Consistent with the Federal Rules**

      Plaintiff argues that defendants' responses to plaintiff's interrogatories and document requests "cross the line into frivolous." Dkt No. 83 at 1. Specifically, plaintiff takes issue with defendants' objections that are based on vagueness, duplication, public availability, proportionality, and statutory proscribed confidentiality. Plaintiff argues that these objections are improper and, in some instances, non-responsive.

      Defendants maintain that their responses satisfy the Federal Rules by interposing valid objections and responsive information to interrogatories and document requests that are not properly tailored to the needs of plaintiff's case. More than 200,000 documents have already been

---

[1] Defendants are mindful of the Court's limitation on pages for submissions; however, considering plaintiff's submitted a 19-page letter motion, defendants respectfully request the Court permit them to submit this letter in opposition, which consists of more pages than the Court's 3-page limit. To avoid overwhelming the Court, defendants made every effort towards brevity and succinctness.

produced between the Consolidated Protest Case and this case, placing a heavy burden on plaintiff to justify seeking the additional and extensive discovery at the heart of this discovery dispute. This case—involving a single plaintiff who has only alleged minor injuries, if any, and by most recent accounts are dubious at best—lacks the significant issues and amount in controversy that would warrant the discovery-undertaking plaintiff requests. Proportionality reigns supreme when it comes to discovery disputes and weighs in favor of denying plaintiff's motion. Far from frivolous, defendants have gone to great lengths in attempting to resolve the issues plaintiff has with their responses and objections, much of which can be attributed to defects in drafting of plaintiff's document requests and interrogatories. Within this context, the volume and scale of discovery plaintiff now seeks—as well as this discovery dispute—violates Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1).

*A. Defendants' Vagueness Objections Should be Upheld*

"Rule 34 permits a party to serve on any other party a request for documents and electronically stored information so long as the request is within the scope of Rule 26(b)(1)." Michael Kors, L.L.C. v Su Yan Ye, 2019 U.S. Dist. LEXIS 60057, at *5 (S.D.N.Y. 2019). "The request must describe with reasonably [sic] particularity each item or category of documents and information sought. Id. (internal quotation marks omitted); citing, Fed. R. Civ. P. 34(b)(1)(A). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33. Objections to document requests and interrogatories must be stated with specificity. Michael Kors, at *5.

Here, Plaintiff argues that defendants vagueness objections to Interrogatory Nos. 8, 10, 12, and 18 and Document Request Nos. 3 and 38 "leaves Plaintiff with very little confidence Defendants are undertaking searches in good faith or otherwise productive ways…." Dkt No. 83 at 1. While plaintiff may be left with "little confidence", that is not the standard required of the parties when it comes to serving and responding to discovery requests and interrogatories. Indeed, plaintiff is required to describe with reasonable particularity the documents and information she seeks, and defendants' objections must be stated with specificity. From the outset, plaintiff failed to meet this requirement by serving poorly constructed interrogatories and document requests that defendants objected to on vagueness grounds. See copies of Defendants' Responses to Plaintiff's First Set of Document Requests and First Set of Interrogatories attached hereto as Exhibit "A". Such failure on plaintiff's part should not be ignored. Courts in this district have sustained objections where requests were vague. See e.g., Brand New Sch., LLC v Mill Group, Inc., 2017 U.S. Dist. LEXIS 14909, at *34 (S.D.N.Y. 2017) (noting that plaintiff neither defined nor explained what it meant by certain terminology).

Nonetheless, in keeping with discovery obligations, defendants met and conferred with plaintiff, on multiple occasions, for approximately three hours, in a good-faith effort to understand what plaintiff was seeking in the interrogatories and document requests. See Dkt No. 83-1 at 2. Where plaintiff was able to explain what was meant by a vague term, or articulate precisely what was being sought, defendants withdrew their vagueness objections. When plaintiff was unable to explain the meaning of vague terms, or refused to do so, defendants offered alternative terminology and suggested a re-wording of requests so that plaintiff's requests would be intelligible. Some of defendants' suggestions were accepted by plaintiff while others were not. Of the fifty-five

document requests and interrogatories that defendants objected to on vagueness grounds, defendants—after substantial compromise and hard work—resolved forty-nine, leaving six that plaintiff elected to pursue in the instant motion.[2] Many of these do not warrant a motion, let alone plaintiff's 19-page application, and are examples of plaintiff violating both Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1). To avoid further belaboring the Court with picayune issues, we turn briefly to each specific interrogatory and discovery request that are subjects of plaintiff's motion.

Concerning Interrogatory No. 8, plaintiff's argument that the substantive response provided by defendants is non-responsive relates to the weight of the evidence and not to responsiveness. See Dkt No. 83 at 2. Defendants are not required to provide facts that plaintiff agrees with in their responses. Plaintiff's disagreement with the factual substance of defendants' response is not an appropriate ground for a discovery motion.

With respect to Interrogatory No. 10, plaintiff's argument fails to consider that the identities may be unknown other than those members of service already known to plaintiff, i.e., Det. Dorch prepared the Summons paperwork. See Dkt No. 83 at 3.

Regarding Interrogatory No. 12, plaintiff failed to provide defendants with a clear definition of what it is meant by physical force in the interrogatory, even after defendants explained that there could be many interpretations of the term and attempted to seek clarification and suggested clarifying language. See Dkt No. 83 at 3. After plaintiff pointed out two sources, both of which did not contain a precise definition, defendants provided, out of an abundance of caution and to be responsive, a substantive response with the names of the two officers who applied flex cuffs on plaintiff.

For Interrogatory No. 18, defendants maintain their objection that the request is not proportional to the needs of plaintiff's case. While the identities of Legal Bureau Attorneys might relate to the subject matter of plaintiff's case, the identities are not relevant to the claims arising from plaintiff's arrest. "[T]here is a distinction between information relevant to the subject matter involved in the action and information relevant to the claims and defenses…." In re Lifetrade Litig., 2022 U.S. Dist. LEXIS 138160, at *13 (S.D.N.Y. 2022) (stating that the motion to compel falters on the threshold issue of relevance).

Relating to Document Request No. 3, plaintiff's reliance on testimony from NYPD officers colloquially using the terms "turned out" is misguided and demonstrates both that they are not official terms of the NYPD and are used colloquially by individual officers to describe a number of different circumstances. See Dkt No. 83 at 4 - 5. Defendants suggested alternative language to clarify plaintiff's request, but plaintiff refused defendants' offer. In any event, defendants have already produced Roll Calls, as noted in their response, in the Consolidated Protest Cases. See Dkt No. 83-1 at 5.

---

[2] Plaintiff has not withdrawn a single document request or interrogatory, and refused to revise their discovery requests to indicate that only one plaintiff remains, leaving their requests and interrogatories in the plural form. As such, defendants were required to object to numerous requests on vagueness grounds out of an abundance of caution.

As for Document Request No. 38, plaintiff misconstrues the defendants' response to be limiting discovery to investigations that were substantiated. See Dkt No. 83 at 6. However, defendants would consider producing closed disciplinary cases selected by plaintiff from the individual defendants' disciplinary histories, already produced by defendants at DEF 341 - 381, that involve charges of a similar nature as to the claims made by plaintiff. However, defendants will not produce open disciplinary cases, including investigations. The discovery rules dictate that documents not relevant to the claims or defenses of a case, like disciplinary cases not related to excessive force or false arrest here, need not be produced, and that the burden of producing every single disciplinary case would be disproportionate to the needs of plaintiff's case. To be constructive, defendants offered this modest compromise that plaintiff appears to reject out of hand.

  *B. Defendants' Objections as to Proportionality, Duplication, and Public Availability Should be Upheld*

"Fed. R. Civ. P. 26 permits discovery of information relevant to the claims and defenses and proportionate to the needs of the case." Gilead Sciences, Inc. v Safe Chain Solutions LLC, 2024 U.S. Dist. LEXIS at * 28 (E.D.N.Y. 2024); citing, Fed. R. Civ. P. 26(b)(1). "Fed. R. Civ. P. 26 sets forth the parameters for reviewing proportionality, namely the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Gilead at * 28 (internal quotation marks omitted); citing, Fed. R. Civ. P. 26(b)(1). "The party seeking discovery must show that it is not engaging in merely a fishing expedition." Gilead at * 29.

At the outset, it is important to note that defendants have stated that they are not withholding documents concerning plaintiff's arrest, but maintain these objections as they relate to the Mott Haven protest and plaintiff's Monell claims. Plaintiff argues, only citing to non-binding authority, that defendants must produce or authenticate the publicly available documents responsive to plaintiff's requests. See Dkt No. 83 at 14. Additionally, plaintiff argues that defendants "should have to identify the Bates numbers for documents they claim they've already produced when they are claiming a request is duplicative." See Dkt No. 83 at 14. Plaintiff also argues that defendants are barred from objecting to all documents by the Coordination Order. See Dkt No. 83 at 15. These arguments are inconsistent with the Federal Rules, case law from this district, or, with regard to the "all documents" argument, misstates the objection.

Indeed, Fed. R. Civ. P. 26(b)(2)(C) "requires that a court limit the frequency or extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." U.S. Bank, N.A. v. Charitable Donor Advised Fund, L.P., 2024 U.S. Dist. LEXIS 18335 at * 3 (S.D.N.Y. 20240. Here, plaintiff's discovery requests can be satisfied under all three prongs of Rule 26(b)(2)(C). Defendants painstakingly identified the requests that plaintiff duplicated from those sought in the Consolidated Protest Cases. Additionally, plaintiff has had ample opportunity to obtain the information sought since discovery in the Consolidated Protest Cases has been

coordinated with discovery in this case. See Dkt No. 14. Moreover, plaintiff's discovery requests fall outside the scope permitted by Rule 26 because they are not proportionate to the needs of this case since defendants have already provided plaintiff with discovery on the actual topic at issue—plaintiff's arrest and the 2020 protests, including Mott Haven—through disclosures in this case and the Consolidated Protest Cases. See e.g., Gilead at * 29 - 30.

Courts have limited and denied discovery requests where the "requests were duplicative, overly broad, not relevant, and/or privileged." Jablonski v. Special Counsel, Inc., 2023 U.S. LEXIS 52127 * 3 (S.D.N.Y. 2023) (affirming discovery order that limited and denied plaintiff's discovery requests).

With respect to "all documents", plaintiff's argument is misleading because it truncates defendants' objections into a misquotation and ignores the nuance Courts treat discovery requests that contain this broad language. "Requests for any and all documents on a broad topic are presumptively improper." Phase One Network, Inc. v. Ye, 2023 U.S. Dist. LEXIS 89535 * 2 (S.D.N.Y. 2023). Although presumptively improper, requests for any and all documents are permissible when they are tailored based on the particular issues and circumstances in the case. Michael Kors at * 6 - * 7. On the other hand, plaintiff "requests all documents concerning or pertaining to various listed topics," which are overbroad and unreasonable. See e.g., Michael Kors at * 6. Plaintiff also failed to show how any of her requests for "all documents" are proportional to the needs of this case. See e.g., Mill Group at * 33 - * 36.

*C. Defendants' Confidentiality Objections Should be Upheld*

Plaintiff argues that defendants HIPAA and 160.50 objections "are non-specific and generic." Dkt No. 83 at 16. Based on no factual support whatsoever, plaintiff argues that "it is clear at least some records are being silently withheld." Dkt No. 83 at 17. Plaintiff offers no support or evidence that defendants are withholding documents other than pointing to a position the City took in the Consolidated Protest Cases that officers had been seriously injured during the protests. Dkt No. 83 at 17. Plaintiff's argument, however, ignores the fact defendants' have already stated they are not withholding any documents relating to plaintiff's arrest, as well as, that defendants referred plaintiff in their response to the only arrest documents concerning plaintiff. See Ex. A. As for documents relating to plaintiff's Monell claims and the Mott Haven protest, defendants rely on the disclosures and privilege logs produced during the Consolidated Protest Case. Plaintiff has acknowledged that discovery was already conducted in the Consolidated Protest Case as it relates to plaintiff's Monell claims (except for the two claims added to plaintiff's amended complaint). See Dkt No. 76 at 1

**II.   Requiring the Defendants to Determine What has Been Withheld in the Consolidated Protest Case is Not Proportionate to the Needs of this Case**

"Since the 2015 amendments to the federal rules, the scope of discovery permitted has narrowed." Michael Kors at * 4. "Proportionality takes into account the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Lifetrade at * 12.

In this case, plaintiff argues that defendants must state whether they are withholding documents relating to plaintiff, the individual defendants, plaintiff's Monell claims, and the Mott Haven protest. Dkt No. 83 at 7 – 8. Plaintiff also argues that "Defendants' statement that they are not withholding documents is simply and clearly wrong." Dkt No. 83 at 7. In support, plaintiff declares the certain existence of "mass arrest processing photos….or a single email or text about Plaintiff's arrest, case, or Plaintiff individually." Dkt No. 83 at 7. Concerning the Mott Haven protest and plaintiff's Monell claims, plaintiff argues that defendants' "position flies in the face of the rules." Dkt No. 83 at 8.

These arguments cut against the intent of the 2015 Amendments:

> Both the requesting and responding parties are expected to act in accordance with both the letter and intent of the amended Rules. Rule 1 emphasizes that the parties have a responsibility to construe and administer the rules to ensure the just, speedy and inexpensive resolution of every action.

Michael Kors at * 5; citing, Fed. R. Civ. P.1; Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

Basically, plaintiff is requesting the Court require defendants to review more than 200,000 documents to determine if anything was withheld. However, plaintiff has already received these documents because discovery was coordinated with the Consolidated Protest Cases. See Dkt No. 14. Essentially, plaintiff is asking the Court to require the defendants to do their job for them. Such a requirement represents the height of inefficiency, waste and expense of resources, and injustice. The 2015 Amendments were never intended to confer such a requirement. They were meant to work in conjunction and furtherance with Fed. R. Civ. P.1 and Fed. R. Civ. P.26(b)(1), which serve as barriers to the burdens plaintiff seeks to impose on defendants—not in conflict with those rules. Simply, requiring defendants to identify what has been withheld in the Consolidated Protest Case is not proportional to the needs of plaintiff's case, especially since plaintiff has essentially conceded that Monell discovery has virtually been completed; plaintiff is already in possession of the documents that were produced in the Consolidated Protest Case; and this case involves one plaintiff. See Dkt No. 76 at 1. Not to mention that it would make absolutely no sense to force defendants to review more than 200,000 documents that they already produced to determine if anything has been withheld. Since discovery in the Consolidated Protest Case has virtually been completed, except for a few discreet issues, it is incumbent upon plaintiff to identify the documents that it believes to be missing and request them, in good-faith, from defendants.

With respect to the argument about defendants' withholding documents relating to plaintiff's arrest, defendants have already stated that they are not withholding documents. Defendants made a diligent search for all documents relating to plaintiff's arrest and produced everything that was responsive. In the unlikely event a document is located at a later date, defendants have a continuing obligation to produce, which they will observe. The absence of text messages or emails about plaintiff's arrest is nothing extraordinary especially given the circumstances of plaintiff's arrest.

6

Should the burdens plaintiff seeks to impose on defendants be accepted, the Courts should consider bifurcating Monell discovery and claims from the plaintiff's claims in order to promote a quick, efficient, and streamlined process to the case that will conserve judicial resources as well as the parties' resources. "Courts in this circuit favor bifurcating Monell claims." Mineo v. City of New York, 2013 U.S. Lexis Dist. 46953 * 4 (E.D.N.Y. 2013). Additionally, bifurcation would also assist in keeping discovery within the parameters of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1).

### III.    **Plaintiff is not Entitled to Costs and Fees**

Plaintiff seeks costs and fees for making the instant motion.  Dkt No. 83 at 18. Interestingly, plaintiff argues that "the Court can see simply from the size of the letter, Defendants have successfully imposed significant costs on Plaintiff needing to litigate many of these discovery issues…."   Dkt No. 83 at 18.  However, plaintiff's argument fails because she has provoked this motion having failed to mitigate costs through productive meet and confers where defendants made attempts to resolve plaintiff's discovery issues.  Plaintiff's motion is nothing more than a classic case of gamesmanship.  "Discovery is not a matter of gamesmanship nor conducted like a game of chess."  Gilead at * 21.  Make no mistake, plaintiff's motion is intended to inundate defendants' with needless discovery as well as shows no end to plaintiff's manufacturing of disputes.  Indeed, plaintiff has signaled that there are more motions to come.  See Dkt No. 83 at 1 and 7 (referring to this motion as an initial motion and implying another motion will be filed).

From the start, plaintiff's requests and interrogatories were geared seemingly for one purpose, to get to where we are today, a discovery dispute to litigate with lengthy motions.  Indeed, plaintiff served 53 document requests and 22 interrogatories, some with individual subparts, even though more than 200,000 documents had already been produced in the Consolidated Protest Cases.  Plaintiff made no effort to mitigate the burdens on defendants to responding to document requests and interrogatories that were duplicative and cumulative.  "Paring down discovery requests to those documents most essential to the case, offering meaningful compromises in response to an objectionable document request, avoiding discovery disputes, and meeting and conferring in good faith to resolve disputes without the need for motion practice are all critical obligations under the Federal Rules of Civil Procedure." Jablonski at * 3 – 4.

Rather than offering meaningful compromises, plaintiff elected to file a 19-page letter motion (even though the Court limit is 3-pages), while conspicuously dedicating more than 5-pages to rehashing what occurred in the Consolidated Protest Case.  This is after plaintiff filed two motions on February 22, 2024 and February 23, 2024 and emailed chambers on three separate occasions during this time period all about the same issue.  See Dkt Nos. 78, 79, and 80.  Plaintiff's actions are a clear example of the type of gamesmanship plaintiff engages in.  Plaintiff took a similar course when she attempted to manufacture a discovery dispute in order to obtain an extension to the deadline to amend the complaint.  See Dkt No. 70 at 2 – 3.

Much of plaintiff's issues were avoidable and thus wasteful of judicial resources and the defendants' resources .  For example, plaintiff's motion for emergency relief that proceeded this instant submission and activated a court conference was unnecessary. See Dkt No. 80. There was

no emergency. Plaintiff could not point to substantive or procedural right that she was in danger of losing. It was a blatant waste of judicial resources that courts in this district admonish parties to avoid. "Put simply, the courts would grind to a halt if it became necessary to intervene constantly in discovery disputes." Meikle v. Transaction Network Servs., Inc., 2021 U.S. Dist. LEXIS 157179 * 4 (S.D.N.Y. 2021). Plaintiff also demonstrated her propensity to run to court at the slightest of issues as well as plaintiff's lack for a sensible and cooperative approach to resolving discovery issues. "Thus lawyers should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." Id. Plaintiff has proven no grounds to support an award of costs and fees for the instant motion. If anything, defendants have suffered the injury by plaintiff's gaming the discovery process and the federal rules. Accordingly, plaintiff's motion for costs and fees should be denied.

## IV. Conclusion

For the foregoing reasons, defendants respectfully request plaintiff's motion be denied in its entirety.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Peter Scutero* /s

*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel