# Exhibit

# A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHELLYNE RODRIGUEZ, et al.,

          Plaintiff,

   v.

THE CITY OF NEW YORK, et al.,

          Defendants.

21-cv-10815 (PKC)(VF)

**DEFENDANTS'
RESPONSES TO PLAINTIFF
RODRIGUEZ'S FIRST SET OF
DOCUMENT REQUESTS**

---

       Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

Defendants The City of New York, Bill DeBlasio, Dermot Shea, Terence Monahan, Kenneth Lehr,

Kenneth Rice, Khalid Khachfe, Dorch, Raul Flores, and Nelson Nin respond and object to

Plaintiff's[1] First Set of Document Requests as follows:

<u>**GENERAL STATEMENT AND GENERAL OBJECTIONS**</u>

       1.     By responding to any request, Defendants do not concede the materiality of

the subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

---

[1] Defendants' responses relate solely to Plaintiff Shellyne Rodriguez and shall not be construed as relating to individuals whose claims have already been dismissed in this matter, i.e. Alexander Niculescu and Daniel Maiuri.

2.      Defendants object to this Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

6.      Defendants are continuing to search for information responsive to Plaintiff's requests and therefore reserves the right to supplement his response to each request with additional information, if and when such information becomes available to Defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

**Document Request No. 1:**

Produce all documents identified or consulted in responding to the interrogatories above.

**Objections and Response**:

See objections and responses to Interrogatory Nos. 1 – 23.

**Document Request No. 2:**

Produce all Detail Rosters from the date of the Incident that include the Individual Defendants' names.

**Objections and Response**:

Defendants object to Document Request No. 2 on the grounds that it is duplicative of Sow Plaintiffs' Document Request No. 2(d) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought Detail Rosters.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos DEF000611 to DEF000666.


**Document Request No. 3:**

Produce all Roll Calls for each NYPD Precinct out of which each Individual Defendant turned out on June 4, 2020.

**Objections and Response**:

Defendants object to Document Request No. 4 on the grounds that it is duplicative of Sow Plaintiffs' Document Request No. 2 and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already Roll Calls. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "turned out," which are undefined and unqualified.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000335 to DEF000340.

**Document Request No. 4:**

Produce all videos related to any Plaintiff's arrest or to the Protest, including, but not limited to , all:

  a. NYPD body-worn camera footage related to the Protest, including, but not limited to such, footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

  b. ARGUS footage;

  c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

  d. Footage captured by the NYPD's Aviation Unit; and

  e. All other video footage in Defendants' care, custody, or control.

**Objections and Response:**

Defendants object to Document Request No. 4 on the grounds that it is duplicative of Sow Plaintiffs' Document Request No. 2(h) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought all videos. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this Request on the grounds that it is compound in that it seeks BWC, ARGUS, TARU, and Aviation footage all in the same request and it has 5 discreet subparts; subsection "a" uses a vague and ambiguous terms "30'" and "audit trails," which are undefined and unqualified.  Defendants further object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff's arrest" which are undefined and unqualified as there is currently only one Plaintiff

in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all videos" and "all other video footage" and information that has already been produced outweighs any likely benefit to Plaintiff in this action.  Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections, see the documents Defendants refer Plaintiff to in their Objections and Response to Document Request No. 2.  Defendants further refer Plaintiff to the following productions in the *In re New York City Policing During Summer 2020*, 20-cv-8924 case: the video footage produced as part of Defendants' Initial Disclosures produced on March 18, 2021, to additional footage produced in response to plaintiffs' First Consolidated Set of Requests for Documents, and to subsequent productions of video footage.  These productions have included: all TARU footage recorded during the Mott Haven protest on June 4, 2020; all footage recorded by the Aviation Unit of the Mott Haven demonstration; hundreds of hours' worth of body-worn camera footage, including from the Mott Haven demonstration (produced in connection with the aforementioned disclosures as well as in conjunction with plaintiffs' depositions of individually named defendants and non-party witnesses).  In addition, Argus footage was produced on May 27, 2022.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000744 and to Bates No. DEF_000404395 previously produced in the *In re New York City Policing During Summer 2020*, 20-cv-8924 case.

**Document Request No. 5**:

Produce all photographs related to the Protest depicting each Plaintiff or Individual Defendant or

created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing, including, but not limited to, all:

a.  Arrest and mass or large-scale arrest processing photographs, whether taken at the scene of the arrest; outside of or at a Mass Arrest Processing Center ("MAPC") or other NYPD location, or otherwise;

b.  Prisoner movement slips; and

c.  All other arrest processing, including MAPC, photographs.

**Objections and Response**:

Defendants object to Document Request No. 5 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2(m), (n) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought MAPC intake processing records.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff" and "each Plaintiff's arrest," which are undefined and unqualified as there is currently only one Plaintiff in this action.  .  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all photographs" outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003.

**Document Request No. 6**:

Produce all Mass Arrest Pedigree Labels (PD244-093) created depicting each Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's

arrest, pre-arrest conduct, or arrest processing related to the Protest, including, but not limited to, any created by any Individual Defendant.

**Objections and Response**:

Defendants object to Document Request No. 6 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(n) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought mass arrest processing records.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff" and "each Plaintiff's arrest," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all Mass Arrest Pedigree Labels" as well as information that has already been produced outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003.

**Document Request No. 7**:

Produce all recorded (including NYPD) communications related to each Plaintiff's arrest or the protest, including but not limited to:

a.  911 calls related to the Protest, and all documents related to responses thereto;

b.  311 calls related to the Protest, and all documents related to responses thereto;

c.  NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide;

d. Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Devices ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses; and

e. Texts, e-mails, and other digitally recorded communications.

**Objections and Response**:

Defendants object to Document Request No. 7 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (b), (i), (k), and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought recorded communications related to the protest. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff's arrest" and "internal NYPD communication channels" and "communications that were considered for use," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all recorded communications," 911 and 311 calls relating to the Protest, LRAD recordings relating to the Protest, and other information that has already been produced outweighs any likely benefit to Plaintiff in this matter.

**Document Request No. 8**:

Produce all SPRINT reports related to the Protest.

**<u>Objections and Response</u>**:

Defendants object to Document Request No. 8 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(j) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought SPRINT reports. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all SPRINT reports related to the Protest" as well as information that has already been produced outweighs any likely benefit to Plaintiff in this matter.

**<u>Document Request No. 9</u>**:

Produce all Event Chronologies and Event Summaries related to the Protest.

**<u>Objections and Response</u>**:

Defendants object to Document Request No. 9 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "Event Chronologies" and "Event Summaries," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all Event Chronologies and Event Summaries related to the Protest" as well as information that has already been produced

9

outweighs any likely benefit to Plaintiff.  Defendant also objects to the extent that this Request seeks documents not within Defendant's possession, custody, or control.

Subject to and without waiving any objections, Defendants refer Plaintiff to the documents previously produced in the Consolidated Protest Cases.

**Document Request No. 10**:

Protest all ICAD Chronologies and reports related to the Protest.

**Objections and Response**:

Defendants object to Document Request No. 10 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(j) and the Plaintiffs' First Set of Consolidated Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms " other reports" which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all ICAD Chronologies and reports related to the Protest" as well as information that has already been produced outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Response to the Sow Plaintiffs' Document Request No. 2(j) and the Plaintiffs' First Set of Consolidated Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 11**:

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**Objections and Response**:

Defendants object to Document Request No. 11 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(j) and the Plaintiffs' First Set of Consolidated Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents sufficient to decipher SPRINT reports. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "documents sufficient to interpret" which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing the requested documents outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Document Request No. 2, the Sow Plaintiffs' Document Request No. 2(j), and the Plaintiffs' First Set of Consolidated Document Request No. 8 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 12**:

Produce all documents created related to each Plaintiff's arrest, detention, or prosecution,

including, but not limited to, all copies of any C-Summonses and/or other documents created by any Individual Defendant.

**Objections and Response**:

Defendants object to Document Request No. 11 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(n) and the Plaintiffs' First Set of Consolidated Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents sufficient to identify all Arrests. Defendants object to Document Request No. 12 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff's arrest" which are undefined and unqualified as there is currently only one Plaintiff in this action. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents created" as well as documents already produced outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez's arrest, see Bates Nos. DEF000001 to DEF000003.

**Document Request No. 13**:

Produce all documents including statements made by each Individual Defendant or other witnesses related to each Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

**Objections and Response**:

Defendants object to Document Request No. 13 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(n) and the Plaintiffs' First Set of Consolidated Document

Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought information relating to Arrests.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff's arrest" and "scratch," which is undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents including statements" as well as documents already produced outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Document Request No. 2, the Sow Plaintiffs' Document Request No. 2(n), and the Plaintiffs' First Set of Consolidated Document Request No. 8 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 14**:

Produce all documents reflecting internal NYPD communications related to any Plaintiff's arrest or the Protest, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

**Objections and Response**:

Defendants object to Document Request No. 14 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request No. 2(k) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought internal NYPD communications.  Defendants further object to this request on the grounds that it seeks

information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff's request" which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting internal NYPD communications" as well as documents already produced outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003.

**Document Request No. 15**:

Produce all documents reflecting NYPD uses of force related to any Plaintiff or the Protest or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

**Objections and Response**:

Defendants object to Document Request No. 15 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2(l), (o), (p), and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought Threat Resistance and Injury Reports and AIDED reports, and other documents relating to NYPD uses of force.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York*

*City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff's request" which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting NYPD uses of force related to any Plaintiff or the Protest or any resulting injuries or medical treatment" as well as documents already produced outweighs any likely benefit to Plaintiff.  Defendants also object to the extent is assumes facts not established and to the extent it purports to seek medical documentation for non-parties who have privacy rights in their medical records and for whom no HIPPA release has been provided.

Subject to and without waiving any objections, Defendants refer Plaintiff to DEF000001 to DEF000003, as well as to the documents Defendants referred Plaintiff to in their Objections and Responses to the Sow Plaintiffs' Document Request Nos. 2(l), (o), (p), and the Plaintiffs' First Set of Consolidated Document Request No. 8 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 16**:

If any Defendant claims any NYPD member was injured as a result of any Plaintiff's conduct or the Protest, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

**Objections and Response**:

Defendants object to Document Request No. 16 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (o), (p), the Rolon Plaintiffs' Document Request No. 10, and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During*

*Summer 2020*, 20-cv-8924, which already sought documents relating to injuries of NYPD members. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff's conduct" and "any such injury," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing documents that were already produced outweighs any likely benefit to Plaintiff.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Document Request No. 2, the Sow Plaintiffs' Document Request Nos. 2 (o), (p), the Rolon Plaintiffs' Document Request No. 10, and the Plaintiffs' First Set of Consolidated Document Requests No. 8 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

Subject to and without waiving any objections, Defendants further refer Plaintiff to the following documents produced in *In re New York City Policing During Summer 2020*, 20-cv-8924: VOL040_Confidential (including DEF_000393479; DEF_000403692; VOL035_Confidential); VOL042_Confidential (including DEF_000473211; DEF_000465925; DEF_000466865); VOL041_Confidential (including DEF_000441890; DEF_000443159; DEF_000442357; DEF_000442190; DEF_000442038; DEF_000441890); DEF_000443397; DEF_000442944; DEF_000442444); VOL072_Confidential (including DEF_000517385); VOL035_Confidential (including DEF_000349529).

**Document Request No. 17**:

Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.

**Objections and Response**:

Defendants object to Document Request No. 17 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (m), (n), and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to mass arrests. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the term "version," which is undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "the Mass Arrest Report" as well as documents already produced outweighs any likely benefit to Plaintiff. Defendants also object to this Request to the extent it assumes facts not established.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Document Request No. 2, the Sow Plaintiffs' Document Request Nos. 2 (m), (n), and the Plaintiffs' First Set of Consolidated Document Request No. 8 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

Subject to and without waiving any objections, Defendants further refer Plaintiff to Volumes 6-9 productions, produced *In re New York City Policing During Summer 2020*, 20-cv-8924 on June 16th and July 26th through 28th, 2021.

**Document Request No. 18**:

Produce the Command Log or the equivalent document from any NYPD Precinct or MAPC at which any Plaintiff's arrest was processed related to the Protest.

**Objections and Response**:

Defendants object to Document Request No. 18 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (e), (m) and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought command logs. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "equivalent document" and "any Plaintiff's arrest," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing the command log from "any NYPD Precinct" as well as documents already disclosed outweighs any likely benefit to Plaintiff.

**Document Request No. 19**:

Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the protest or that otherwise relate to any Plaintiff's arrest or the Protest

**Objections and Response**:

Defendants object to Document Request No. 19 on the grounds that it is duplicative of the People's Document Request Nos. 9 and 14, served in *In re New York City Policing During*

*Summer 2020*, 20-cv-8924, which already sought activity logs, memo book entries and other records.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "other NYPD documents" and "any Plaintiff's arrest," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents" as well as documents already disclosed outweighs any likely benefit to Plaintiff in this case.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000012 to DEF000014.

**Document Request No. 20**:

Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information or non-parties, aside from the Arrest Numbers associated with their arrests.

**Objections and Response**:

Defendants object to Document Request No. 20 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (m), (n), and the Plaintiffs' First Set of Consolidated Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought MAPC related documents.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also

objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking

by referring to the terms "their arrests," which are undefined and unqualified.  Defendants further

object to the extent this Request is unduly burdensome, not relevant, and not proportional to the

needs of the case, as the time and expense of identifying and producing "all MAPC Intake Sheets

created related to the Protest" as well as documents already disclosed outweighs any likely benefit

to Plaintiff.  Defendants further object on the grounds that this request is not relevant as Plaintiff

was not processed at a MAPC.

Subject to and without waiving any objections, Defendants refer Plaintiff to the documents

referred to in their Objections and Response to Document Request No. 17.


**Document Request No. 21**:

Produce all other NYPD records reflecting the disposition of any property seized from any
Plaintiff related to the Protest, including, but not limited to, any Produce all Property Clerk
Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS")
documents.

**Objections and Response**:

Defendants object to Document Request No. 21 on the grounds that it is duplicative of the

Sow Plaintiffs' Document Request Nos. 2 (m), (n), and the Plaintiffs' First Set of Consolidated

Document Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-

8924.  Defendants further object to this request on the grounds that it seeks information already

known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During*

*Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague

and ambiguous as to what Plaintiff is seeking by referring to the terms "disposition of any property

seized from any Plaintiff," which are undefined and unqualified.  Defendants further object to the

extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the

case, as the time and expense of identifying and producing "all other NYPD records reflecting the disposition of any property seized from any Plaintiff related to the Protest" as well as documents already disclosed outweighs any likely benefit to Plaintiff.

Subject to and without waiving any objections and limiting this response to property invoiced for Plaintiff Shellyne Rodriguez, Defendants are unaware of any responsive documents at this time.


**Document Request No. 22**:

Produce all Online Prisoner Arraignment ("OLPA") Reports regarding each Plaintiff's arrest and detention.

**Objections and Response**:

Defendants object to Document Request No. 22 on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought OLPA Reports. Defendants further object to this Request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "each Plaintiff's arrest and detention" which are undefined and unqualified as there is currently only one Plaintiff in this action. . Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all Online Prisoner Arraignment ("OLPA") Reports regarding each Plaintiff's arrest and detention" as well as documents already disclosed outweighs any likely benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003.

**Document Request No. 23**:

Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.

**Objections and Response**:

Defendants object to Document Request No. 23 on the grounds that it is duplicative of the Sow Plaintiffs' Document Request Nos. 2 (e), (m), (n), and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to arrest processing. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "sufficient" and "each NYPD member," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident" as well as documents already disclosed outweighs any likely benefit to Plaintiff.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003 and DEF000013.

**Document Request No. 24**:

Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Protest

**Objections and Response**:

Defendants object to Document Request No. 24 on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought records provided to local prosecutors. Defendants further object to this Request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any prosecutor or court related to Plaintiff's arrest," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest" as well as documents already disclosed outweighs any likely benefit to Plaintiff in this matter. Defendants further object that this Request is overbroad in that it seeks "all documents," and assumes facts not established. Defendants further object that this Request seeks information already known to the Plaintiff by virtue of her criminal prosecution and Defendants' prior disclosures. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003, and DEF000006.


**Document Request No. 25**:

Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest, including prosecutor's notes and criminal court accusatory instruments.

**Objections and Response**:

Defendants object to Document Request No. 25 on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought records provided to local prosecutors.  Defendants further object to this Request to the extent it is duplicative of Document Request No. 24.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any prosecutor or court related to Plaintiff's arrest," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents," and assumes facts not established.  Defendants further object that this Request seeks information

already known to the Plaintiff by virtue of her criminal prosecution and Defendants' prior disclosures.  Defendants also object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants.  Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003, and DEF000006.


**Document Request No. 26**:

Produce all documents provided by any Individual Defendant or NYPD member related to any Plaintiff's prosecution.

**Objections and Response**:

Defendants object to Document Request No. 26 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendant also objects to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "provided by" and "any Plaintiff's prosecution," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents provided by any Individual Defendant or NYPD member related to any Plaintiff's prosecution" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents," and assumes facts not established.  Defendants further object that this Request seeks

information already known to the Plaintiff by virtue of her criminal prosecution and Defendants'

prior disclosures.  Defendants also object to the extent that this Request seeks documents not

within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff

Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003.

**Document Request No. 27**:

Produce all documents related to or reflecting communications between a prosecutor or court and
a Defendant related to any Plaintiff's prosecution.

**Objections and Response**:

Defendants object to Document Request No. 27 to the extent it is duplicative of Document

Request No. 25.  Defendants further object to this Request on the grounds that it is duplicative of

the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City*

*Policing During Summer 2020*, 20-cv-8924, which already sought records provided to local

prosecutors.  Defendants further object to this Request on the grounds that it seeks information

already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing*

*During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it

is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "a Defendant" and

"any Plaintiff's prosecution," which are undefined and unqualified as there is currently only one

Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome,

not relevant, and not proportional to the needs of the case, as the time and expense of identifying

and producing "all documents related to or reflecting communications between a prosecutor or

court and a Defendant related to any Plaintiff's prosecution" as well as documents already

disclosed outweighs any likely benefit to Plaintiff in this action.  Defendants further object that

this Request is overbroad in that it seeks "all documents," and assumes facts not established. Defendants further object that this Request seeks information already known to the Plaintiff by virtue of her criminal prosecution and Defendants' prior disclosures. Defendants also object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates Nos. DEF000001 to DEF000003, and DEF000006.

**Document Request No. 28**:

Produce all documents reflecting or related to the dispositions of any criminal case brought against each Plaintiff or related to the Protest, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

**Objections and Response**:

Defendants object to Document Request No. 28 to the extent it is duplicative of Document Request No. 25. Defendants further object to this Request on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought records provided to local prosecutors. Defendants also object to this Request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "a Defendant" and "any Plaintiff's prosecution," which are undefined and unqualified as there is currently only one

Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents related to or reflecting communications between a prosecutor or court and a Defendant related to any Plaintiff's prosecution" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents," and assumes facts not established.  Defendants further object that this Request seeks information already known to the Plaintiff by virtue of her criminal prosecution and Defendants' prior disclosures.  Defendants also object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants.  Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000006, as well as to the Plaintiffs' First Set of Consolidated Document Request No. 9 and the initial disclosures that were produced in *In re New York City Policing During Summer 2020*, 20-cv-8924.


**Document Request No. 29**:

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including any Plaintiff.

**Objections and Response**:

Defendants object to Document Request No. 29 on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request No. 9, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought records provided to local prosecutors.  Defendants further object to this Request on the grounds that it seeks information

already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any decisions," "potential charges," "arrestees," and "any Plaintiff," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including any Plaintiff" as well as documents already disclosed outweighs any likely benefit to Plaintiff in this matter.  Defendants further object that this Request is overbroad in that it seeks "all documents," and assumes facts not established.  Defendants further object that this Request seeks information already known to the Plaintiff by virtue of her criminal prosecution and Defendants' prior disclosures.  Defendants also object to the extent that this Request seeks documents not within Defendants' possession, custody, or control.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000006, as well as to the Plaintiffs' First Set of Consolidated Document Request No. 9 and the initial disclosures that were produced in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 30**:

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**Objections and Response**:

Defendants object to Document Request No. 30 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau."  Defendants further object that this Request is overbroad in that it seeks "all demands for preservation or litigation holds."  Defendants further object to the extent that this Request seeks documents or information subject to confidentiality or protected by the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.

Subject to and without waiving any objections, Defendants state that based on the objections provided above, they will not be providing any further response to this Request.


**Document Request No. 31**:

Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning any Plaintiff or the Protest, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complain Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**Objections and Response**:

Defendants object to Document Request No. 31 on the grounds that it is duplicative of the Sow Plaintiffs' Supplemental Interrogatory No. 19 and the Plaintiffs' Consolidated Request Nos. 15, 30, and 31, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to CCRB documents.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants'

disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff," which are undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning any Plaintiff or the Protest" as well as documents already disclosed outweighs any likely benefit to Plaintiff. Defendants further object that this Request is overbroad in that it seeks "all documents." Defendants also object to this Request to the extent it assumes facts not established. Defendants further object that this Request seeks information already known to the Plaintiff by virtue of her communications with CCRB and Defendants' prior disclosures.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000335 to DEF000743.

Subject to and without waiving any objections, Defendants also refer Plaintiff to Defendants' Objections and Responses to Plaintiffs' First Consolidated Production Set of Document Requests Nos. 15, 30, and 31, the Defendants' Objections and Responses to the Sow Plaintiff's Supplemental Interrogatory No. 19, VOL_035, and VOL_035 Confidential that were produced in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 32**:

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning any Plaintiff related to the Protest and/or Protest.

**Objections and Response**:

Defendants object to Document Request No. 32 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request Nos. 14, 16, 32, and 33, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to IAB complaints and investigations.  Defendants further object on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any Plaintiff," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning any Plaintiff related to the Protest and/or Protest" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents."  Defendants also object to this Request to the extent it assumes facts not established.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants are unaware of any responsive documents at this time.

**Document Request No. 33**:

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning any Plaintiff or the Protest undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendants.

**Objections and Response**:

Defendants object to Document Request No. 33 to the extent that it is duplicative of Document Request Nos. 31 and 32.  Defendants further object to the Request on the grounds that

it is duplicative of Plaintiffs' Consolidated Request No. 1, 14, 15, 16, 17, 30, 31, 32, 33, and 34, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to complaints, investigations, and prosecutions.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any other," "potential," and "concerning any Plaintiff or the Protest undertaken by," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning any Plaintiff or the Protest undertaken by the City of New York or any of its agencies" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents."  Defendants further object that this Request seeks information already known to the Plaintiff. Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Plaintiffs' Consolidated Request No. 1, 14, 15, 16, 17, 30, 31, 32, 33, and 34 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924, as well as to the Report by the New York City Department of Investigation entitled "Investigation into NYPD Response to the George Floyd Protests" dated December 2020 and the Corporation

Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of the Factors Impacting the George Floyd Protests in New York City dated December 2020.


**Document Request No. 34**:

Produce all documents concerning any other complaint received, or investigation or prosecution-actual or potential-concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

**Objections and Response**:

Defendants object to Document Request No. 34 to the extent that it is duplicative of Document Request Nos. 31, 32, and.  Defendants further object to the Request on the grounds that it is duplicative of Plaintiffs' Consolidated Request No. 1, 14, 15, 16, 17, 30, 31, 32, 33, and 34, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents related to complaints, investigations, and prosecutions.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any other," "undertaken by," and "other entity," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents concerning any other complaint received, or investigation or prosecution-actual or potential-concerning the Protest undertaken by any other State, Federal, or other entity" as well as documents already disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all

documents." Defendants further object that this Request seeks information already known to the Plaintiff.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to Plaintiffs' Consolidated Request No. 1, 14, 15, 16, 17, 30, 31, 32, 33, and 34 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924, as well as to the Preliminary Report on the New York City Police Department's Response to Demonstrations Following the Death of George Floyd by the New York State Office of the Attorney General.


**Document Request No. 35**:

Produce each Individual Defendant's NYPD Academy transcript.

**Objections and Response**:

Defendants object to Document Request No. 35 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request No. 16, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought Academy transcripts and histories.  Defendants further object to this Request  on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing each Academy transcript outweighs any likely benefit to Plaintiff.  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants state that based on the objections provided above, they will not be providing any further response to this Request.

**Document Request No. 36**:

Produce each Individual Defendant's current NYPD Personnel Profile Report-All History.

**Objections and Response**:

Defendants object to Document Request No. 36 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request No. 16, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought officer's personnel history. Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing each Personal Profile Report outweighs any likely benefit to Plaintiff. Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000341 to DEF000350.

**Document Request No. 37**:

Produce each Individual Defendant's current NYPD Central Personnel Index ("CPI") report.

**Objections and Response**:

Defendants object to Document Request No. 37 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request No. 16, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought CPI reports.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing each CPI Report outweighs any likely benefit to Plaintiff.  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000351 to DEF000358.

**Document Request No. 38**:

Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**Objections and Response**:

Defendants object to Document Request No. 38 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request Nos. 14, 16, 32, and 33, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought IAB resumes.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this request on the grounds that it is vague and ambiguous as to what

Plaintiff is seeking by referring to the terms "all related NYPD documents," "ultimate," and "or otherwise," which are undefined and unqualified.  Defendants further object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing each NYPD IAB resume outweighs any likely benefit to Plaintiff.  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000365 to DEF000381.

**Document Request No. 39**:

Produce each Individual Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**Objections and Response**:

Defendants object to Document Request No. 39 to the extent it is duplicative of Document Request No. 38.  Defendants further object to this Request on the grounds that it is duplicative of the Plaintiffs' Consolidated Request Nos. 15, 30, and 31, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought CCRB histories.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "all underlying" and "IAB complaint or investigation," which are undefined and unqualified.  Defendants further object to the extent this

Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing each CCRB history resume outweighs any likely benefit to Plaintiff.  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000359 to DEF000364.


**Document Request No. 40**:

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants, including, but not limited to, any GO-15 statements.

**Objections and Response**:

Defendants object to Document Request Nos. 40 to the extent it is duplicative of Document Request Nos. 36, 37, 38, and 39.  Defendants further object to this Request on the grounds that it is duplicative of the Plaintiffs' Consolidated Interrogatory No. 9 and Plaintiffs' Consolidated Document Request No. 16(d), served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought internal police disciplinary action.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents concerning internal police disciplinary action" outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all

documents." Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to Bates No. DEF000341 to DEF000381.

**Document Request No. 41**:

Produce each Individual Defendant's complete NYPD personnel file.

**Objections and Response**:

Defendants object to Document Request Nos. 40 to the extent it is duplicative of Document Request Nos. 35, 36, 37, 38, and 39. Defendants also object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing complete NYPD personnel files outweighs any likely benefit to Plaintiff. Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants state that based on the objections provided above, they will not be providing any further response to this Request.

**Document Request No. 42**:

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member.

**Objections and Response**:

Defendants object to Document Request Nos. 42 to the extent it is duplicative of Document Request Nos. 36, 37, 38, and 39.  Defendants further object to this Request on the grounds that it is duplicative of the Plaintiffs' Consolidated Request No. 16, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought information and documents about performance and force monitoring.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member" outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents."  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants refer Plaintiff to Defendants' Objections and Response to Plaintiffs' Consolidated Request No. 16 that was served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 43**:

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant.

**Objections and Response**:

Defendants further object to this Request on the grounds that it is duplicative of the Plaintiffs' Consolidated Request No. 16, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought information and documents about RAILS.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to the extent this Request is not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member" outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents."  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants refer Plaintiff to the Defendants' Objections and Response to Plaintiffs' Consolidated Request No. 16 that was served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 44**:

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 21 above.

**Objections and Response**:

Defendants object to Document Request No, 44 to the extent it is unduly burdensome, not relevant, not sufficiently limited by time and scope, and not proportional to the needs of the case,

as the time and expense of identifying and producing "any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant" as well as documents already produced outweighs any likely benefit to Plaintiff.   Defendants also object to this document request on the grounds that it seeks documents, such as the caption and complaint of lawsuits against officers that are publicly available, and thus, plaintiffs have equal access to those documents. Defendants further object that it seeks documents that are not relevant insofar as any investigation or lawsuit involves non-party officers. Defendants further object that this request is not proportional to the needs of the case because the burden and expense of obtaining and producing all of the requested materials, which plaintiffs may already have or have access to and may include investigations of alleged misconduct outside the scope of this litigation, far outweighs any likely benefit to plaintiff. Defendants further object that this request seeks documents that are not relevant because they concern allegations of misconduct that are not substantiated; did not result in a finding of misconduct; or are not similar in nature to the allegations herein. Defendants further object insofar as any documents are sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50, *et seq.* and an applicable 160.50 release has been provided to defendants. Defendants further object and state that unrelated actions, premised on different sets of factual allegations, cannot support an inference of the existence of unconstitutional customs and policies and thus cannot support a claim against the City. See Simms v. City of New York, 480 F. App'x 627 (2d Cir. 2012).

**Document Request No. 45**:

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 21 above.

**Objections and Response**:

See Objections and Response to Document Request No. 44.


**Document Request No. 46**:

Produce any other documents reflecting whether each Individual Defendant received training, at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

a. The first Amendment, including as it relates to demonstrations and protests;
b. Dispersal orders;
c. The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests, including at a demonstration or protest;
d. Protest policing tactics and operations;
e. Disorder Control tactics and operations, including responses to civil disorder and riots;
f. Strategic Response Group tactics and operations;
g. Crowd control tactics and operations;
h. Use of force, the force continuum, and de-escalation;
i. Use of force reporting;
j. Use of handcuffs, including flex-cuffs, including in connection with arrests made at a protest or demonstration;
k. Tight cuffing injuries and the circumstances under which handcuffs, or flex-cuffs, should or must be loosened or removed;
l. NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;
m. Incident command, chain of command, command and control, and intended operations during a demonstration or protest, Special Event, or Critical Incident;
n. Probable cause to arrest or prosecute a person for a perceived violation of the Curfew Orders or New York Penal Law §§ 240.20(5) or 240.20(6);
o. Arrest processing, including, but not limited to, the creation of arrest processing documents;
p. Mass or large-scale arrest processing, including, but not limited to:
    i. The use of mass or large-scale arrest processing photographs;
    ii. The use of a Mass Arrest Processing Center ("MAPC");
    iii. The intended roles of NYPD Legal Bureau Attorneys in mass or large-scale arrest processing; and
    iv. Documents created in connection with mass or large-scale arrest processing.
q. Investigations, including photographic and video surveillance, in connection with protests;
r. Eligibility for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;
s. Implementation of the 2020 amendments to New York Criminal Procedure Law § 150.20;
t. Processing, including arrest and large-scale arrest processing steps and documents intended to be created, for release with a C-Summons or Desk Appearance Ticket in both

arrest processing and mass or large-scale arrest processing circumstances;

u. The creation of NYPD arrest and arrest processing-related documents;

v. COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations; and

w. The nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers.

**Objections and Response**:

Defendants object to Document Request Nos. 46 on the grounds that it is duplicative of the Plaintiffs' Consolidated Request Nos. 1, 2, 5, 6, 12 and 16(b), served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already requested records related to training. Defendants further object to this Request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this Request on the grounds that it is compound and has 27 discreet subparts all in the same request. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing documents related to the Defendants training outweighs any likely benefit to Plaintiff. Defendants also object on the grounds that it would be more practical for Plaintiff to obtain the information sought at a deposition.

**Document Request No. 47**:

Produce all documents reflecting the substance of the training each Individual Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 46.

**Objections and Response**:

See Objections and Response to Document Request No. 46.

**Document Request No. 48**:

Produce all documents reflecting the NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 46, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

**Objections and Response**:

Defendants object to Document Request No. 48 on the grounds that it is duplicative of Sow Plaintiffs' Document Request No. 13 and 14, Sow Interrogatories Nos. 12 and 16, and the Plaintiffs' Consolidated Set of Document Request Nos. 1, 2, 3, 8(b), 12, 41, 85, and 86, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought information about training.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "any relevant," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting the NYPD's official policies that were in effect at the time of the Incident" and information that has already been disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents."  Defendants further object to the extent the documents Plaintiff seeks implicate privacy and security concerns and are protected from disclosure by the law enforcement and/or official information privileges.

Subject to and without waiving any objections, Defendants refer Plaintiff to Defendants' Objections and Responses to Plaintiffs' First Consolidated Set of Document Requests Nos. 1, 2,

3, 8(b), 12, 41, 85, and 86, Defendants' Objections and Responses to the Sow Plaintiffs' Supplemental Set of Interrogatories Nos. 12 and 16 and Requests for Production of Documents Nos. 13 and 14, and VOL 136.

**Document Request No. 49**:

Produce all documents reflecting the nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers, including doctors and other medical workers, and lawyers and other legal workers.

**Objections and Response**:

Defendants object to Document Request No. 49 on the grounds that it is duplicative of Sow Plaintiffs' Document Request No. 2(f), 25, and 26, and Sow Interrogatories Nos. 2, 12(f), 13 and 14, and the Plaintiffs' Consolidated Request No. 8, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents and information about enforcement of the Curfew Orders.  Defendants further object to this request on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the terms "intended enforcement," which are undefined and unqualified.  Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents reflecting the nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest" and information that has already been disclosed outweighs any likely benefit to Plaintiff.  Defendants further object that this Request is overbroad in that it seeks "all documents." Defendants further object to the extent that this Request seeks documents or information subject

to confidentiality or protected by the law enforcement privilege, deliberative process privilege, attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.

Subject to and without waiving any objections, Defendants refer Plaintiff to Defendants' Objections and Responses to the Sow Plaintiffs' Supplemental Set of Interrogatories Nos. 2, 12(f), 13, and 14 and Requests for Production of Documents Nos. 2(f0, 25, and 26.

**Document Request No. 50**:

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest.

**Objections and Response**:

Defendants object to Document Request No. 50 on the grounds that it is duplicative of the Plaintiffs' First Set of Consolidated Document Request Nos. 15, 30, and 31, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought documents relating to the CCRB. Defendants object to Document Request No. 50 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to this request on the grounds that it is vague and ambiguous as to what Plaintiff is seeking by referring to the term "released," which is undefined and unqualified. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest" and information that has already been disclosed outweighs any likely benefit to Plaintiff. Defendants further object that this Request is overbroad in that it seeks "all documents."

Subject to and without waiving any objections, Defendants refer Plaintiff to Defendants' Objections and Responses to the Plaintiffs' First Set of Consolidated Document Request Nos. 15, 30, and 31 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Document Request No. 51**:

Produce all documents received by the New York City Law Department related to the Protest pursuant to subpoena or any Plaintiff's authorization or Freedom of Information Law request or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**Objections and Response**:

Defendants object to Document Request No. 51 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to the extent this Request is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying and producing "all documents received by the New York City Law Department related to the Protest pursuant to subpoena or any Plaintiff's authorization or Freedom of Information Law request" and information that has already been disclosed outweighs any likely benefit to Plaintiff. Defendants further object that this Request is overbroad in that it seeks "all documents."

Subject to and without waiving any objections, Defendants state that based on the objections provided above, it will not be providing any further response to this Request.

**Document Request No. 52**:

Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

**<u>Objections and Response</u>**:

Defendants object to Document Request No. 52 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object on the grounds that the Court's Individual Practices do not require impeachment evidence to be listed on the JPTO.  Defendants also object to this Request to the extent it calls for documents protected by attorney client privilege and the attorney work product doctrine.

Subject to and without waiving any objections, Defendant will rely on any documents that have previously been exchanged, and that will be exchanged during the course of discovery.


**<u>Document Request No. 53</u>**:

Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

**<u>Objections and Response</u>**:

Defendants object to Document Request No. 53 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object on the grounds that the Court's Individual Practices do not require impeachment evidence to be listed on the JPTO.  Defendants also object to this Request on the grounds that it is pre-mature, and to the extent it calls for documents protected by attorney client privilege and the attorney work product doctrine.

Subject to and without waiving any objections, Defendant will rely on any documents that have previously been exchanged, and that will be exchanged during the course of discovery.

Dated: November 9, 2023

New York, New York

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York


/s/ Peter Scutero
100 Church Street
New York, New York 10007
(212) 356-2410
pscutero@law.nyc.gov
*Counsel for the Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHELLYNE RODRIGUEZ,

               Plaintiff,

    v.

THE CITY OF NEW YORK, et al.,

               Defendants.

21-cv-10815 (PKC)(VF)

**DEFENDANT'S**
**RESPONSES TO PLAINTIFF**
**RODRIGUEZ'S FIRST SET OF**
**INTERROGATORIES**

---

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rules

26.3 and 33.3 of the United States District Court for the Southern District of New York, defendants

The City of New York, Bill DeBlasio, Dermot Shea, Terence Monahan, Kenneth Lehr, Kenneth

Rice, Khalid Khachfe, Fred Dorch, Raul Flores, and Nelson Nin respond and object to Plaintiff's[1]

First Set of Interrogatories ("Plaintiff's Interrogatories").

<u>**GENERAL STATEMENT**</u>

    1. By responding to any request, Defendants do not concede the materiality of the subject to

which it refers.  Defendants' responses are made expressly subject to, and without waiving or

intending to waive, any questions, or objections as to the competency, relevancy, materiality,

privilege, or admissibility as evidence or for any other purpose, of any of the documents or

information produced, or of the subject matter thereof, in any proceeding including the trial of

this action or any subsequent proceeding.

---

[1] Defendants' responses relate solely to Plaintiff Shellyne Rodriguez and shall not be construed as
relating to individuals whose claims have already been dismissed in this matter, i.e. Alexander
Niculescu and Daniel Maiuri.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## **INTERROGATORIES**

**Interrogatory No. 1:**

Identify each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest.

**Response**:

Defendants object to Interrogatory No. 1 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "planning for policing the Protest," which are undefined and unqualified. Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each NYPD member who participated in or who has Personal Knowledge" vastly outweighs any potential benefit to Plaintiff in this matter.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to the First Set of Consolidated Document Requests Nos. 8, 18, and 19 that were served in *In re New York City Policing During Summer 2020*, 20-cv-8924.

**Interrogatory No. 2**:

Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.

**Response**:

Defendants object to Interrogatory No. 2 on the grounds that it is duplicative of the Sow Plaintiff's First Supplemental Interrogatories No. 12 (a) and the First Consolidated Set of Interrogatories No. 2, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought the commanding officer at the Protest.  Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "afar," which is undefined and unqualified.  Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar" vastly outweighs any potential benefit to Plaintiff in this matter.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Responses to the Sow Plaintiff's First Supplemental Interrogatory No. 12 (a) and the First Consolidated Set of Interrogatories No. 2.

**Interrogatory No. 3:**

Identify each member of the NYPD's Legal Bureau who was present at the Protest.

**Response**:

Defendants object to Interrogatory No. 3 on the grounds that it is duplicative of the Sow Plaintiff's First Supplemental Interrogatories No. 12 (e), served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought to identify NYPD attorneys at the Protest.  Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each member of the NYPD's Legal Bureau who was present at the Protest" vastly outweighs any potential benefit to Plaintiff in this case.

Subject to and without waiving any objections, Defendants refer Plaintiff to their Objections and Response to the Sow Plaintiff's First Supplemental Interrogatories No. 12 €.

**Interrogatory No. 4**:

Identify each member of the NYPD's Legal Bureau with whom any Individual Defendant consulted in connection with the NYPD's response to the Protest, before or during the Protest.

**Response**:

Defendants object to Interrogatory No. 4 on the grounds that it is duplicative of the Sow Plaintiff's First Supplemental Interrogatories No. 12 (e), served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought to identify NYPD attorneys at the Protest.  Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and

expense of identifying "each member of the NYPD's Legal Bureau with whom any Individual Defendant consulted in connection with the NYPD's response to the Protest, before or during the Protest" vastly outweighs any potential benefit to Plaintiff in this matter.  Defendants further object to this interrogatory as it is not properly limited in time or scope as it requests identifying members of the NYPD Legal Bureau with whom Defendants consulted.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants refer Plaintiff to their Objections and Response to the Sow Plaintiff's First Supplemental Interrogatory No. 12 (e).

**Interrogatory No. 5**:

Identify each person who observed each Plaintiff on June 4, 2020 prior to each Plaintiff's arrest.

**Response**:

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request No. 1 and the Sierra-Wood Plaintiffs' Interrogatories Request No. 11, served in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each Plaintiff" and "each Plaintiff's arrest," which are undefined and unqualified as there is currently only one Plaintiff in this action. Defendants further object to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each person who observed each Plaintiff on June 4, 2020 prior to each Plaintiff's arrest" vastly outweighs any potential benefit to Plaintiff in this matter.  Defendants also object to this interrogatory as it is not properly limited in time or scope as it requests identifying individuals that observed Plaintiff at any time prior to Plaintiff's arrest on June 4, 2020.

Subject to and without waiving any objection and limiting this response to Plaintiff Shellyne Rodriguez, Plaintiff was observed by Detectives Nelson Nin, Noelle Cunningham, Donald Sehl, and Fred Dorch.

**Interrogatory No. 6**:

Identify each person who has Personal Knowledge regarding each Plaintiff's conduct on June 4, 2020 leading up to that Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.

**Response**:

Defendants object to Interrogatory No. 6 on the grounds that it is duplicative of the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request No. 1, served in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each Plaintiff" and "each Plaintiff's conduct" and "leading up to that Plaintiff's arrest," which are undefined and unqualified.  Defendants also object to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each person who has Personal Knowledge regarding Plaintiff's conduct" vastly outweighs any potential benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, see Defendants' response to Interrogatory No. 5.

**Interrogatory No. 7**:

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest each Plaintiff.

**<u>Response</u>**:

Defendants object to Interrogatory No. 7 on the grounds that it is duplicative of the Sow Plaintiffs' Supplemental Interrogatories No. 13 and the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request No. 1, served in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "other ground" and "gave rise to," which are undefined and unqualified.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, the Mayor's Executive Order AC 3-108.

**<u>Interrogatory No. 8</u>**:

Identify each person who determined, or participated in the determination, that each Plaintiff should be arrested.

**<u>Response</u>**:

Defendants object to Interrogatory No. 5 on the grounds that it is duplicative of the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request No. 1, served in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants object to Interrogatory No. 8 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "determined, or participated in the determination" and "each Plaintiff" and "should be arrested," which are undefined and unqualified as there is currently only one Plaintiff in this

action.

**<u>Interrogatory No. 9</u>**:

Identify each person who gave each alleged police order to each Plaintiff on June 4, 2020 prior to each Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**<u>Response</u>**:

      Defendants object to Interrogatory No. 9 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each alleged police order" and "each Plaintiff" and "each Plaintiff's arrest," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each person" who gave orders to third-parties vastly outweighs any potential benefit to Plaintiff in this matter.

**<u>Interrogatory No. 10</u>**:

If any Plaintiff's arrest was a so-called "turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officers(s); assigning or other supervising officer(s); and assigned officer(s) with respect to each such arrest.

**<u>Response</u>**:

      Defendants object to Interrogatory No. 10 on the grounds that it is duplicative of the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request Nos. 1 and 2, served in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants object to Interrogatory No. 10 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants'

disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "[i]f any Plaintiff's arrest was a so-called" and "who played each of the roles" and "relevant Patrol Guide provision," which are undefined and unqualified.  Defendants also object to this interrogatory to the extent it is unduly burdensome as Plaintiff failed to identify a specific Patrol Guide provision.

**Interrogatory No.11**:

Identify each person who placed each Plaintiff in handcuffs.

**Response**:

Defendants object to Interrogatory No. 11 on the grounds that it is vague and ambiguous as to what is meant by the terms "placed" and "each Plaintiff" and "handcuffs" which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants further object that it assumes facts not established, specifically, that Plaintiff was handcuffed.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Detectives Nin and Dorch applied flex-cuffs to Plaintiff Shellyne Rodriguez.

**Interrogatory No. 12**:

Identify each person who used physical force in any manner on each Plaintiff on June 4, 2020 prior to or in connection with each Plaintiff's arrest.

**Response**:

Defendants object to Interrogatory No. 12 on the grounds that it is duplicative of the Plaintiffs' First Consolidated Set of Document Requests No. 13, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought "every use of force by an Officer" for all 83 Protest Locations.  Defendants object to Interrogatory No. 12 on the grounds

that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "in any manner" and "each Plaintiff" and "each Plaintiff's arrest," which are undefined and unqualified as there is currently only one Plaintiff in this action.   Defendants also object that it assumes facts not established, specifically, that force was used upon Plaintiff.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Detective Nelson Nin and Detective Fred Dorch placed flex-cuffs on Plaintiff.

**Interrogatory No. 13**:

Identify each person who decided, or participated in deciding, whether each Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

**Response**:

Defendants object to Interrogatory No. 13 on the grounds that it is duplicative of the Sierra-Wood Plaintiffs' First Set of Supplemental Discovery Request Nos. 1 and 2, served in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each Plaintiff" and "processed for release," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants also object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying the individuals who processed third-parties vastly outweighs any potential benefit to Plaintiff in this matter.

**Interrogatory No. 14**:

Identify each person who has Personal Knowledge related to each Plaintiff's detention from arrest to release with a Desk Appearance Ticket, C-Summons, or after arraignment, including, but not limited to, each step of Plaintiff's arrest processing.

**Response**:

Defendants object to Interrogatory No. 14 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each Plaintiff's detention" and "each step," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants also object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each person who has Personal Knowledge related to each Plaintiff's detention" vastly outweighs any potential benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, see DEF000001 – DEF000003 and DEF000013.

**Interrogatory No. 15**:

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.

**Response**:

Defendants object to Interrogatory No. 15 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory on the grounds that it is

vague and ambiguous as to what is meant by the terms "each NYPD agent," which are undefined and unqualified.   Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident" vastly outweighs any potential benefit to Plaintiff.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, see DEF000001 – DEF000003 and DEF000013.

**Interrogatory No. 16**:

For each Individual Defendant who was involved in processing any Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

**Response**:

Defendants object to Interrogatory No. 16 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "any Plaintiff's arrest" and "NYPD agent," which are undefined and unqualified as there is currently only one Plaintiff in this action.  .  Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest" vastly outweighs any potential benefit to Plaintiff in this matter.

Subject to and without waiving any objections and limiting this response to Plaintiff

Shellyne Rodriguez, see DEF000001 – DEF000003 and DEF000013.

**Interrogatory No. 17**:

Identify each NYPD Legal Bureau agent who was present at the location at which each Plaintiff's arrest was processed.

**Response**:

Defendants object to Interrogatory No. 17 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "Legal Bureau agent," which are undefined and unqualified.  Defendants also object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying "each NYPD Legal Bureau agent who was present at the location at which each Plaintiff's arrest was processed" vastly outweighs any potential benefit to Plaintiff in this action.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, Defendants state that based on the objections provided above, they will not be providing any further response to this Request.

**Interrogatory No. 18**:

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with any Plaintiff's arrest processing, identify each such NYPD Legal Bureau.

**Response**:

Defendants object to Interrogatory No. 18 to the extent it is duplicative of Interrogatory Request No. 17.  Defendants further object on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During*

*Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it

is vague and ambiguous as to what is meant by the terms "any Plaintiff" and "each such Legal

Bureau," which are undefined and unqualified.  Defendants also object to this interrogatory to the

extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the

time and expense of identifying "each such NYPD Legal Bureau" vastly outweighs any potential

benefit to Plaintiff in this action.  Defendants further object to this interrogatory as it is not properly

limited in time or scope.

Subject to and without waiving any objections and limiting this response to Plaintiff

Shellyne Rodriguez, Defendants state that based on the objections provided above, they will not

be providing any further response to this Request.

**Interrogatory No. 19**:

Identify each author, and each person who contributed to, the factual narrative in each OLBS
Report, C-Summons, and accusatory instrument created in connection with each Plaintiff's arrest.

**Response**:

Defendants object to Interrogatory No. 19 on the grounds that it seeks information already

known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During*

*Summer 2020*, 20-cv-8924.  Defendants further object to this interrogatory on the grounds that it

is vague and ambiguous as to what is meant by the terms "each author" and "each Plaintiff's

arrest," which are undefined and unqualified.  Defendants further object to this interrogatory to

the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as

the time and expense of identifying "each author, and each person who contributed to, the factual

narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection

with each Plaintiff's arrest" vastly outweighs any potential benefit to Plaintiff in this matter.

Defendants further object to this interrogatory as it is not properly limited in time or scope.

Subject to and without waiving any objections and limiting this response to Plaintiff Shellyne Rodriguez, see DEF000001 – DEF000003.


**Interrogatory No. 20**:

Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.

**Response**:

Defendants object to Interrogatory No. 20 on the grounds that it is duplicative of the Sow Plaintiff's First Supplemental Interrogatory No. 4 and the First Consolidated Set of Interrogatory Nos. 1 and 6, served in *In re New York City Policing During Summer 2020*, 20-cv-8924, which already sought who NYPD arrested at all 83 protest locations.  Defendants further object to this interrogatory on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "third-party arrestee," which are undefined and unqualified.  Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, not sufficiently limited in time and scope, and not proportional to the needs of the case, as the time and expense of identifying "each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing" vastly outweighs any potential benefit to Plaintiff.  Defendants further object insofar as any information is sealed by operation of law and/or pursuant to New York Criminal Procedure Law §§ 160.50.  Defendants further object to this interrogatory as it is not properly limited in time or scope.

**Interrogatory No. 21**:

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

**Response**:

Defendants object to Interrogatory No. 21 to the extent it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924. Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "lawful authority," which are undefined and unqualified. Defendants further object to this interrogatory to the extent it is unduly burdensome, not relevant, and not proportional to the needs of the case, as the time and expense of identifying unrelated legal proceedings vastly outweighs any potential benefit to Plaintiff. Defendants also object to this interrogatory on the grounds that it seeks information, such as the caption, venue, docket number, and complaint of lawsuits against officers that are publicly available, and thus, Plaintiff has equal access to those documents. Defendants further object that it seeks documents that are not relevant insofar as any investigation or lawsuit involves non-party officers.

Subject to and without waiving any objections, Defendants state that based on the objections provided above, they will not be providing any further response to this Request.

**Interrogatory No. 22**:

Identify each person to whom each Individual Defendant has made a statement related to each Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

**Response**:

Defendants object to Interrogatory No. 22 to the extent it seeks information already known

to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants also object to this interrogatory on the grounds that it is vague and ambiguous as to what is meant by the terms "each Plaintiff," which are undefined and unqualified as there is currently only one Plaintiff in this action.  Defendants also object that it assumes facts not established, specifically, that force was used upon Plaintiff.  Defendants further object to the extent this request purports to seek information that may be protected by the attorney client privilege and to the extent this request is not limited in time or scope.

Subject to and without waiving any objections, Defendants refer Plaintiff to Bates Nos DEF000001 to DEF000003.

**Interrogatory No. 23**:

Identify NYPD Members John and Janes Does 82-86, whose roles in the Incident related to Ms. Rodriguez are described in ¶¶ 35-37 and 137-169 of the Complaint.

**Response**:

Defendants object to Interrogatory No. 23 on the grounds that it seeks information already known to the Plaintiff by virtue of Defendants' disclosures in *In re New York City Policing During Summer 2020*, 20-cv-8924.  Defendants further objection to this interrogatory on the grounds that it does not provide sufficient details or descriptions needed to identify a John or Jane Doe and just provides allegations in Plaintiff's Complaint, which are inadequate.  Defendants also object that it assumes facts not established, specifically, that force was used upon Plaintiff.

Subject to and without waiving any objections, Defendants are unable to identify the individuals based solely on the allegations in the Complaint and are unaware of any responsive information at this time other than the NYPD members who have already been disclosed, Nelson Nin, Fred Dorch, Noelle Cunningham, and Donald Sehl.

Dated: November 9, 2023
      New York, New York

                  HON. SYLVIA O. HINDS-RADIX
                  Corporation Counsel of the City of New York

                  /s/ Peter Scutero
                  100 Church Street
                  New York, New York 10007
                  (212) 356-2410
                  pscutero@law.nyc.gov
                  *Counsel for Luis Ramos*