

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Joseph M. Hiraoka, Jr.
Senior Counsel
(212) 356-2413
jhiraoka@law.nyc.gov

August 15, 2024

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

    Re:    *Shellyne Rodriguez v. The City of New York et al.* (21-cv-10815)(PKC)(VF)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and attorney for defendants in the above-referenced matter. Defendants write in opposition to plaintiff's letter dated June 28, 2024 (Docket No. 95), seeking to compel the production of New York City Police Department Internal Affairs Bureau ("IAB") investigation files. For the reasons set forth below, defendants respectfully request that the Court deny plaintiff's motion in its entirety.

    **I.**    **Requiring Defendants to Produce the Requested IAB Files is Unduly Burdensome and Not Proportional to the Needs of this Case**

    Plaintiff points out that discovery in the instant case was coordinated with discovery in the case of *In re New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924 ("Consolidated Cases"). Plaintiff now contends that the City is obligated to provide full and complete copies of IAB files that the City **may** have been ordered to provide in the Consolidated Cases because discovery in this case had been coordinated with the Consolidated Cases.

    However, as plaintiff also points out, "the Consolidated Cases settled without discovery being completed…" (Dkt. No. 95 at 3). Since the Consolidated Cases have settled, the full and complete IAB files that the City may have been ordered to produce in the Consolidated Cases will not be produced. Consequently, since the Consolidated Cases have settled, the discovery in the instant matter is no longer being "coordinated" with the discovery in the Consolidated Cases. Indeed, as plaintiff states "[d]iscovery in this case was **initially** coordinated." Therefore, since the

Consolidated Cases have settled, plaintiff's claim that the "Court should follow Judge Gorenstein's lead and make the City 'just reproduce' this" is baseless. (Dkt. No 95 at 1-2).

Nevertheless, despite the fact that the Consolidated Cases have settled, plaintiff contends that producing full and complete copies of the IAB files is essential to plaintiff's *Monell* claim. However, to provide full and complete copies of every IAB file that was produced in the Consolidated Cases is unduly burdensome and not proportional to the needs of this case.

"Fed. R. Civ. P. 26 permits discovery of information relevant to the claims and defenses and proportionate to the needs of the case." *Gilead Sciences, Inc. v Safe Chain Solutions LLC*, 21-CV-4106, 2024 U.S. Dist. LEXIS 3563 at *28 (E.D.N.Y. Jan. 8, 2024) (citing, Fed. R. Civ. P. 26(b)(1)). "Fed. R. Civ. P. 26 sets forth the parameters for reviewing proportionality, namely the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. (internal quotation marks omitted). "The party seeking discovery must show that it is not engaging in merely a fishing expedition." Id. at *29. Moreover, Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Proportionality is of the utmost importance when it comes to discovery disputes and weighs in favor of denying plaintiff's motion. Within this context, the volume and scale of discovery plaintiff now seeks, violates Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1).

As an initial matter, plaintiff has already received portions of the IAB files pertaining to the 2020 protests. However, now, for defendants to produce full and complete copies of those approximately over 70 IAB files that were previously produced would involve reviewing and redacting, for each of those over 70 files, hundreds if not thousands of pages of documents as well as numerous body-worn camera footage video recordings, other video recordings and audio recordings in order to ensure the privacy and security interests of the parties, non-parties and police officers. As plaintiff herself acknowledges, this would be a "very big task."

Whereas before the Consolidated Cases were resolved, the discovery plaintiff seeks here may already have been collected, reviewed, redacted and produced in the Consolidated Cases anyway, now, that is no longer the case. Thus, the circumstances have materially changed and defendants respectfully submit that the Court's analysis must focus on this particular case.

This case involves a single plaintiff who has alleged relatively minor injuries and lacks the significant issues and amount in controversy that would warrant the enormous discovery-undertaking plaintiff requests. Plaintiff has also failed to sufficiently explain how or why these particular documents are necessary to establish her *Monell* claim, let alone so essential as to justify the immense burden required to produce them. Thus, plaintiff's motion, which appears to be largely focused on re-litigating issues from now resolved cases, should be denied.

Alternatively, in the interest of providing plaintiff with sufficient information regarding the allegations, investigative findings and conclusions of the pertinent IAB investigations whilst at the

same avoiding the unduly burdensome nature of plaintiff's overbroad request, Defendants respectfully propose providing the closing reports for the IAB files that have been previously provided, which should contain the information needed to continue to prosecute this matter. Should plaintiff believe that more information and/or documentation is needed with respect to any particular investigation, the parties can meet and confer and, if necessary, raise any disputes with the Court.

## II.  In the Alternative, The Court Should Bifurcate *Monell* Discovery in this Case

Should the Court believe that the discovery plaintiff seeks is warranted, defendants respectfully request that the Court bifurcate *Monell* discovery in order to promote a quick, efficient, and streamlined process to the case that will conserve judicial resources as well as the parties' resources. Indeed, "[c]ourts in this circuit favor bifurcating *Monell* claims." *Mineo v. City of New York*, No. 09-CV-2261, 2013 U.S. LEXIS Dist. 46953 *4 (E.D.N.Y. Mar. 29, 2013). Additionally, bifurcation would also assist in keeping discovery within the parameters of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(b)(1).

A valid *Monell* claim requires an underlying constitutional violation, and without one, "there can be no municipal liability under *Monell*." *Sims v. City of New York*, No. 15-CV-2485, 2018 U.S. Dist. LEXIS 212966 at *11 (S.D.N.Y. Dec. 17, 2018) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, the optimal path forward favors bifurcation, as it could render any requirement for *Monell* discovery moot. As the Second Circuit noted in *Amato v. City of Saratoga Springs*, 170 F.3d 311, 320 (2d Cir. 1999):

> Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a policy and custom on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred.

(alteration added) (citation and internal quotation marks omitted).

Bifurcation of *Monell* discovery is appropriate because it would allow for the resolution of the factual issues of this case that could negate any need for further *Monell* discovery, and thus greatly benefit the interests of judicial economy.

Accordingly, the most efficient approach is to bifurcate or stay *Monell* discovery until the resolution of the underlying question of whether a constitutional violation occurred, which is the preferred approach in the Second Circuit. *See Brown v. City of New York*, 13-CV-6912 (TPG) 2016 U.S. Dist. LEXIS 18670 at *4 (S.D.N.Y. Feb. 16, 2016) ("Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo*

*v. City of New York*, 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating *Monell* claims.") (citations omitted).

### III. Conclusion

For the foregoing reasons, defendants respectfully request plaintiff's motion be denied in its entirety.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.* /s

Senior Counsel
Special Federal Litigation Division

cc:   **VIA ECF**
      All Counsel of Record