

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Joseph M. Hiraoka, Jr.**
Senior Counsel
(212) 356-2413
jhiraoka@law.nyc.gov

August 15, 2024

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

    Re:    *Shellyne Rodriguez v. The City of New York et al.* (21-cv-10815)(PKC)(VF)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and attorney for defendants in the above-referenced matter. Defendants write in opposition to plaintiff's letter dated July 25, 2024 (Docket No. 98), seeking to remove confidentiality designations from the text messages of Captain Julio Delgado. For the reasons set forth below, defendants respectfully request the Court deny plaintiff's motion in its entirety.

    **I.**    **Captain Delgado's Text Messages are Irrelevant to the Plaintiff's Claims**

    Plaintiff has not presented any evidence as to why removing the confidential designations from Captain Delgado's text messages is necessary or warranted. While Captain Delgado was a named defendant in the Consolidated Cases of *Sierra, et. al. v. City of New York, et. al.*, 20-CV-10291 (CM)(GWG) and *Wood v. De Blasio, et. al.*, 20-CV-10541 (CM)(GWG), he is not a named defendant in the instant matter. Captain Delgado was not involved in plaintiff's arrest or the alleged incident, and his conduct has no bearing on plaintiff's allegations.

    Due to the fact that Captain Delgado had no involvement with plaintiff's arrest, his text messages are irrelevant, especially his text messages that were not generated on the date of the subject incident of June 4, 2020. Indeed, had the discovery in the instant matter not been coordinated with the Consolidated Cases, Captain Delgado's text messages would not have been properly discoverable in this matter. In other words, these text messages were produced solely because they were relevant to other cases, not this one, and plaintiff only has them because discovery happened to be coordinated.

    Moreover, plaintiff is clearly in possession of the documents at issue and can freely rely on them to support her claims if she so desires. Importantly, plaintiff has not explained why the

confidential designations for Captain Delgado's text messages should be removed, and she has also offered no explanation as to why these text messages need to be made public.

Furthermore, plaintiff's reliance on *Schiller v. City of New York*, 2007 U.S. Dist. LEXIS 4285 (S.D.N.Y. Jan. 19, 2007) to contend that embarrassment is not a valid reason to keep records confidential unless "specific, serious harm" is shown is misplaced and inaccurate. Rather, in *Schiller*, the court stated that embarrassment would be a sufficient reason to keep records confidential if the embarrassment could be "particularly serious." *Schiller* at *48-49.

The embarrassment and harassment that could result from having Captain Delgado's name and text messages made public could very easily lead to endangering his safety.

Accordingly, defendants respectfully submit that removing the confidential designations serves no purpose other than to publicly embarrass or harass Captain Delgado. Therefore, defendants submit that to prevent any undue embarrassment or harassment of Captain Delgado, the confidential designation should remain intact.

## II.   Plaintiff's Motion for Attorney Fees Should be Denied

Whether a party is substantially justified in resisting discovery is determined by an objective standard of reasonableness. *Underdog Trucking, LLC v. Verizon Services Corp.*, 273 F.R.D. 372 (S.D.N.Y. 2011). Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. Id., *see also Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78 (S.D.N.Y. 2006).

In the instant case, the parties have opposing views as to whether the confidential designation of Captain Delgado's text messages should be removed. As explained above, defendants maintain that the fact that Captain Delgado is not a named defendant in the instant matter, that his conduct has no bearing on plaintiff's allegations, and that removing the confidential designation from his text messages would serve no purpose other than to attempt to embarrass him and possibly endanger his safety are substantive reasons to support their position Therefore, defendants respectfully submit that even should the Court grant plaintiff's motion, an award of attorney's fees is not warranted.

## III.   Conclusion

For the foregoing reasons, defendants respectfully request plaintiff's motion be denied in its entirety.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Joseph M. Hiraoka, Jr.* /s

Senior Counsel
Special Federal Litigation Division

2

cc: **VIA ECF**
All Counsel of Record