UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHELLYNE RODRIGUEZ,

                              Plaintiff,

            -against-

CITY OF NEW YORK et al,

                             Defendants.
------------------------------------------------------------------X

21-CV-10815 (PKC)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/2024

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      On July 25, 2024, Plaintiff submitted a letter, seeking permission to file under seal a motion to remove confidentiality designations from certain materials. See ECF No. 98. Because the Protective Order in this case required Plaintiff to first seek permission from the Court before a document could be filed under seal on the docket, Plaintiff submitted her letter motion (which sought to remove confidentiality designations from certain materials) to the Court via e-mail on July 25, 2024. The City filed an opposition to Plaintiff's letter motion at ECF No. 104. The Protective Order allows a party who disagrees with a confidentiality designation to raise the matter with the Court. See ECF No. 21 at ¶ 7.

      Plaintiff seeks to remove confidentiality designations made by the City to certain text messages sent to and from NYPD Captain Delgado, who was in charge at various stages of the protect at Mott Haven in 2020. Under the Protective Order in this case, material cannot be designated confidential if it relates to the incidents underlying the allegations in the complaint or can be obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL"). See ECF No. 21 at ¶ 2. Plaintiff argues that the text messages are both publicly available through a FOIL request and relate to the core facts of this case because the text messages address the planning by NYPD officers leading up to the June 4

protest where Plaintiff was arrested. The City has made no argument to the contrary. The City instead argues that the text messages are irrelevant and their disclosure could cause embarrassment and/or harassment to Captain Delgado.

As to the relevance argument, although Captain Delgado is not a named defendant, Plaintiff has asserted a <u>Monell</u> claim. Additionally, Captain Delgado was a high-ranking NYPD officer who was, at various times on June 4, in charge of the protest at Mott Haven which is at the core of Plaintiff's claims here. Captain Delgado was also in charge of the Strategic Response Group at the protest. Moreover, the City makes a conclusory allegation of potential harm from disclosure of the text messages but such a blanket assertion is insufficient to demonstrate that any potential embarrassment from disclosure of the material could be "particularly serious." <u>Schiller v. City of New York</u>, 2007 WL 136149, at *15 (S.D.N.Y. Jan. 19, 2007). The City has made now showing that serious harm will result from disclosure of the text messages. Accordingly, Plaintiff's request to remove the confidentiality designations is **GRANTED**.

The Clerk of Court is directed to terminate the letter motion at ECF No. 98. Plaintiff is directed to file her letter motion, which she submitted to the Court on July 25, 2024 via e-mail, on the docket. Plaintiff's request for attorney's fees pursuant to Federal Rule of Civil Procedure 37 is **DENIED** as the City's position was substantially justified.

**SO ORDERED.**

DATED:   August 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge