

July 25, 2024

Hon. Valerie Figueredo, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re:   **Rodriguez et al v. City of New York, et. al.**, 21-cv-10815 (PKC)

Dear Judge Figueredo:

      As the Court may recall, I am co-counsel for Plaintiff in the case above. I write[1] under the Confidentiality Order in this case (ECF No. 21), the one incorporated from the Consolidated Cases through the Coordination Order (ECF No. 14), and under Local Rule 37.2.[2] As set out below, this application seeks to remove confidentiality designations for text messages to and from the NYPD Captain who lead the enforcement action leading Plaintiff's arrest and injuries, where he talked about "HAV[ING] FUN" and "kicking [protesters'] ass[es]."[3] The Court should also award mandatory fees under Rule 37, because Defendants' position cannot be substantially justified.

      **Background**. As the Court knows, discovery in this case was initially coordinated (but not formally consolidated) with discovery in *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 ("Consolidated Cases" or *Summer 2020*). *See* ECF No. 14. As part of the order coordinating discovery, the Court directed that "defendants shall produce all documents produced to plaintiffs in *Summer 2020*, subject to the same confidentiality designations in *Summer 2020*." ECF No. 14 ¶ 3. The Court then clarified that order by saying, given that Plaintiff's counsel already had all discovery, rather that the City having to re-disclose anything, everything was simply "deemed produced in this action, subject to a similarly worded protective order." ECF No. 17 at 1. The upside is that all documents produced in the consolidated cases have been deemed produced here, subject to the confidentiality orders in both cases.

      The confidentiality orders are, for the purposes of this application, substantively identical.

---

[1] Plaintiff is filing this letter under seal as required by ECF No. 21 ¶¶ 7 and 8, but cannot provide a basis for sealing, because there is none besides the fact of the designation.

[2] As required by the Court's Rules: (1) the parties conferred by phone on July 12, 2024, (2) for approximately 10 minutes, (3) between me for Plaintiff and Peter Scutero for Defendants, (4) Defendants' position is that they will not remove any confidentiality designation (with a full description of that position in the body below), and (5) Plaintiff informed Defendants she would move and believed the parties were at an impasse.

[3] Given the potential overlap in issues, and efficiency in handling multiple issues at once, Plaintiff asks that the Court merge the requested conference with the conference scheduled on ECF No. 95 for August 19, 2024 at 2:00 p.m. *See* ECF No. 97. And Defendants have asked for their response to be due the same day (e.g., August 15) as their response to ECF No. 95 (and Plaintiff has no objection).



They both two things.  First, confidentiality is limited to records "the public disclosure of which is either [(1)] restricted by law or [(2)] would likely, in the good faith opinion of the producing person, [(a)] seriously harm the producing person's business, commercial, financial, or personal interests, or [(b)] cause the producing person to violate his, her or its privacy or confidentiality obligations" (with inapplicable listed examples).  ECF No. 21 ¶ 2; accord Summer 2020, ECF No. 115 ¶ 2 (same).  Second, Records cannot be designated confidential when (1) they "relate to the incident(s) underlying the Complaints in the Actions"; or (2) they "can be obtained by the parties pursuant to New York Freedom of Information Law ('FOIL'), or are otherwise publicly available" (ECF No. 21 ¶ 2; Summer 2020, ECF No. 115 ¶ 2).  Put otherwise, confidentiality designations should be used narrowly, and categorically cannot apply to documents available under FOIL.  However, in the Consolidated Cases, the City used confidentiality aggressively, including — as relevant here — designating virtually every document produced pursuant to pre-deposition protocols as confidential, regardless of their contents.

At issue in this motion are a series of text messages (the "Documents") sent to and from one high ranking member of the NYPD (SRG Captain Julio Delgado) who was in charge at various stages of the protest at Mott Haven at issue in this case, and was in charge of the Strategic Response Group (or SRG) at the protest.  The full collection — with highlights for the crucial information — is attached as **Exhibit 1**.  The Documents include exchanges where Delgado says, "Will do" to a subordinate saying "Kick their [e.g., protesters] ass tonight Capt!!" and "another opens the "text thread for tonight's deployment" by saying "LETS HAVE FUN."  Those messages were sent on June 4 between 7:00 and 7:45[4] —*just* before the SRG surrounded, trapped, kettled, and brutally assaulted protesters.  And the attitude — "HAVE FUN" and "Kick their ass tonight Capt!!" — was clearly reflected in the brutal assault on protesters, including Plaintiff, that followed.

At the initial conferral,[5] Defendants had not even considered whether the documents were available under FOIL or what part of ¶ 2 applied.  They agreed to provide a position by July 24, but failed to do so as promised.  Defendants have also failed to provide a date to meet and confer on that failure — but since the application is ripe (Plaintiff already declared impasse), and all that was missing was a baseline colorable explanation for the City's intransigence, this motion follows.

**Discussion.**  Under the Confidentiality Orders, a party who "objects to the designation of any Confidential materials as confidential" should first raise the issue in writing.  ECF No. 21 ¶ 7; *Summer 2020*, ECF No. 115 ¶ 7.  Plaintiff did so on July 8, 2024.  From there, the party must make a timely motion — which this is — within 45 days.

---

[4] The other texts are from a protest the day before, and their relevance is that this was part and parcel of how the NYPD policed similar protests — that is, the City cannot argue this attitude was a one off issue, since it shows up throughout the protests in early June.

[5] In conferring, Defendants sole explanation was that the Documents should be confidential because they were "embarrassing."  And it is indeed embarrassing for the City that an NYPD Captain was giddy about "kick[ing] ass" at a protest that ultimately resulted in serious injuries, involved officers wildly swinging batons at peoples' heads, provoked international condemnation, and has cost the City some $10 million and running. *See, e.g.,* Aaron Katersky, *New York City to pay record settlement for 'kettling' George Floyd protesters*, ABC NEWS (Mar. 1, 2023). But as discussed below, that kind of embarrassment is irrelevant to the legal standard.

COHEN&GREEN                                                                                                          Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



      **First, the Documents are frivolously designated under the plain language of the Confidentiality Orders.**  The plain language of the Confidentiality Orders say documents "***shall not*** be designated … to the extent that they relate to the incident(s) underlying the Complaints in the Actions." ECF No. 21 ¶ 2 (emphasis added); *Summer 2020*, ECF No. 115 ¶ 2.  That language is mirrors the ultimate sealing it implements standard:  Documents about the core facts underlying the events at issue would all but never merit sealing in a case like this, so a party should not designate it.  *See generally, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  On their face, the Documents are planning "for tonight['s] deployment" where Plaintiff was assaulted and arrested. Ex. 1 at 3.  And the discussion involves what Delgado would and did direct his subordinates to do at that protest. *Id.* at 2, *see also,* n. 8 below.  Thus, the plain language of the Confidentiality Order forbids designation, using a mandatory "shall."  And Defendants have offered no argument at all on how that language would not apply.

      Plus, none of the categories permitted by the Confidentiality Orders apply here.[6]  All Defendants claim is generalized "embarrassment."  But Courts have specifically rejected this exact argument about NYPD documents:  An argument that documents "would cause embarrassment and mislead the public if publicized. … does not justify a protective order," because there must be a showing of specific, serious harm.  *Schiller v City of NY*, 2007 US Dist LEXIS 4285, at *48-49 (SDNY Jan. 19, 2007) (cleaned up, emphasis added).  Just so here too.  And given the clarity of *Schiller* (and the Order itself), Defendants' position here cannot be substantially justified, so fees are required.

      **Second, the Documents are available under FOIL.**  Thus, their designation is improper for another reason.  New York's FOIL provides for reasonably prompt access to "[a]ll government records," which are "presumptively open for public inspection and copying," unless they fall within a specific, enumerated exemption to the law.  *In Re Gould v. N.Y.P.D.*, 89 N.Y.2d 267, 275 (1996); *see also* FOIL §§ 84, 87(2), 89(3)(a).[7]  The Documents are government records (texts sent on department issued phones).  And the City has failed to identify any exemption applicable to the Documents.[8]

---

[6] As for the other provisions, Defendants do not and cannot assert that (1) "the public disclosure of" the Documents is "restricted by law." ECF No. 21 ¶ 2; *Summer 2020*, ECF No. 115 ¶ 2.  They do not claim there is "business, commercial, or financial" harm at stake.  *Id.*  And they do not claim is no argument any violation of "privacy or confidentiality obligations."  *Id.*

[7] An agency may only withhold records or portions thereto if the withheld material falls within the scope of a specific statutory exemption under FOIL § 87(2). To ensure maximum access to government documents, the exemptions are to be narrowly construed, and the agency bears the burden of showing the material qualifies.  *Gould*, 89 N.Y.2d at 275; see also *Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 (1986) ("*CNDHC*").  Further, "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government," and fail to meet the burden necessary to withhold such records. *Gould*, 89 N.Y.2d at 275.

[8] Even if the City had identified some exemption, any document withheld under an exemption must be redacted and have purely factual matter disclosed anyway — which is what the core of the Documents are.  *See, e.g., Gould*, 89 NY2d at 276; *NYCLU v. Syracuse*, 210 AD3d at 1404, 1407 (4th Dept. 2022).  That is, for example, Captain Delgado told officers to have fun, and they confirmed out loud that the brutalization of protesters at Mott Haven *was* fun for them.  *See* Consolidated Cases NYPD_N_00001174 at 8:37 (two officers at Mott Haven, in earshot of many command level officers, trading the exchange: "That was fun!"/"I know, right?"), available here.

COHEN&GREEN      Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As ever, we thank the Court for its time and attention.

                                                      Respectfully submitted,

                                                          /s/
                                                    _____

J. Remy Green
    *Honorific / Pronouns: Mx. / they, their, them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com